UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RESHMA ABELL,**<br><br>    *Plaintiffs*,<br><br>    v.<br><br>**PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GELNN REISER, JOYCE DAVIS and MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.,**<br>    *Defendants*. | Civil Action No. 18-16509<br><br>ORDER |

This matter having come before the Court on Defendant Pacira Pharmaceuticals, Inc.'s ("Pacira") and Dave Stack's, Rick Kahr's, Peter Murphy's, Dennis McLoughlin's, Paul Ciavolella's, Glenn Reiser's, Joyce Davis's, and Matt Lehmann's (collectively, "Individual Defendants" and with Pacira, "Defendants"), Motion to Dismiss,[1] ECF No. 26;

and it appearing that Plaintiff Reshma Abell ("Abell" or "Plaintiff") opposes the motion, ECF No. 32;

---

[1] In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the nonmoving party. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The facts alleged must be "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

1

and it appearing that Plaintiff has alleged federal jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332;[2]

and it appearing that Plaintiff alleges discrimination on the basis of sex (Count 1), a hostile work environment (Count 2), and retaliation (Count 3), all in violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1 et seq., and one count of retaliatory discharge in violation of the New Jersey Conscientious Employee Protection Act ("NJCEPA"), N.J.S.A. § 34:19-1 et seq., (Count 4), both against Pacira and the Individual Defendants;[3]

and it appearing that Defendants seek to dismiss Count 1 (sex discrimination) on the grounds that Plaintiff admits that she was dismissed for a legitimate non-discriminatory reason, for "viewing sexually explicit material at a work conference," Def. Mem. at 13, ECF No. 26.1;

and it appearing that to withstand a motion to dismiss under the LAD, a plaintiff must allege sufficient factual allegations to support the prima facie elements of the claim, Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016); Schurr v. Resorts Int'l Hotel, Inc., 196 F.3d 486, 498 (3d Cir. 1999);

and it appearing that to state a prima facie case of sex discrimination under the LAD, "a plaintiff must first establish that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination," Tourtellotte v. Eli Lilly & Co., 636 F. App'x 831, 842 (3d Cir. 2016);

---

[2] While Plaintiff has pled her citizenship and that of Pacira, she has not pled the citizenship of the Individual Defendants. She is directed to advise the Court of such citizenship by letter within 14 days.

[3] Plaintiff has dismissed Count 5, which alleges violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act. Pl. Mem. at 2 n. 1, ECF No. 32.

and it appearing that to state a claim for a hostile work environment under the LAD, "a plaintiff must show: (1) she suffered discrimination based on a protected class (e.g., gender); (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person in like circumstances," Reynolds v. Jersey City Dep't of Pub. Works, 2019 WL 117976, at *5 (D.N.J. Jan. 4, 2019);

and it appearing that in her Complaint, Plaintiff does not allege that she was terminated for viewing sexually explicit materials at a work conference;

and it appearing that Plaintiff has sufficiently alleged sex discrimination in Count 1 against Pacira insofar as she alleged that she belongs to a protected class (female), Compl. ¶ 1, that she was qualified for her position, id. ¶¶ 14-17, that she suffered an adverse employment action, (she was terminated), id. ¶¶ 64-65, and that the adverse action occurred under circumstances that could give rise to an inference of intentional discrimination, particularly the events surrounding the National Sales Meeting as described in her Complaint, id. ¶¶ 37-56;

and it appearing that Plaintiff has sufficiently alleged a hostile work environment against Pacira, insofar as she alleged that she suffered discrimination based on her gender, that the discrimination was severe and pervasive, in that she would hear sexually demeaning commentary in a "typical workday," id. ¶ 19, and that she "was regularly the recipient of sexually charged jokes, commentary and innuendo," id. ¶ 22, and that the discrimination detrimentally affected her as she was terminated on the basis of her gender, id. ¶¶ 64-65;

and it appearing that the Individual Defendants seek dismissal of the claims asserted against them in Counts 1 through 4;

and it appearing that to state a prima facie case of discrimination against individual defendants under the LAD, a plaintiff must plead sufficient facts to support that "'(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must

3

be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation,'" Tarr v. Ciasulli, 181 N.J. 70, 84, (2004) (quoting Hurley v. Atl. City Police Dep't, 174 F.3d 95, 127 (3d Cir. 1999));[4]

and it appearing that the same standard applies to determine individual liability in a hostile work environment claim, Reynolds, 2019 WL 117976, at *5;

and it appearing that under the LAD, "a harassing supervisor [may] be [held] individually liable for aiding and abetting the actionable conduct of his employer, when the challenged conduct is failing to stop the supervisor's own harassment," Hurley, 174 F.3d at 126;

and it appearing that Plaintiff has stated a claim under the LAD against Individual Defendants Kahr, Murphy, and Reiser, because she has alleged that each of these defendants was her supervisor, each was aware of their role in Pacira's cursory investigation into an altercation between Plaintiff and a male employee at the National Sales Meeting, and that each substantially assisted the principal violation by actually participating in it;

and it appearing that because Plaintiff has not alleged that Stack, McLaughlin, Ciavolella, Davis or Lehmann had any involvement in discriminating against Plaintiff on the basis of her sex, her claims under Count 1 as to these defendants are dismissed, without prejudice;

and it appearing that Plaintiff has not sufficiently alleged that any of the Individual Defendants aided and abetted the alleged hostile work environment and the claims against them in Count 2 are therefore dismissed, without prejudice;

---

[4] Courts assess five factors in determining whether an employee "substantially assisted" a violation of the LAD: "(1) the nature of the act encouraged, (2) the amount of assistance given by the supervisor, (3) whether the supervisor was present at the time of the asserted harassment, (4) the supervisor's relations to the others, and (5) the state of mind of the supervisor." Tarr, 181 N.J. at 84 (quoting Restatement (Second) of Torts § 876(b) comment d).

and it appearing that Defendants next argue that Plaintiff has failed to state a claim for retaliation under the LAD against the Individual Defendants, Def. Mem. at 22;[5]

and it appearing that to "establish a prima facie case of discriminatory retaliation, plaintiffs must demonstrate that: (1) they engaged in a protected activity known by the employer; (2) *thereafter* their employer unlawfully retaliated against them; and (3) their participation in the protected activity caused the retaliation," Longo v. Purdue Pharma, L.P., 2014 WL 2800817, at *2 (D.N.J. June 19, 2014) (quoting Craig v. Suburban Cablevision, Inc., 140 N.J. 623, 629–30 (1995));

and it appearing that Plaintiff has alleged that she protested her exclusion from an event at the National Sales Meeting on account of her sex, Compl. ¶¶ 43-45, that other witnesses to that incident reported it to Reiser, id. ¶¶ 48-49, and that Reiser, Murphy and Kahr investigated the incident, id. ¶¶ 50, 55-56, and that Murphy and Kahr later called Plaintiff to inform her that not only would no action be taken against other Pacira employees arising from the National Sales Meeting, id., but that Plaintiff would be terminated, and thus she has stated a claim for retaliation in violation of the LAD against Pacira, and has further stated a claim for individual liability as against Reiser, Murphy and Kahr, as she has alleged that these individuals assisted the primary violation, were aware of their role in doing so, and knowingly and substantially assisted the violation by participating in it;

and it appearing that because Plaintiff has not alleged any facts that McLaughlin, Ciavolella, Davis or Lehmannn substantially participated in her termination in any way, she has failed to allege a claim for retaliation against them;

---

[5] Defendants do not independently seek dismissal of the LAD retaliation claim against Pacira beyond their argument that Plaintiff's Complaint pled that she was terminated for a legitimate non-discriminatory reason, which the Court has already rejected, supra.

5

and it appearing that although Plaintiff has alleged that Stack was a member of the executive team that approved Plaintiff's termination, Plaintiff has not alleged that Stack was aware of his role in the retaliatory conduct and therefore Count 3 is also dismissed as to him;

and it appearing that the Individual Defendants seek dismissal of Count 4 because Plaintiff failed to allege that they participated in an adverse employment action, Def. Mem. at 24-27;

and it appearing that to state a claim under NJCEPA, a plaintiff must allege (1) that she reasonably believed that her employer was violating either a law, rule or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) that she performed a whistle blowing activity; (3) that an adverse employment action was taken against the plaintiff; (4) and that a causal connection exists between the whistle blowing activity and the adverse employment action, Tonkinson v. Byrd, 2018 WL 1919829, at *4 (D.N.J. Apr. 24, 2018);

and it appearing that to state a claim for individual liability under NJCEPA, a Plaintiff must plead that defendants were individually involved in the conduct amounting to a violation, Michel v. Mainland Reg'l Sch. Dist., 2009 WL 2391293, at *3 (D.N.J. July 30, 2009), but at the pleading stage a plaintiff may allege that a group of defendants were involved in a decision to terminate the plaintiff, and that discovery will determine how each defendant was involved, Tonkinson, 2018 WL 1919829, at *4;

and it appearing that Plaintiff has alleged that she reasonably believed her employer was violating regulations governing revenue sharing between sales and medical employees, Compl. ¶¶ 73-79, revenue recognition rules, id. ¶¶ 67-72, and securities laws, id. ¶¶ 81-83, that she reported these violations, id. ¶¶ 84-85, and that she was terminated following her reports, id. ¶¶ 64-65, she has stated a claim under NJCEPA against Pacira;

6

and it appearing that Plaintiff has alleged she reported various allegedly unlawful conduct to Murphy, Reiser, McLoughlin, and Ciavolella prior to her termination, and therefore, at this stage, has stated a claim against them individually for violations of NJCEPA;[6]

and it appearing that while Plaintiff has further alleged that the final decision to terminate her employment was made by the "executive team," id. ¶ 64, there is no allegation that Stack was involved in the decision to terminate her, and Plaintiff therefore has not plausibly alleged that he is individually liable under NJCEPA;

and it appearing that Plaintiff's only allegations regarding Davis and Lehman are that they reported to Stack, id. ¶¶ 8-9, and that Davis was allegedly involved in unlawful conduct that Plaintiff reported, id. ¶ 68, but because she has not alleged that they were in any way involved in her termination, she has failed to state a claim under NJCEPA against these defendants;

IT IS on this 31st day of July, 2019,

**ORDERED** that, Defendants Motion to Dismiss is **DENIED** on all counts as against Pacira, but is **GRANTED** as to Count 1 against Stack, McLaughlin, Ciavolella, Davis and Lehmann, and further **GRANTED** as to Count 2 against all Individual Defendants, and further

---

[6] The text of NJCEPA precludes Plaintiff from asserting both an NJCEPA claim and a LAD retaliation claim, if the two claims "require[] the same proofs." Estate of Oliva ex rel. McHugh v. New Jersey, 604 F.3d 788, 803 (3d Cir. 2010); see also N.J.S.A. § 34:19-8. This provision does not prevent Plaintiff from asserting both LAD retaliation claims and NJCEPA claims here because she pleads the two differently: her LAD retaliation claim is based on her reporting of the discriminatory treatment at the National Sales Meeting, while her NJCEPA claim is based on her numerous other reports of potentially unlawful business practices. Compare Compl. ¶¶ 104-08 (LAD retaliation claim based on reporting of discriminatory treatment at National Sales Meeting) with id. ¶¶ 110-15 (NJCEPA claim based on Plaintiff's reporting of various other alleged business irregularities).

**GRANTED** as to Count 3 against Stack, McLaughlin, Ciavolella, Davis and Lehmann, and further

**GRANTED** as to Count 4 against Stack, Davis and Lehmann.

                                                               /s/ *Madeline Cox Arleo*
                                                               **Hon. Madeline Cox Arleo**
                                                               **UNITED STATES DISTRICT JUDGE**