James J. Panzini, Esq. (Bar ID: 022101990)
Pooja Bhutani (Bar ID: 169592016)
**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
East Tower, Suite 101
Tinton Falls, New Jersey 07724
T: 732-532-6148
F: 732-842-0301
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RESHMA ABELL,<br><br>Plaintiff,<br><br>v.<br><br>PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, and MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No.<br>18-cv-16509 (MCA) (LDW)<br><br>**ANSWER AND DEFENSES** |

The remaining Defendants, PACIRA PHARMACEUTICALS, INC. ("Pacira"), RICHARD KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, and GLENN REISER (collectively as, "Defendants"), by and through their attorneys, Jackson Lewis P.C., for its Answer to the Complaint and Jury Demand filed by Plaintiff RESHMA ABELL ("Plaintiff"), state as follows:

## NATURE OF THIS ACTION

Plaintiff did not number the paragraph addressing the "Nature of this Action." Nevertheless, Defendants deny any implication of wrongdoing asserted in this paragraph and admit that Plaintiff purports to proceed as set forth herein.

## JURISDICTION

Plaintiff did not number the paragraph addressing the "Jurisdiction."  Nevertheless, Defendants admit that Plaintiff purports to proceed as set forth herein.

## VENUE

Plaintiff did not number the paragraph addressing the "Venue."  Nevertheless, Defendants admit that Plaintiff purports to proceed as set forth herein.

## PARTIES

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Admit the allegations contained in paragraph 2 of the Complaint.

3.      No response is required in response to paragraph 3 of the Complaint because Stack is no longer a Defendant in this action.  If a response is deemed required, Defendants admit that Stack held and holds the job title asserted in paragraph 3 of the Complaint and deny the remainder of the allegations contained in this paragraph.

4.      Admit that Kahr held and holds the job title asserted in paragraph 4 of the Complaint and deny the remainder of the allegations contained in this paragraph.

5.      Admit that McLouglin held and holds the job title asserted in paragraph 5 of the Complaint and deny the remainder of the allegations contained in this paragraph.

6.     Admit that Ciavolella held and holds the job title asserted in paragraph 6 of the Complaint and deny the remainder of the allegations contained in this paragraph.

7.     Admit that Reiser held and holds the job title asserted in paragraph 7 of the Complaint and deny the remainder of the allegations contained in this paragraph.

8.     No response is required in response to paragraph 8 of the Complaint because Davis is no longer a Defendant in this action.  If a response is deemed required, Defendants admit that David held and holds the job title asserted in paragraph 8 of the Complaint and deny the remainder of the allegations contained in this paragraph.

9.     No response is required in response to paragraph 9 of the Complaint because Davis is no longer a Defendant in this action.  If a response is deemed required, Defendants admit that Davis held and holds the job title asserted in paragraph 9 of the Complaint and deny the remainder of the allegations contained in this paragraph.

## FACTUAL BACKGROUND

### Abell's Employment at Pacira Pharmaceuticals, Inc.

10.     Admit the allegations contained in paragraph 10 of the Complaint.

11.     Admit the allegations contained in paragraph 11 of the Complaint.

12.     Admit the allegations contained in paragraph 12 of the Complaint.

13.     Deny the allegations contained in paragraph 13 of the Complaint.

14.     Deny the allegations contained in paragraph 14 of the Complaint.

15.     Deny the allegations contained in paragraph 15 of the Complaint.

16.     Deny the allegations contained in paragraph 16 of the Complaint.

17.     Deny the allegations contained in paragraph 17 of the Complaint.

**A Pervasive Culture of Sexual Discrimination in a Male-Dominated Office**

18.     Deny the allegations contained in paragraph 18 of the Complaint.

19.     Deny the allegations contained in paragraph 19 of the Complaint.

20.     Deny the allegations contained in paragraph 20 of the Complaint.

21.     Deny the allegations contained in paragraph 21 of the Complaint.

22.     Deny the allegations contained in paragraph 22 of the Complaint.

**Abell is Promised a Promotion, and is Summarily Terminated Instead**

23.     Admit the allegations contained in paragraph 23 of the Complaint.

24.     Admit the allegations contained in paragraph 24 of the Complaint that Plaintiff presented a pilot program but deny the allegations contained in this paragraph pertaining to the fact that Plaintiff presented it "successfully."

25.     Deny the allegations contained in paragraph 25 of the Complaint.

26.     Deny the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.     Deny the allegations contained in paragraph 28 of the Complaint.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

30.     Deny the allegations contained in paragraph 30 of the Complaint.

31.     Deny the allegations contained in paragraph 31 of the Complaint.

32.     Deny the allegations contained in paragraph 32 of the Complaint.

33.     Deny the allegations contained in paragraph 33 of the Complaint.

34.     Deny the allegations contained in paragraph 34 of the Complaint.

35.     Deny the allegations contained in paragraph 35 of the Complaint.

36.     Deny the allegations contained in paragraph 36 of the Complaint.

**Abell Opts Out of Optional "Women's Leadership Meeting" and is Excoriated for Attending "Men's" Golf Event Instead**

37.     Admit the allegations contained in paragraph 37 of the Complaint pertaining to the fact that Pacira scheduled a "Women's Leadership Meeting" on February 13, 2018 from 6 pm to 9:30 pm and deny the remainder of the allegations contained in the paragraph.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.     Deny the allegations contained in paragraph 40 of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.     Deny the allegations contained in paragraph 42 of the Complaint.

43.     Deny the allegations contained in paragraph 43 of the Complaint.

44.     Deny the allegations contained in paragraph 44 of the Complaint.

45.     Deny the allegations contained in paragraph 45 of the Complaint.

46.     Admit the allegations contained in paragraph 46 of the Complaint.

47.     Admit the allegations contained in paragraph 47 of the Complaint pertaining to Pacira's Area Director West Vaughn Schouten was present at the Top Golf event and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49.     Deny the allegations contained in paragraph 49 of the Complaint.

50.      Admit the allegations contained in paragraph 50 of the Complaint.

51.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.      Admit the allegations contained in paragraph 53 of the Complaint.

54.      Admit the allegations contained in paragraph 54 of the Complaint.

55.      Deny the allegations contained in paragraph 55 of the Complaint.

56.      Deny the allegations contained in paragraph 56 of the Complaint.

**Abell is Told There is a Completely Unreleated, and Bogue, Employee Investigation into her Behavior at the NSM**

57.      Deny the allegations contained in paragraph 57 of the Complaint.

58.      Admit the allegations contained in paragraph 58 of the Complaint.

59.      Admit the allegations contained in paragraph 59 of the Complaint.

60.      Admit the allegations contained in paragraph 60 of the Complaint.

61.      Deny the allegations contained in paragraph 61 of the Complaint.

62.      Deny the allegations contained in paragraph 62 of the Complaint.

63.      Admit the allegations contained in paragraph 63 of the Complaint.

64.      Deny the allegations contained in paragraph 64 of the Complaint.

65.      Deny the allegations contained in paragraph 65 of the Complaint.

66.      Deny the allegations contained in paragraph 66 of the Complaint.

**Abell Noticed, and Reported Upon, Unlawful Business Irregularities at Pacira**

67.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 pertaining to what Plaintiff "noticed" and deny the

remainder of the allegations contained in this paragraph, including any inference that Pacira engaged in any unlawful or unethical activity.

68.     Deny the allegations contained in paragraph 68 of the Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 pertaining to what Plaintiff "observed" and deny the remainder of the allegations contained in this paragraph, including any inference that Pacira engaged in any unlawful or unethical activity.

70.     Deny the allegations contained in paragraph 70 of the Complaint.

71.     Deny the allegations contained in paragraph 71 of the Complaint.

72.     Deny the allegations contained in paragraph 72 of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 pertaining to what Plaintiff "became aware of" and deny the remainder of the allegations contained in this paragraph, including any inference that Pacira engaged in any unlawful or unethical activity.

74.     Deny the allegations contained in paragraph 74 of the Complaint.

75.     Deny the allegations contained in paragraph 75 of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 pertaining to what Plaintiff "observed" and deny the remainder of the allegations contained in this paragraph, including any inference that Pacira engaged in any unlawful or unethical activity.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 pertaining to what Plaintiff "noticed" and deny the

remainder of the allegations contained in this paragraph, including any inference that Pacira engaged in any unlawful or unethical activity.

78.     Deny the allegations contained in paragraph 78 of the Complaint.

79.     Deny the allegations contained in paragraph 79 of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 pertaining to what Plaintiff "learned" and deny the remainder of the allegations contained in this paragraph, including any inference that Pacira engaged in nepotism or any unlawful or unethical activity.

81.     Deny the allegations contained in paragraph 81 of the Complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 pertaining to what Plaintiff's "understanding is" and deny the remainder of the allegations contained in this paragraph, including the reasons for Scott Braunstein's resignation and any inference that Pacira engaged in any unlawful or unethical activity.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 pertaining to what Plaintiff "noticed" and deny the remainder of the allegations contained in this paragraph.

84.     Deny the allegations contained in paragraph 84 of the Complaint.

85.     Deny the allegations contained in paragraph 85 of the Complaint.

86.     Deny the allegations contained in paragraph 86 of the Complaint.

87.     Admit the allegations contained in paragraph 87 of the Complaint pertaining to Pacira not offering Plaintiff a severance upon her termination.  The remainder of the allegations and what Plaintiff means by "any other benefits or compensation" are unclear and therefore cannot

be responded to.  To the extent a response is deemed required, Defendants deny the remainder of the allegations contained in this paragraph.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 pertaining to what Plaintiff's ability to secure employment after her termination with Pacira and deny the remainder of the allegations contained in this paragraph, including that Pacira terminated Plaintiff "unjustifi[ably]."

89.     Denies the allegations contained in paragraph 89 of the Complaint.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 pertaining to the alleged effects on Plaintiff's reputation and the time frame in which to "rebuild" that reputation or obtain a comparable position at another company and deny the remainder of the allegations contained in this paragraph, including that Pacira terminated Plaintiff "unjustifi[ably]."

**Abell Files a Complaint with the SEC Office of the Whistleblower**

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Sex Discrimination under New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §§ 10:5-1 to 10:5-49)**

93.     Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 92 above with the same force and effect as if though more fully set forth at length herein.

94.     Deny the allegations contained in paragraph 94 of the Complaint.

95.     Deny the allegations contained in paragraph 95 of the Complaint.

96.     Paragraph 96 refers to what a particular statute requires and makes a legal conclusion to which no response is required.  To the extent that response is deemed required, Defendants respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

97.     Deny the allegations contained in paragraph 97 of the Complaint.

WHEREFORE, Defendant requests that judgment be entered dismissing the Complaint and awarding it costs, fees, and disbursements, and such other and further relief as is just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Sexual Harassment Hostile Work Environment under New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §§ 10:5-1 to 10:5-49)

98.     Defendant Pacira repeats and realleges each and every allegation contained in paragraphs 1 through 97 above with the same force and effect as if though more fully set forth at length herein.

99.     Paragraph 99 refers to what a particular statute requires and calls for a legal conclusion to which no response is required.  To the extent that response is deemed required, Defendant Pacira respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and refer all questions of law to the Court.

100.    Paragraph 100 calls for legal conclusions to which no response is required. To the extent that response is deemed required, Defendant Pacira respectfully refers all questions law to the Court.

101.    Defendant Pacira denies the allegations contained in paragraph 101 of the Complaint.

102.     Defendant Pacira denies the allegations contained in paragraph 102 of the Complaint.

WHEREFORE, Defendant Pacira requests that judgment be entered dismissing the Complaint and awarding it costs, fees, and disbursements, and such other and further relief as is just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Retaliation under New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §§ 10:5-1 to 10:5-49)**

103.     Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 102 above with the same force and effect as if though more fully set forth at length herein.

104.     Paragraph 104 refers to what a particular statute requires and calls for a legal conclusion to which no response is required.  To the extent that response is deemed required, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and refer all questions of law to the Court.

105.     Deny the allegations contained in paragraph 105 of the Complaint.

106.     Deny the allegations contained in paragraph 106 of the Complaint.

107.     Deny the allegations contained in paragraph 107 of the Complaint.

108.     Deny the allegations contained in paragraph 108 of the Complaint.

109.     Deny the allegations contained in paragraph 109 of the Complaint.

WHEREFORE, Defendants request that judgment be entered dismissing the Complaint and awarding it costs, fees, and disbursements, and such other and further relief as is just and proper.

## <u>AS AND FOR A FOURTH CAUSE OF ACTION</u>
**(NJ Conscientious Employee Protection Act ("NJCEPA"), N.J.S.A. §§ 34:19-1 to 34:19-8)**

110.    Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 109 above with the same force and effect as if though more fully set forth at length herein.

111.    Paragraph 111 refers to what a particular statute requires and calls for a legal conclusion to which no response is required.  To the extent that response is deemed required, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and refer all questions of law to the Court.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint.

113.    Deny the allegations contained in paragraph 113 of the Complaint.

114.    Deny the allegations contained in paragraph 114 of the Complaint.

115.    Deny the allegations contained in paragraph 115 of the Complaint.

116.    Deny the allegations contained in paragraph 116 of the Complaint.

117.    Paragraph 117 calls for a legal conclusion to which no response is required. To the extent that response is deemed required, Defendants respectfully refer all questions of law to the Court.

118.    Deny the allegations contained in paragraph 118 of the Complaint.

119.    Deny the allegations contained in paragraph 119 of the Complaint.

WHEREFORE, Defendants request that judgment be entered dismissing the Complaint and awarding it costs, fees, and disbursements, and such other and further relief as is just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
**(§ 922 (a) of the Dodd Frank Wall Street Reform and Consumer Protection Act ("Dodd Frank"), 15 U.S.C. § 78u-6(h)(1)(B)(i))**

120.    Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 119 above with the same force and effect as if though more fully set forth at length herein.

121.    No response to this paragraph is necessary because Plaintiff's Fifth Cause of Action has been dismissed in its entirety. See Pl. Mem. of Law in Opp. to Def. Motion to Dismiss at p. 2, n. 1 (ECF No. 32), and Court Order dated July 31, 2019 at p. 2, n. 3 (ECF No. 37).

122.    No response to this paragraph is necessary because Plaintiff's Fifth Cause of Action has been dismissed in its entirety. See Pl. Mem. of Law in Opp. to Def. Motion to Dismiss at p. 2, n. 1 (ECF No. 32), and Court Order dated July 31, 2019 at p. 2, n. 3 (ECF No. 37).

123.    No response to this paragraph is necessary because Plaintiff's Fifth Cause of Action has been dismissed in its entirety. See Pl. Mem. of Law in Opp. to Def. Motion to Dismiss at p. 2, n. 1 (ECF No. 32), and Court Order dated July 31, 2019 at p. 2, n. 3 (ECF No. 37).

124.    No response to this paragraph is necessary because Plaintiff's Fifth Cause of Action has been dismissed in its entirety. See Pl. Mem. of Law in Opp. to Def. Motion to Dismiss at p. 2, n. 1 (ECF No. 32), and Court Order dated July 31, 2019 at p. 2, n. 3 (ECF No. 37).

125.    No response to this paragraph is necessary because Plaintiff's Fifth Cause of Action has been dismissed in its entirety. See Pl. Mem. of Law in Opp. to Def. Motion to Dismiss at p. 2, n. 1 (ECF No. 32), and Court Order dated July 31, 2019 at p. 2, n. 3 (ECF No. 37).

126.    No response to this paragraph is necessary because Plaintiff's Fifth Cause of Action has been dismissed in its entirety. See Pl. Mem. of Law in Opp. to Def. Motion to Dismiss at p. 2, n. 1 (ECF No. 32), and Court Order dated July 31, 2019 at p. 2, n. 3 (ECF No. 37).

127.    No response to this paragraph is necessary because Plaintiff's Fifth Cause of Action has been dismissed in its entirety. See Pl. Mem. of Law in Opp. to Def. Motion to Dismiss at p. 2, n. 1 (ECF No. 32), and Court Order dated July 31, 2019 at p. 2, n. 3 (ECF No. 37).

Defendants deny that Plaintiff is entitled to any of the relief set forth in the "Wherefore" clause of Plaintiff's Complaint.

## DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted as a matter of fact and/or law.

### SECOND SEPARATE DEFENSE

At all times relevant, Defendants acted in good faith and did not violate any rights to which Plaintiff may have been entitled under any federal, state, or local laws, rules, regulations, or guidelines.

### THIRD SEPARATE DEFENSE

All actions of Defendants with respect to Plaintiff were undertaken in good faith for legitimate business reasons, and based upon lawful and reasonable factors.

### FOURTH SEPARATE DEFENSE

All actions taken by Defendants with respect to Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

### FIFTH SEPARATE DEFENSE

All actions taken by Defendants with respect to Plaintiff were taken in good faith for reasonable factors separate and apart from Plaintiff's rights under federal, state, or local laws, rules, regulations, or guidelines.

## SIXTH SEPARATE DEFENSE

Defendants acted reasonably and in proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights, and their actions were not discriminatory, retaliatory, or otherwise actionable.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred because Plaintiff was not qualified for a job with Defendant Pacira.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred because Defendants did not subject Plaintiff to any adverse employment action recognized under the New Jersey Law Against Discrimination.

## NINTH SEPARATE DEFENSE

Plaintiff's claims are barred because there was no actionable "hostile work environment" recognized under the New Jersey Law Against Discrimination attributable to Defendants.

## TENTH SEPARATE DEFENSE

Plaintiff's claims are barred because Defendants did not terminate Plaintiff for any discriminatory or retaliatory reason recognized under the New Jersey Law Against Discrimination.

## ELEVENTH SEPARATE DEFENSE

Plaintiff did not engage in protected activity recognized under the New Jersey Law Against Discrimination.

## TWELFTH SEPARATE DEFENSE

Assuming Plaintiff engaged in protected activity under the New Jersey Law Against Discrimination (a point which Defendants dispute), Defendants reasonably responded to Plaintiff's complaints.

## THIRTEENTH SEPARATE DEFENSE

Defendants did not encourage, condone, approve, or participate in any allegedly discriminatory or retaliatory conduct.

## FOURTEENTH SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which any award of attorneys' fees, compensatory, punitive or other damages could be granted.

## FIFTEENTH SEPARATE DEFENSE

Each and every action taken by Defendants with respect to Plaintiff was based upon lawful, reasonable factors other than sex.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred to the extent that neither Defendants nor any of Defendant Pacira's agents or employees were severe or pervasive as to Plaintiff.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred because the complained of conduct was neither offensive nor unwelcome, and/or Plaintiff participated in such conduct.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

### NINETEENTH SEPARATE DEFENSE

Plaintiff's alleged damages, if any, were attributable in whole or in part to his own conduct and not to the actions or inactions of Defendants.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's claim for damages may be barred, in whole or in part, by the doctrine of after acquired evidence.

### TWENTY-FIRST SEPARATE DEFENSE

No conduct attributable to Defendants was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff.

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiff's claims for damages are barred or reduced by Plaintiff's failure to mitigate his alleged damages by using reasonable diligence to seek and obtain employment elsewhere, and by no fault of Defendants.

### TWENTY-THIRD SEPARATE DEFENSE

Plaintiff's claims for emotional distress are barred by the exclusive remedy provisions of New Jersey's workers' compensation statute.

### TWENTY-FOURTH SEPARATE DEFENSE

Awarding claims for punitive damages would violate the United States and the New Jersey Constitutions.

### TWENTY-FIFTH SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which any award of attorneys' fees, compensatory, punitive, or other damages could be granted.

## TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff is barred from any award of punitive or emotional distress damages because Defendants engaged in no acts or omissions that would rise to the level required to sustain an award for punitive or emotional distress damages.

## TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, confirmation, and acquiescence.

## TWENTY-NINTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did file this Complaint in the proper venue.

## THIRTIETH SEPARATE DEFENSE

This Court lacks jurisdiction.

## THIRTY-FIRST SEPARATE DEFENSE

Plaintiff's claims are moot.

## THIRTY-SECOND SEPARATE DEFENSE

This action may be barred by Plaintiff's election of remedies.

## THIRTY-THIRD SEPARATE DEFENSE

Plaintiff's complaint is barred under the doctrine of unclean hands.

## THIRTY-FOURTH SEPARATE DEFENSE

Plaintiff lacks standing to assert the instant claims.

## THIRTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of waiver and/or estoppel.

## RESERVATION OF RIGHTS

Defendants reserves the right to amend their Answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for appropriate discovery.

**WHEREFORE**, Defendants respectfully requests that this Court:

a.      Dismiss the Complaint in its entirety with prejudice;

b.      Deny each and every demand, claim, and prayer for relief in the Complaint;

c.      Award to Defendants for reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

d.      Grant such other and further relief as the Court may deem just and proper.

## L. CIV. R. 11.2 CERTIFICATION

Pursuant to *L. Civ. R.* 11.2, I hereby certify that, upon information and belief, this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.  I know of no other parties who should be joined in this action at this juncture.

Respectfully submitted,

**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
East Tower, Suite 101
Tinton Falls, New Jersey 07724

By: */s/ James J. Panzini*
James J. Panzini
Pooja Bhutani

Dated: August 28, 2019

4839-0702-5058, v. 2