James J. Panzini, Esq. (Bar ID: 022101990)
Pooja Bhutani (Bar ID: 169592016)
**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
East Tower, Suite 101
Tinton Falls, New Jersey 07724
T: 732-532-6148
F: 732-842-0301
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RESHMA ABELL, | : | |
| | : | Civil Action No.: |
| Plaintiff, | : | 2:18-cv-16509 (MCA) (AME) |
| | : | |
| v. | : | |
| | : | **ORAL ARGUMENT REQUESTED** |
| PACIRA PHARMACEUTICALS, INC., | : | |
| DAVE STACK, individually and in his | : | Return Date: August 16, 2021 |
| capacity as Chief Executive Officer of | : | |
| PACIRA PHARMACEUTICALS, INC., | : | |
| and RICH KAHR, PETER MURPHY, | : | |
| DENNIS McLOUGHLIN, PAUL | : | |
| CIAVOLELLA, GLENN REISER, JOYCE | : | |
| DAVIS AND MATT LEHMANN, in their | : | |
| capacities as employees of PACIRA | : | |
| PHARMACEUTICALS, INC., | : | |
| | : | |
| Defendants. | : | |

---

### DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS

---

Of Counsel:
    James J. Panzini, Esq.

On the Brief:
    James J. Panzini, Esq.
    Pooja Bhutani, Esq.

Defendants Pacira Pharmaceuticals, Inc. ("Pacira" or "the Company"), Richard Kahr, Peter Murphy, and Glenn Reiser (collectively as "Defendants"), by and through their attorneys, Jackson Lewis P.C., respectfully submit the foregoing responses to Plaintiff Reshma Abell's ("Plaintiff") response to Defendants' Corrected Statement of Undisputed Material Facts ("DSOF") and Plaintiff's Supplemental Statement of Disputed Material Facts ("PSSOF").

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANTS' SOMF

It is worth noting that in Plaintiff's Responses to Defendants' Corrected Statement of Undisputed Material Facts, the overwhelming majority of the facts asserted by Defendants are admitted by Plaintiff.  Indeed, out of the 92 paragraphs contained in the DSOF, Plaintiff admitted 78 of them.  The remaining 14 paragraphs do not create genuine issues of material fact or are not material to the disposition of Plaintiff's Motion for Summary Judgment.  Moreover, the majority of the added statements Plaintiff makes following an "admission" to the paragraph do not change the admissions made by Plaintiff.  We address each paragraph below.

## I.   Introduction

1-13.      Plaintiff admits the contents of paragraphs 1-13 of the DSOF.

## II.   Pacira's Policies Prohibit Discrimination, Harassment, and Retaliation, and it Sets Forth Clear Complaint Reporting Procedures

14.      Plaintiff admits the contents of paragraph 14 of the DSOF.  The statements added by Plaintiff claiming that Pacira's managers and supervisors did not adhere to Pacira's policies are not referenced in this paragraph of the DSOF, and therefore, Plaintiff's additional statements are improper.  Further, there is nothing in the discovery record to dispute the existence of Pacira's anti-discrimination and anti-retaliation policies or to support Plaintiff's self-serving allegations that the policies were not adhered to.

15-21.      Plaintiff admits the contents of paragraphs 15-21 of the DSOF.

III.   **Plaintiff's General Employment Background with Pacira**

22.       Plaintiff admits the contents of paragraph 22 of the DSOF.

23.       Plaintiff admits the contents of paragraph 23 of the DSOF.  The statements added by Plaintiff pertaining to Plaintiff communicating with colleagues to answer technical questions or travelling into other regions to conduct field trainings are not material facts.

24.       Plaintiff admits the contents of paragraph 24 of the DSOF.

25.       Plaintiff admits the contents of paragraph 25 of the DSOF.  The statements added by Plaintiff are improper as it is not responsive to the statements made in the paragraph, and they are not material facts.  Additionally, Plaintiff's testimony stands for itself.

26.       Plaintiff admits the contents of paragraph 26 of the DSOF.

27.       Plaintiff admits the contents of paragraph 27 of the DSOF.  The statements added by Plaintiff do not create a genuine issue of material fact as whether Plaintiff was aware that the position required HR and CEO approval is not material, and there is nothing in the discovery record to support Plaintiff's self-serving allegation that "it was her understanding" that the position was an "officially approved position."   Rather, this assertion contradicts Plaintiff's sworn deposition testimony which confirmed her understanding that the role had to be approved by HR and CEO David Stack prior to becoming official. (See Certification of James J. Panzini filed in support of Defendants' moving brief [ECF No. 82.2, 86.2], Exhibit 10 - Abell Dep., at 136:4-7, 139:8-12, 145:22-146:23)[1].

28.       Plaintiff admits the contents of paragraph 28 of the DSOF.

29.       Plaintiff admits the contents of paragraph 29 of the DSOF pertaining to a meeting between Plaintiff, Murphy, and Reiser occurring on the first day of Pacira's National Sales

---

[1] Unless otherwise stated, all references to Exhibits in this Reply Statement of Facts refer to the exhibits attached to the Certification of James J. Panzini ("Panzini Cert.") and the Certification of Richard Kahr ("Kahr Cert.") with Defendants' moving brief [ECF Nos. 82.2-82.5, and 86.2-86.3].

Meeting ("NSM").  The statements added by Plaintiff do not create a genuine issue of material fact as whether Plaintiff was aware that the position required CEO approval is not a material fact, and there is nothing in the discovery record to support Plaintiff's self-serving allegations denying Murphy and Reiser's warnings to her about her behavior at the NSM.  Plaintiff's, Murphy's, and Reiser's testimony stand for itself.  Further, Plaintiff's statement contradicts Plaintiff's sworn deposition testimony which confirmed her understanding that the role had to be approved by HR and CEO David Stack prior to becoming official.  (Panzini Cert., Exhibit 10 [ECF No. 82.2, 86.2] - Abell Dep., at 136:4-7, 139:8-12, 145:22-146:23).

30.     Plaintiff's denial of paragraph 30 of the DSOF pertaining to Reiser's report to HR about the incident at TopGolf is improper as Plaintiff does not have personal knowledge of what Reiser reported to HR regarding the TopGolf incident.  Further, Plaintiff openly admits that Murphy testified he did not obtain approval for Plaintiff's promotion due to the TopGolf incident, which is the second half of paragraph 30.  Reiser and Murphy's deposition testimony speak for itself.  Moreover, the statements added by Plaintiff do not create a genuine issue of material fact as Plaintiff denying that Reiser reported that she and Rock had a "verbal altercation" as untrue because Reiser only reported that Plaintiff and Rock had "words in front of people and there was some sort of argument" is merely a play on semantics.  Further, Reiser testified that he did not witness the incident between Plaintiff and Rock and in any event, Reiser did not lead the investigation into the TopGolf incident, nor was he a decisionmaker in Plaintiff or Rock's termination.  Additionally, Reiser's opinion does not create any disputes, and Reiser's testimony stands for itself.

## IV.    **Plaintiff's Claims of Disparate Treatment Based on Gender**

31-32.     Plaintiff admits the contents of paragraphs 31-32 of the DSOF.

**V.**   **Plaintiff's Claims of "Sexual Harassment"**

33-34.   Plaintiff admits the contents of paragraphs 33-34 of the DSOF.

35-36.   Plaintiff admits the contents of paragraphs 35-36 of the DSOF.  The statements added by Plaintiff are improper as it is not responsive to the statements made in the paragraph, and they are not material facts.  Additionally, Plaintiff's testimony stands for itself.

37-43.   Plaintiff admits the contents of paragraphs 37-43 of the DSOF.

44.   Plaintiff admits the contents of paragraph 44 of the DSOF pertaining to Plaintiff's awareness of company policy prohibiting retaliation against individuals who report unwelcome conduct or cooperate in investigations.  The statements added by Plaintiff do not create a genuine issues of material fact as her belief that she would be retaliated against if she made complaints and her claim that Murphy informed her not to complain to HR represents testimony which stands for itself and which are unsupported by the discovery record.  Moreover, Plaintiff's additions are improper as they are not responsive to the statements made in the paragraph.

45.   Plaintiff admits the contents of paragraph 28 of the DSOF.

**VI.**   **Plaintiff's Alleged Complaints about Gender Discrimination under the LAD**

46.   Plaintiff admits the contents of paragraph 46 of the DSOF pertaining to Plaintiff's allegations in her Complaint.  The statements added by Plaintiff do not create a genuine issues of material fact as her testimony that she had permission to attend the TopGolf event is not a material fact.  Further, Plaintiff's testimony stands for itself, but there is nothing in the discovery record to support her self-serving testimony.

**VII.**   <u>**Plaintiff's Alleged Complaints about "Business Irregularities" under CEPA**</u>

47-51.   Plaintiff admits the contents of paragraphs 47-51 of the DSOF.  Additionally, these paragraphs are moot because Plaintiff voluntarily withdrew her CEPA claim in her opposition brief.

**VIII.**   <u>**Pacira's 2018 National Sales Meeting**</u>

52-54.   Plaintiff admits the contents of paragraphs 52-54 of the DSOF.

    **a.**   <u>**Women's Leadership Event**</u>

55-57.   Plaintiff admits the contents of paragraphs 55-57 of the DSOF.

58.   Plaintiff admits the contents of paragraphs 58 of the DSOF.  The statements added by Plaintiff qualifying her admission do not create genuine issues of material fact as the invitation list stands for itself.  Further, Plaintiff's additions do not change her admission, nor does she provide any evidence that the invitation list which contains RSVPs is inaccurate.

59.   Plaintiff admits the contents of paragraph 59 of the DSOF.

    **b.**   <u>**TopGolf**</u>

60.   Plaintiff admits the contents of paragraph 60 of the DSOF.

61.   Plaintiff admits the contents of paragraph 61 of the DSOF pertaining to the event contract for the TopGolf event which governed the number of attendees at the event.  The statements added by Plaintiff do not create a genuine issues of material fact as her testimony that she had permission to attend the TopGolf event is not a material fact.  Further, Plaintiff's deposition testimony stands for itself, but there is nothing in the discovery record to support her self-serving testimony.

62.   Plaintiff admits the contents of paragraph 62 of the DSOF stating that she was not invited to the TopGolf event.  The statements added by Plaintiff do not create a genuine

issues of material fact as her testimony that she had permission to attend the TopGolf event is not a material fact. Further, Plaintiff's deposition testimony stands for itself, but there is nothing in the discovery record to support her self-serving testimony.

63.        Plaintiff admits the contents of paragraph 63 of the DSOF.

64.        Plaintiff admits the contents of paragraph 64 of the DSOF stating that Reiser did not witness the verbal disagreement between Plaintiff and Rock. The statements added by Plaintiff do not create a genuine issues of material fact as Reiser's opinion is immaterial especially since he did not witness the entire exchange. Further, Reiser did not lead the investigation into the TopGolf incident, nor was he a decisionmaker in Plaintiff or Rock's termination. Additionally, Reiser's opinion does not create any disputes, and Reiser's testimony stands for itself.

65-67.        Plaintiff admits the contents of paragraphs 65-67 of the DSOF.

**IX.        The Human Resources Investigation**

68-73.        Plaintiff admits the contents of paragraphs 68-73 of the DSOF.

74.        Plaintiff's response to paragraph 74 of the DSOF is improper. On the one hand, Plaintiff admits the HR interview notes state what they state, but on the other hand, she denies parts of this paragraph because she disputes, without any support, the "truthfulness" of the statements made by Rock as reflected in the notes. Notably, Defendants cite to facts within the record, and Plaintiff does not cite to any concrete evidence to dispute the record. However, Plaintiff's subjective beliefs, standing alone, are not sufficient to dispute what the record reflects. Further, the statements added by Plaintiff do not create a genuine issues of material fact as the HR interview notes speak for themselves. Additionally, Plaintiff does not have personal knowledge of what Rock reported to HR to dispute the accuracy of such reports, there is nothing in the discovery record to support her self-serving statements that Rock's statements are untrue, and

HR's employment decisions were based on the information known to it at the time which is accurately reflected in the HR notes.

75.       Plaintiff's denial of paragraph 75 of the DSOF is improper.  First, the statements added by Plaintiff that she "denies that Kahr made a fair inquiry into whether there was gender of sex discrimination and that his investigation was admittedly clouded by the fact that he was not 'looking at that'" is not a part of paragraph 75.    Second, as this paragraph references Kahr's testimony pertaining to his account of his interview with Plaintiff, she cannot dispute the accuracy of his belief.  In any event, Plaintiff's own statements from the record support Kahr's testimony as the HR notes with Plaintiff reflect that she stated she was not playing the "woman card." (Kahr Cert. [ECF No. 82.4-82.5]), at ¶ 12, Exhibit A - HR Interview Notes identified as Pacira 000071-73, 84-85).  Further, the statements added by Plaintiff do not create genuine issues of material fact as Kahr's testimony (which is the only thing cited in paragraph 75 of the DSOF) stands for itself, and there is nothing in the discovery record to support Plaintiff's self-serving beliefs that HR did not conduct a "fair" investigation.  To the contrary, Plaintiff's citation of Kahr's deposition testimony at 190:4-8 supports Defendants' assertions that Kahr did not understand Plaintiff to be complaining of gender or sex discrimination when describing her issues with Rock at the TopGolf.

X.       **Complaints about Plaintiff Viewing the Kama Sutra at the 2018 National Sales Meeting**

76.       Plaintiff's denial of paragraph 76 of the DSOF is improper.  Plaintiff denies this paragraph because she disputes, without support, the "truthfulness" of the statements made by Rock, Whaley, Huddy, and Doherty.  Notably, Defendants cite to facts within the record, and Plaintiff does not cite to any concrete evidence to dispute the record.  However, Plaintiff's subjective beliefs, standing alone, are not sufficient to dispute what the record reflects.

Additionally, Plaintiff denies that HR's investigation notes should be afforded any evidentiary weight which is irrelevant for purposes of a summary judgment motion.  The statements added by Plaintiff do not create a genuine issues of material fact as the HR interview notes, as well as Whaley's declaration and testimony, speak for themselves.  Further, Plaintiff does not have personal knowledge of what anyone reported to HR to dispute the accuracy of such reports, there is nothing in the discovery record to support her self-serving statements that the statements by others about her conduct is untrue, and HR's employment decisions were based on the information known to it at the time which is accurately reflected in the HR notes and are supported by the Whaley's declaration and testimony.

77.     Plaintiff admits the contents of paragraphs 77 of the DSOF.

78.     Plaintiff's denial of paragraph 78 of the DSOF is improper.  Plaintiff denies this statement because she disputes, without support, the "truthfulness" of Whaley's declaration and testimony, and she also denies ever meeting Whaley.  Further, Plaintiff claims, also without support, that Whaley's testimony was "fabricated" for purposes of this litigation.  Notably, Defendants cite to facts within the record, and Plaintiff does not cite to any concrete evidence to dispute the record.  However, Plaintiff's subjective beliefs, standing alone, are not sufficient to dispute what the record reflects.  Further, the statements added by Plaintiff do not create a genuine issues of material fact as Whaley's declaration and testimony, speak for themselves.  Additionally, Plaintiff does not have personal knowledge of what Whaley felt, and there is nothing in the discovery record to support her self-serving statements that his statements are untrue or "fabricated."

79.     Plaintiff's denial of paragraph 79 of the DSOF is improper.  Plaintiff denies this statement because she disputes, without support, the "truthfulness" of the statements made by

Huddy as transcribed in HR's interview notes.  Notably, Defendants cite to facts within the record, and Plaintiff does not cite to any concrete evidence to dispute the record.  However, Plaintiff's subjective beliefs, standing alone, are not sufficient to dispute what the record reflects.  Further, the statements added by Plaintiff do not create a genuine issues of material fact as the HR interview notes speak for themselves.  Additionally, Plaintiff does not have personal knowledge of what anyone reported to HR to dispute the accuracy of such reports, and there is nothing in the discovery record to support her self-serving statements that the statements by Huddy are untrue.  Further, HR's employment decisions were based on the information known to it at the time which is accurately reflected in the HR notes.

80.    Plaintiff's denial of paragraph 79 of the DSOF is improper.  Plaintiff denies this statement because she disputes the "truthfulness" of the statements made by Huddy as transcribed in HR's interview notes.  The statements added by Plaintiff do not create a genuine issues of material fact as the HR interview notes speak for themselves.  Additionally, Plaintiff does not have personal knowledge of what anyone reported to HR to dispute the accuracy of such reports, and there is nothing in the discovery record to support her self-serving statements that the HR notes detailing the interview with Huddy are untrue.

81.    Plaintiff's denial of paragraph 81 of the DSOF is improper.  Plaintiff denies this paragraph because she disputes the "truthfulness" of the statements made by Doherty as transcribed in HR's interview notes.  The statements added by Plaintiff do not create a genuine issues of material fact as the HR interview notes speak for themselves.  Additionally, Plaintiff does not have personal knowledge of what anyone reported to HR or Doherty's feelings to dispute the accuracy of either, and there is nothing in the discovery record to support her self-serving statements that the statements by Doherty are untrue.  Further, HR's employment decisions were

based on the information known to it at the time which is accurately reflected in the HR notes.  To the contrary, Plaintiff's claims that Doherty had not been offended by Plaintiff's conduct contradicts her own sworn deposition testimony as she admits Doherty was "uncomfortable" by the Kama Sutra graphics. (Panzini Cert., Exhibit 10 [ECF No. 82.2, 86.2] - Abell Dep., at 230:5-6).

82.     Plaintiff's denial of paragraph 82 of the DSOF is improper.  Plaintiff admits the contents of the paragraph and adds statements, without support, disputing the reports made by others about her conduct as transcribed in HR's interview notes.  Notably, Defendants cite to facts within the record, and Plaintiff does not cite to any concrete evidence to dispute the record. However, Plaintiff's subjective beliefs, standing alone, are not sufficient to dispute what the record reflects.  Further, the statements added by Plaintiff do not create a genuine issues of material fact as Kahr's testimony, and the HR interview notes speak for themselves.   Additionally, Plaintiff does not have personal knowledge of what anyone reported to HR to dispute the accuracy of either. Further, Plaintiff's statements about two male colleagues, Mike Massicotte and Dave Heritage, displaying the Kama Sutra graphics to others, including Doherty, are not material facts because the first time Plaintiff alleged them was during the course of her deposition.  Indeed, there is nothing the discovery record to support Plaintiff's claims that: she informed HR that Massicotte or Heritage displayed the Kama Sutra to others; Kahr testified that he did not even know who these individuals were, (Panzini Cert., Exhibit 4 [ECF No. 82.2-82.3] - Kahr Dep., at 231:14-232:5), and; the HR notes reflect that Plaintiff herself admitted to viewing the Kama Sutra images on her own personal cell phone, (Kahr Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Interview Notes identified as Pacira 000084 attached to Kahr Cert.; see also Panzini Cert., Exhibit 10 [ECF No. 82.2, 86.2] - Abell Dep., at 14:8-10, 16:22-25, 219:3-6).  Plaintiff's claims, even if true, are not

material because HR's employment decisions were based on the information known to it at the time which is accurately reflected in the HR notes.

83.     Plaintiff admits the contents of paragraph 83 of the DSOF.  The statements added by Plaintiff are improper as they are not responsive to the statements made in the paragraph. Additionally, the statements added do not create genuine issues of material fact as Plaintiff's opinion that Kahr should have shared the names of who complained about her conduct and refusal to view the Kama Sutra images personally are not dispositive to this motion.

84.     Plaintiff's denial of paragraph 84 of the DSOF is improper as it cannot be disputed that Plaintiff testified in part that she understood Doherty to have been made "uncomfortable" by the Kama Sutra images. (Panzini Cert., Exhibit 4 [ECF No. 82.2-82.3] - Exhibit 10, Abell Dep., at 230:5-6).  The statements added by Plaintiff providing a larger context of her deposition testimony do not create genuine issues of material fact, and Plaintiff's testimony stands for itself.  To the contrary, Plaintiff's statements that she understood the images of the Kama Sutra, which she claims has some cultural significance to her personally, would not be "perceived the way [her] perception" was of the Kama Sutra (Id. at 230:2-5).  Additionally, when asked if she could understand how some could find the Kama Sutra offensive, Plaintiff stated: "of course." (Id. at 231:19-21). Plaintiff's testimony therefore supports Defendants' position that Plaintiff understood that the Kama Sutra could be offensive to others and cause discomfort.  Plaintiff's opinion that she should have been afforded an opportunity to apologize to those who may have been offended by the Kama Sutra images rather than fired are not material or dispositive to this motion.  Further, it should be noted that Defendants cite to facts within the record, and Plaintiff does not cite to any concrete evidence to dispute the record.  However, Plaintiff's subjective beliefs, standing alone, are not sufficient to dispute what the record reflects.

XI.     **Rock's and Plaintiff's Termination**

85.     Plaintiff's denial of paragraph 85 of the DSOF is improper.  Plaintiff denies this paragraph because she disputes the "truthfulness" of Kahr's conclusions of the HR investigation. Notably, Defendants cite to facts within the record, and Plaintiff does not cite to any concrete evidence to dispute the record.  However, Plaintiff's subjective beliefs, standing alone, are not sufficient to dispute what the record reflects.  Further, Plaintiff does not have personal knowledge of Kahr's conclusions to dispute the accuracy of same, and there is nothing in the discovery record to support her self-serving statements that Kahr's conclusions of the HR investigation were false or fabricated.  Kahr's deposition testimony and termination notes speak for themselves.

86.     Plaintiff's denial of paragraph 86 of the DSOF is improper.  Plaintiff denies this paragraph because she disputes the "truthfulness" of Kahr's conclusions of the HR investigation and the reasons for Rock's termination as represented by Kahr.  Notably, Defendants cite to facts within the record, and Plaintiff does not cite to any concrete evidence to dispute the record. However, Plaintiff's subjective beliefs, standing alone, are not sufficient to dispute what the record reflects.  Further, Plaintiff does not have personal knowledge of Kahr's conclusions, Rock's termination and the reasons therefore to dispute the accuracy of same, and there is nothing in the discovery record to support her self-serving statements that Kahr's conclusions of the HR investigation and the reasons for Rock's termination are false or fabricated.  Further, the statements added by Plaintiff pertaining to Rock sending a demand letter through counsel alleging wrongful termination following his termination and receiving a severance do not create genuine issues of material fact as they are not dispositive to this motion.

87.     Plaintiff's denial of paragraph 87 of the DSOF is improper.  Plaintiff denies this paragraph because she disputes the integrity of Kahr's investigation.  Notably, Defendants cite to

facts within the record, and Plaintiff does not cite to any concrete evidence to dispute the record. However, Plaintiff's subjective beliefs, standing alone, are not sufficient to dispute what the record reflects.  Further, the statements added by Plaintiff do not create genuine issues of material fact as Plaintiff does not have personal knowledge of Kahr's conclusions of the HR investigation or what others reported to HR to dispute the accuracy of same, and there is nothing in the discovery record to support her self-serving statements that Kahr held a "sham" investigation.  Kahr's deposition testimony and the HR notes speak for themselves.

88.     Plaintiff's denial of paragraph 88 of the DSOF is improper.  Plaintiff denies this paragraph because she disputes the integrity of Kahr's investigation.  Notably, Defendants cite to facts within the record, and Plaintiff does not cite to any concrete evidence to dispute the record. However, Plaintiff's subjective beliefs, standing alone, are not sufficient to dispute what the record reflects.  Further, the statements added by Plaintiff do not create genuine issues of material fact as Plaintiff does not have personal knowledge of Kahr's conclusions of the HR investigation and what steps were taken in making the decision to terminate Plaintiff.  Moreover, Plaintiff's statements that she was not the one who showed the Kama Sutra images, and it was two of her male colleagues who did so, are not material facts because the first time Plaintiff alleged these claims was during the course of her deposition.  Indeed, there is nothing the discovery record to support Plaintiff's claim that she informed HR that Massicote or Heritage displayed the Kama Sutra to others.  Rather, the HR notes reflected that Plaintiff herself admitted to viewing the Kama Sutra images on her own personal cell phone. (See Kahr Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Interview Notes identified as 000084).  Thus, Plaintiff's claims, even if true, are not material because HR's employment decisions were based on the information known to it at the time which is accurately reflected in the HR notes.

89.     Plaintiff's denial of paragraph 89 of the DSOF is improper.  Plaintiff denies this paragraph because she disputes the integrity of Kahr's investigation.  Notably, Defendants cite to facts within the record, and Plaintiff does not cite to any concrete evidence to dispute the record.  However, Plaintiff's subjective beliefs, standing alone, are not sufficient to dispute what the record reflects.  Further, the statements added by Plaintiff do not create genuine issues of material fact as Plaintiff does not have personal knowledge of Kahr's conclusions of the HR investigation and what steps were taken in making the decision to terminate Plaintiff.

90-92.     Plaintiff admits the contents of paragraphs 90-92 of the DSOF.

### DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL STATEMENT OF DISPUTED MATERIAL FACTS

It is worth noting that in Plaintiff's Supplemental Statement of Disputed Material Facts ("PSSOF"), the overwhelming majority of the "facts" asserted by Plaintiff are cited to Plaintiff's own testimony or the self-serving declaration that she submits in support of her Opposition to Defendants' Motion for Summary Judgment and not to any other places within the discovery record.  Thus, other than Plaintiff's own self-serving allegations in this lawsuit, Defendants maintain that Plaintiff has not met the burden of adducing evidence in support of her claims.  Additionally, the other facts asserted by Plaintiff are immaterial to the resolution of this motion.  As Plaintiff's statements are either unsupported by the discovery record or not material to this motion, Defendants' Motion for Summary Judgment should be granted.

**I.   Plaintiff's General Employment Background with Pacira**

1-2.     For the limited purposes of this motion, Defendants admit the contents of paragraphs 1-2 of the PSSOF.

3-4.     For the limited purposes of this motion, Defendants admit the contents of paragraphs 3-4 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion as Pacira did not terminate Plaintiff for her sales performance.

5.     For the limited purposes of this motion, Defendants admit the contents of paragraphs 5 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion.

6.     Defendants deny the contents of paragraph 6 of the PSSOF as unsupported by the discovery record because Plaintiff's success of the pilot program was not the only requirement for the new position being created for Plaintiff.  The job also had to be approved by all levels of management, HR, and the CEO, and Plaintiff needed to show leadership qualities at the NSM. (See DSOF at ¶¶ 24-29 citing: Panzini Cert. [ECF No. 82.2-82.3]: Exhibit 4 - Kahr Dep., at 60:12-61:12, 248:3-22; Exhibit 5 - Murphy Dep., 126:17-127:20, 149:16-22, 150:11-18; Exhibit 7 - Reiser Dep., 28:9-29:7, 34:11-14, 39:16-40:22, 87:18-89:8, 90:16-91:24, 92:3-6; [ECF No. 82.2, 86.2] - Exhibit 10, Abell Dep., at 136:4-7, 139:8-12, 145:22-146:23).

7.     Defendants deny the contents of paragraph 7 of the PSSOF as Plaintiff's self-serving testimony is unsupported by the discovery record.  (See DSOF at ¶¶ 24-29 citing: Panzini Cert. [ECF No. 82.2-82.3], Exhibit 4 - Kahr Dep., at 60:12-61:12, 248:3-22; Exhibit 5 - Murphy Dep., 126:17-127:20, 149:16-22, 150:11-18; Exhibit 7 - Reiser Dep., 28:9-29:7, 34:11-14, 39:16-40:22, 87:18-89:8, 90:16-91:24, 92:3-6; Exhibit 10 - Abell Dep., at 136:4-7, 139:8-12, 145:22-146:23).  Additionally, the statements in this paragraph are immaterial to the resolution of this motion.

8-9.     For the limited purposes of this motion, Defendants admit the contents of paragraphs 8-9 of the PSSOF, however, the statements therein are immaterial to the resolution of

this motion.    Further, it should be noted that these paragraphs contradict paragraphs 6-7 of the PSSOF where Plaintiff states that a new position would be created if she performed a successful pilot, and Murphy and Reiser approved her for the position, the announcement of which would be forthcoming.   Paragraphs 8-9 and 11 acknowledge that Murphy testified the pilot was ongoing at the time of her termination, and he did not make the announcement for the promotion because he needed approval from the CEO, and Reiser testified that they were awaiting from approvals from leadership, and Plaintiff's role had not been formalized as a result.

10.       For the limited purposes of this motion, Defendants admit the contents of paragraph 10 of the PSSOF.  (The "status" discussed was as described in the DSOF at ¶ 29 citing: Panzini Cert. [ECF No. 82.2-82.3], Exhibit 5 - Murphy Dep., 149:16-22, 150:11-18; Exhibit 7 - Reiser Dep., 90:16-91:24).

11.       For the limited purposes of this motion, Defendants admit the contents of paragraph 11 of the PSSOF.   However, it should be noted that Plaintiff cites her own testimony for this proposition and does not cite any testimony from Murphy himself.   Further, as noted above in the response to paragraphs 8-9, this paragraph contradicts paragraphs 6-7 of the PSSOF.

## II.   **Circumstances that Give Rise to an Inference of Discrimination**

### A.    **Past Incidents of Sexual Harassment and Gender Discrimination**

12.       For the limited purposes of this motion, Defendants admit that Plaintiff alleges the statements described in paragraph 12 of the PSSOF in her Complaint, however, the statements therein are unsupported by the discovery record.   Additionally, Plaintiff admitted that though she was aware of Pacira's anti-harassment, anti-retaliation, and reporting policies, she never reported these incidents during her employment with Pacira. (Panzini Cert. [ECF No. 82.2, 86.2], Exhibit 10 - Abell Dep., at 61:9-61:23, 72:9-11, 78:2-79:3).   She also unequivocally stated she was not

seeking any compensation for any claims relating to touching because it was her choice to stay "quiet".  (Id. at 63:19-24).

13.     For the limited purposes of this motion, Defendants admit that Plaintiff testified about the statements described in paragraph 13 of the PSSOF, however, the statements therein are unsupported by the discovery record.  Notably, Plaintiff cites her own testimony for this proposition and does not cite any testimony showing that Murphy and Reiser were aware of any of the alleged "jokes."   Additionally, Plaintiff admitted that she was aware of Pacira's anti-harassment, anti-retaliation, and reporting policies, but she never reported these incidents during her employment with Pacira. (Panzini Cert. [ECF No. 82.2, 86.2], Exhibit 10 - Abell Dep., at 61:9-61:23, 72:9-11, 78:2-79:3).  She also unequivocally stated she was not seeking any compensation for any claims relating to touching because it was her choice to stay "quiet".  (Id. at 63:19-24).

14.     For the limited purposes of this motion, Defendants admit that Plaintiff testified about two (not "multiple") Pacira co-workers treating her as described in paragraph 14 of the PSSOF, however, the statements therein are unsupported by the discovery record.  Additionally, Plaintiff admitted that she was aware of Pacira's anti-harassment, anti-retaliation, and reporting policies, but she never reported these incidents during her employment with Pacira. (Panzini Cert. [ECF No. 82.2, 86.2], Exhibit 10 - Abell Dep., at 61:9-61:23, 72:9-11, 78:2-79:3).  She also unequivocally stated she was not seeking any compensation for any claims relating to touching because it was her choice to stay "quiet".  (Id. at 63:19-24).

15-19.     For the limited purposes of this motion, Defendants admit that Plaintiff testified about the examples described in paragraphs 15-19 of the PSSOF, however, the statements therein are unsupported by the discovery record. Additionally, Plaintiff admitted that she was aware of Pacira's anti-harassment, anti-retaliation, and reporting policies, but she never reported these

incidents during her employment with Pacira. (Panzini Cert. [ECF No. 82.2, 86.2], Exhibit 10 -

Abell Dep., at 61:9-61:23, 72:9-11, 78:2-79:3).  She also unequivocally stated she was not seeking

any compensation for any claims relating to touching because it was her choice to stay "quiet".

(Id. at 63:19-24).

> **B.      Pacira's Toxic Workplace Culture and Plaintiff's Legitimate Fear of Retaliation**

20.      For the limited purposes of this motion, Defendants admit that Plaintiff testified

about her beliefs as described in paragraph 20 of the PSSOF, however, the statements therein are

unsupported by the discovery record.  To the contrary, Plaintiff testified that she was not shy to

raise issues about her compensation even though she had a fear of being terminated. (See

Certification of James J. Panzini submitted with Defendants' Reply in Support of Defendants'

Motion for Summary Judgment ("Panzini Reply Cert."), Exhibit 22 - Abell Dep. 284:14-23).

Additionally, she criticized her colleagues for being too scared to talk to the CEO, and unlike them,

she in general "feared nothing and no one," (Id. at. 236:9-12), because she believed that to earn

respect, she had to "call people out on their stuff," (Id. at. 277:7-12).

21.      For the limited purposes of this motion, Defendants admit that Plaintiff testified

about her beliefs as described in paragraph 21 of the PSSOF, however, the statements therein are

unsupported by the discovery record.  Additionally, this paragraph supports Defendants' position

that Plaintiff never reported gender discrimination while working for Defendants despite being

aware of the company's policies.

22-25.      For the limited purposes of this motion, Defendants admit that Plaintiff testified

about her beliefs as described in paragraph 22-25 of the PSSOF, however, the statements therein

are unsupported by the discovery record.  Indeed, with respect to Plaintiff's claim in paragraph 24

that she believed "multiple" women at Pacira were terminated in retaliation for engaging in

protected activity, there is not one single shred of evidence in the record in support of Plaintiff's belief other than her own self-serving statements.  To that end, Plaintiff attempted to obtain evidence in support of her beliefs in discovery that several women were terminated after filing complaints with HR.  However, responsive documents and information did not exist, and thus, there is no evidence of this in record.  Notably, Plaintiff did not Plaintiff obtain statements from or seek the depositions of any of these women to support these allegations.

26.      Defendants admit the contents of paragraph 26 of the DSOF.  Indeed, the statement in this paragraph supports Defendants' position that Murphy instructed Plaintiff on how to properly behave, and she ignored this advice by engaging in inappropriate conduct at the NSM which led to her termination.

27-34.      For the limited purposes of this motion, Defendants admit that Plaintiff testified about her beliefs as described in paragraph 27-34 of the PSSOF, however, the statements therein are unsupported by the discovery record.  However, it should be noted that Plaintiff cites her own testimony for these statements and nothing else.  Indeed, with respect to Plaintiff's claim that "many" people warned her of retaliation at Pacira if she were to engage in protected activity, there is not one single shred of evidence in the record to support Plaintiff's allegations other than her own self-serving statements.

35.      Defendants deny the contents of paragraph 36 of the PSOMF as Plaintiff's statements in this paragraph are not supported by any record evidence.  Indeed, Plaintiff asserts speculative beliefs to which she has no personal knowledge and cites to notes prepared by Rock which were submitted to HR to tell her own narrative about them.  The record evidence as to how Defendants learned of Plaintiff's conduct at the NSM which cannot be disputed by any contrary evidence are as follows: Whaley emailed Kahr on February 22, 2018 seeking to have a phone

conversation with him; they spoke on February 23, 2018, and Whaley reported Plaintiff showing him and Wiley sexually inappropriate images of the Kama Sutra which depicted different positions of people engaged in sex, Plaintiff making inappropriate comments, and that this conduct made him uncomfortable. (See DSOF at ¶¶ 77-78 citing: Kahr Cert. [ECF No. 82.4-82.5] at ¶ 15, Exhibit D - Email from Whaley to Kahr identified as Pacira 002290, and; Panzini Cert. [ECF No. 82.2, 86.3, Exhibit 19 - Whaley Decl., at Pacira 000425-26; Panzini Cert. [ECF No. 82.2-82.3], Exhibit 20 - Whaley Dep., at 28:12-34:5, 34:21-35:2, 37:2-38:5, 41:9-25, 42:22-43:23).  Thereafter, Huddy and Doherty also complained of Plaintiff engaging in this conduct, and on March 13, 2018, when Kahr asked Plaintiff whether she viewed the Kama Sutra at the NSM, she admitted it. (See DSOF at paragraph 79-82 citing: Kahr Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Interview Notes identified as Pacira 000084]; see also Panzini Cert. [ECF No. 82.2-82.3], Exhibit 4 - Kahr Dep., at 232:11-18; Panzini Cert. [ECF No. 82.2, 86.2], Exhibit 10 - Abell Dep., at 14:8-10, 16:22-25, 219:3-6).  Further, the genesis of the investigation into Plaintiff and the Kama Sutra arose in response to Kahr receiving unsolicited information about Plaintiff's behavior from witnesses other than Rock. (See Certification of Richard Kahr submitted with Defendants' Reply in Support of Defendants' Motion for Summary Judgment ("Kahr Reply Cert.") at ¶¶ 2-3); see also Panzini Reply Cert., Exhibit 23 - Kahr Dep., 199:19-200:8, 202:2-6).

    C.    **Events Surrounding the 2018 NSM**

        a.    **Women's Leadership Dinner & Kristin Williams' Unexplained Role in Plaintiff's Termination**

36-41.    For the limited purposes of this motion, Defendants admit the contents of paragraphs 36-41 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion.

42.      For the limited purposes of this motion, Defendants admit the contents of paragraph 42 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion. Further, it should be noted that Plaintiff's statement that "there is an indication that Rob Rock met with both Lehman and Williams is not supported by the discovery record and is entirely speculative because Plaintiff has no personal knowledge of what Rock discussed with anyone else.

43.      Defendant denies the contents of paragraph 43 of the PSOMF as unsupported by the discovery record because HR made the decision to terminate Plaintiff, and this decision was approved by Pacira's legal department. (See DSOF at ¶ 86, citing: Panzini Cert. [ECF No. 82.2-82.3], Exhibit 4 - Kahr Dep., at 240:7-18; Kahr. Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Termination Notes identified as Pacira 000083-84).

44.      Defendant denies the contents of paragraph 44 of the PSOMF as unsupported by the discovery record because HR made the decision to terminate Rock, and this decision was approved by Pacira's legal department. (See DSOF at ¶ 86, citing: Kahr. Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Termination Notes identified as Pacira 000086; Panzini Cert. [ECF No. 82.2-82.3], Exhibit 4 - Kahr Dep., at 226:23-227:20, 230:13-231:2).

45.      For the limited purposes of this motion, Defendants admit the contents of paragraph 45.

**b.      The TopGolf Incident**

46-50.      For the limited purposes of this motion, Defendants admit the contents of paragraphs 46-50 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion.

51.      For the limited purposes of this motion, Defendants admit that Plaintiff testified as described in paragraph 51 of the PSSOF, however, the statements therein are unsupported by the discovery record.

52-55.      For the limited purposes of this motion, Defendants admit the contents of paragraphs 52-55 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion.

56-64.      For the limited purposes of this motion, Defendants admit that Plaintiff testified as described in paragraphs 56-64 of the PSSOF, however, the statements therein are unsupported by the discovery record.  Notably, Plaintiff typically cites her own testimony for these statements without any other evidence to support her claims.

65-66.      For the limited purposes of this motion, Defendants admit that Kahr testified as described in paragraphs 65-66 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion.

67-69.      For the limited purposes of this motion, Defendants admit that Plaintiff testified as described in paragraphs 67-69 of the PSSOF, however, the statements therein are unsupported by the discovery record and immaterial to the resolution of this motion.

**D.**      **Pacira's Incomplete and Biased "Investigation" Concludes with a Discriminatory Outcome and Pre-Textual "Reasons" upon which Pacira Terminated Both the Plaintiff and Her Abuser**

70-75.      For the limited purposes of this motion, Defendants admit that Reiser testified as described in paragraphs 70-75 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion.

76-78.     For the limited purposes of this motion, Defendants admit that Kahr testified as described in paragraphs 76-78 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion.

79-80.     For the limited purposes of this motion, Defendants admit that Murphy testified as described in paragraphs 79-80 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion.

81.     For the limited purposes of this motion, Defendants admit that Kahr testified as described in paragraph 81 of the PSSOF.

82.     For the limited purposes of this motion, Defendants admit that the email from Reiser to Kahr as described in paragraph 81 of the PSSOF stands for itself.

83-84.     For the limited purposes of this motion, Defendants admit that Kahr testified as described in paragraph 83-84 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion.

85.     For the limited purposes of this motion, Defendants admit that Kahr testified as described in paragraph 85 of the PSSOF.  Indeed, Kahr's testimony that he did not understand Plaintiff to have been making a complaint about gender discrimination when describing the incident she had with Rock at TopGolf to Kahr as part of Kahr's investigation supports Defendants' position that Plaintiff's gender did not play in a role in his recommendation to terminate Plaintiff. (See DSOF at ¶ 75, citing: Panzini Cert. [ECF No. 82.2-82.3], Exhibit 4 - Kahr Dep. at 190:15-191:13).

86-88.     For the limited purposes of this motion, Defendants admit that Kahr testified as described in paragraph 86-88 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion.  Further, it should also be noted that Kahr's full testimony as it relates

to paragraph 88 was that he did not see any issue in Plaintiff not attending the women's event, a point which Plaintiff omits in her statement in this paragraph. (See DSOF at ¶ 59, citing: Panzini Cert. [ECF No. 82.2-82.3], Exhibit 4 - Kahr Dep., at 191:20-192:1).

89.     Defendants deny the contents of paragraph 89 because there appears to be a typographical error which makes the statement inaccurate as written.  Notwithstanding the error, Defendants contend the email referenced in this paragraph stands for itself and is in any event immaterial to the resolution of this motion.

90.     For the limited purposes of this motion, Defendants admit that the document described in paragraph 90 stands for itself, and the statements contained in the document are immaterial to the resolution of the motion.  Defendants deny that any of the statements contained were "slanderous."

91.     For the limited purposes of this motion, Defendants admit that the document described in paragraph 91 stands for itself, and the statements contained in the document are immaterial to the resolution of the motion.  Specifically, Rock's individual notes to HR which described a series of occasions in which Plaintiff engaged in inappropriate conduct, including her viewing the Kama Sutra at the NSM, was not the basis of HR's decision to investigate Plaintiff's conduct at the NSM or the reason for her termination.  The record evidence as to how Defendants learned of Plaintiff's conduct at the NSM which cannot be disputed by any contrary evidence are as follows: Whaley emailed Kahr on February 22, 2018 seeking to have a phone conversation with him; they spoke on February 23, 2018, and Whaley reported Plaintiff showing him and Wiley sexually inappropriate images of the Kama Sutra which depicted different positions of people engaged in sex, Plaintiff making inappropriate comments, and that this conduct made him uncomfortable. (See DSOF at ¶¶ 77-78 citing: Kahr Cert. [ECF No. 82.4-82.5] at ¶ 15, Exhibit D

- Email from Whaley to Kahr identified as Pacira 002290, and; Panzini Cert. [ECF No. 82.2, 86.3, Exhibit 19 - Whaley Decl., at Pacira 000425-26; Panzini Cert. [ECF No. 82.2-82.3], Exhibit 20 - Whaley Dep., at 28:12-34:5, 34:21-35:2, 37:2-38:5, 41:9-25, 42:22-43:23).  Thereafter, Huddy and Doherty also complained of Plaintiff engaging in this conduct, and on March 13, 2018, when Kahr asked Plaintiff whether she viewed the Kama Sutra at the NSM, she admitted it. (See DSOF at paragraph 79-82 citing: Kahr Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Interview Notes identified as Pacira 000084]; see also Panzini Cert. [ECF No. 82.2-82.3], Exhibit 4 - Kahr Dep., at 232:11-18; Panzini Cert. [ECF No. 82.2, 86.2], Exhibit 10 - Abell Dep., at 14:8-10, 16:22-25, 219:3-6).  Thus, the genesis of the investigation into Plaintiff and the Kama Sutra arose in response to Kahr receiving unsolicited information about Plaintiff's behavior from witnesses other than Rock. (See Certification of Richard Kahr submitted with Defendants' Reply in Support of Defendants' Motion for Summary Judgment ("Kahr Reply Cert.") at ¶¶ 2-3); see also Panzini Reply Cert., Exhibit 23 - Kahr Dep., 199:19-200:8, 202:2-6).  The multiple reports of Plaintiff's conduct viewing the Kama Sutra at the NSM, which Plaintiff admitted, were the reasons for Kahr's recommendation to terminate Plaintiff. (Kahr Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Interview Notes identified as Pacira 000084; Panzini Cert. [ECF No. 82.2-82.3, Exhibit 4 - Kahr Dep., at 227:11-20, 230:13-231:2; Panzini Cert. [ECF No. 82.2, 86.2] -Exhibit 10, Abell Dep., at 230:17-231:2; Panzini Cert. [ECF No. 82.2-82.3, Exhibit 21 - Recording of Plaintiff's Termination Meeting Recording to be provided to Chambers via USB and email).

92-99.    For the limited purposes of this motion, Defendants admit the contents of the HR notes as described in paragraphs 92-99.

100.    For the limited purposes of this motion, Defendants admit the contents of Plaintiff's annual review as described in paragraph 100, and the statements contained in this document are

immaterial to the resolution of the motion.  Specifically, Doherty's statements in Plaintiff's January 12, 2018 does not foreclose the possibility that Plaintiff was also difficult to manage, and in any event, Pacira did not terminate Plaintiff as a result of her sales performance.

101.    For the limited purposes of this motion, Defendants admit the details of the HR investigation as described in paragraph 101.

102.    For the limited purposes of this motion, Defendants admit the details of the HR investigation as described in paragraph 102.  Further, it should be noted that Kahr testified that he could not corroborate the details of the exchange at TopGolf between Plaintiff and Rock. (Kahr Reply Cert., at ¶ 4); see also Panzini Reply Cert., Exhibit 23 - Kahr Dep., 186:18-187:24).

103-105.   For the limited purposes of this motion, Defendants admit the details of the HR investigation as described in paragraphs 103-105.

106.    Defendants deny the contents of paragraph 106 of the PSOMF as Plaintiff's statements in this paragraph are not supported by any record evidence; indeed, Plaintiff's statements are contrary to the clear record evidence.  Plaintiff asserts speculative beliefs to which she has no personal knowledge and cites to notes prepared by Rock which were submitted to HR to tell her own narrative.  There is significant record evidence as to the reports made about Plaintiff's conduct, to which Plaintiff did not have personal knowledge, and to which she cannot contest.  (See DSOF at ¶¶ 76-81 citing: three reports from Whaley, Huddy, and Doherty made to Kahr regarding Plaintiff's behavior at Kahr Cert. [ECF No. 82.4-82.5], at ¶ 15, Exhibit D - Email from Whaley to Kahr identified as Pacira 002290; Kahr Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Interview Notes identified as Pacira 000081-82; Panzini Cert. [ECF No. 82.2, 86.3], Exhibit 19 - Whaley Decl., Pacira 000425-26; Panzini Cert. [ECF No. 82.2-82.3], Exhibit 20 - Whaley Dep., at 28:12-34:5, 34:21-35:2, 41:9-25, 42:22-43:23).

107-110.   For the limited purposes of this motion, Defendants admit the details of the HR investigation as described in paragraphs 107-110.

**E.      The Kamasutra Text Message as Pre-Text for Terminating Plaintiff**

111.   For the limited purposes of this motion, Defendants admit the details of the HR investigation as described in paragraph 111 of the PSOMF.

112.   For the limited purposes of this motion, Defendants admit Plaintiff's testimony regarding when she viewed the Kama Sutra images as described in paragraph 112 of the PSOMF.

113.   Defendants deny the contents of paragraph 106 of the PSOMF as Plaintiff's statements in this paragraph are not supported by any record evidence other than her own self-serving declaration; indeed, Plaintiff's statements are contrary to the clear record evidence.  To that end, Plaintiff admitted: showing the Kama Sutra images to at least two people (DSOF at ¶ 82 citing: Kahr Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Interview Notes identified as Pacira 000084); she perceived her manager, Doherty, who saw the Kama Sutra images was "uncomfortable," (DSOF at ¶ 82 citing: Panzini Cert. [ECF No. 82.2, 86.2], Exhibit 10 - Abell Dep., at 230:5-6), and; when asked if she could understand how some would find the Kama Sutra offensive, Plaintiff stated: "of course." (Id. at 231:19-21).

114-118.   For the limited purposes of this motion, Defendants admit that during Plaintiff's deposition, she testified as to the allegations described in paragraphs 114-118, however, the statements therein are unsupported by the discovery record and were not known to HR at the time of its investigation and termination of Plaintiff.  Specifically, during the course of the HR investigation, Plaintiff did not raise the issue of two male colleagues, Michael Massicotte and David Heritage, grabbing Plaintiff's phone from her hands and showing others the Kama Sutra images which were displayed on Plaintiff's phone, (Panzini Reply Cert., Exhibit 22 - Abell Dep.

236:16-18; Panzini Cert., Exhibit 4 [ECF No. 82.2-82.3] - Kahr Dep., 231:25-232:5), nor does she claim in this litigation that she advised HR of these details ***during the course of the investigation or at the time of her termination***.   At the time of her termination, Kahr specifically encouraged Plaintiff to set forth any issues she had with Pacira. (See DSOF at ¶ 90, Panzini Cert. [ECF No. 82.2-82.3], Exhibit 21 - Termination Meeting Recording).   Further, Plaintiff also did not raise this in her Complaint or in written discovery.   Thus, Plaintiff had at least four opportunities in the span of over three years to have referenced this, including before she was terminated, but she never did.

119.    For the limited purposes of this motion, Defendants admit that Kahr testified as described in paragraph 119 of the PSSOF.

120.    Defendants deny the contents of paragraphs 120 of the PSOMF as the citations to Kahr's testimony recounting his conversation with Doherty are not accurate; he did not testify that "Roxanne [Doherty] did not specifically state that she was shown Kama Sutra materials by the Plaintiff or that she was offended by this content."   To the contrary, the record evidence establishes that during the investigation, Doherty informed Kahr that: "while she was at the NSM, Reshma saw her on a break and asked her to come over and see something on [Plaintiff's] phone. [Plaintiff] was with a group of sales reps and was showing them a sexually oriented website called Kamasutra.  Roxanne told Reshma that she was not interested in looking at this and she should close it down and focus on the meeting." (Kahr. Cert., [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - Doherty HR Interview Notes identified as Pacira 000082).  Further, Plaintiff herself testified that she could tell Doherty was "uncomfortable" by the Kama Sutra images. (Panzini Cert. [ECF No. 82.2, 86.2] - Exhibit 10, Abell Dep., at 230:5-6).

121.    For the limited purposes of this motion, Defendants admit that Plaintiff testified as described in paragraph 121 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion as Plaintiff's subjective intent is not dispositive to this motion.

122.    For the limited purposes of this motion, Defendants admit that Kahr made the decision to terminate Plaintiff because the conduct she engaged in by viewing the Kama Sutra at the NSM made others uncomfortable, and this behavior violated Pacira's values and anti-harassment policy as described in paragraph 121 of the PSSOF.  Defendants deny Plaintiff's statement "Kahr chose not to verify the specifics of the allegations he had reportedly received from Roxanne [Doherty], Huddy, and Whaley" as there are no citations to the discovery record for this statement, and it is therefore not supported by any record evidence.  Further, the statement is entirely speculative.

123.    For the limited purposes of this motion, Defendants admit that Kahr testified as described in paragraph 123 of the PSSOF.  Indeed, Kahr's testimony supports Defendants' position that Plaintiff admitted to viewing the Kama Sutra, and when Plaintiff offered context for this incident, she never explained that Massicotte or Heritage showed the Kama Sutra images on her phone to others.  She only expressed that she did not view the Kama Sutra for very long, and she personally did not view it to be a "big deal" or "distraction." (See Panzini Reply Cert., Exhibit 23 - Kahr Dep., at 215:5-11; see also Kahr Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Interview Notes identified as Pacira 000084 attached to Kahr Cert).  Plaintiff's personal beliefs that viewing the Kama Sutra at a work event for a short period of time and that she did not view her conduct to be offensive are not material to the disposition of this motion.

124-125.    For the limited purposes of this motion, Defendants admit that Plaintiff testified as described in paragraphs 124-125 of the PSSOF, however, the statements therein are immaterial to

the resolution of this motion.  After two employees reported being uncomfortable by Plaintiff's conduct pertaining to the Kama Sutra, Plaintiff admitted to viewing the Kama Sutra, showing it to at least two others, and what it depicted, no further inquiry was necessary. (See DSOF at ¶ 87 citing: Kahr Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Termination Notes identified as Pacira 000086; Panzini Cert. [ECF No. 82.2-81.3], Exhibit 4 - Kahr Dep., at 227:11-20, 230:13-231:2; see also Panzini Reply Cert., Exhibit 23 - Kahr Dep., at 186:18-187:24; 205:1-5; 214:4-23; Kahr Reply Cert., at ¶ 3).

126-128.     For the limited purposes of this motion, Defendants admit that Kahr testified as described in paragraphs 126-128 of the PSSOF.    After two employees reported being uncomfortable by Plaintiff's conduct pertaining to the Kama Sutra, Plaintiff admitted to viewing the Kama Sutra, showing it to at least two others, and what it depicted, no further inquiry was necessary. (See DSOF at ¶ 87 citing: Kahr Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Termination Notes identified as Pacira 000086; Panzini Cert. [ECF No. 82.2-81.3], Exhibit 4 - Kahr Dep., 227:11-20, 230:13-231:2; see also Panzini Reply Cert., Exhibit 23 - Kahr Dep., at 186:18-187:24; 205:1-5; 214:4-23; Kahr Reply Cert., at ¶ 3).

128-131.     For the limited purposes of this motion, Defendants admit that Kahr testified as described in paragraphs 126-131 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion as Plaintiff does not assert any claim for religious or national origin discrimination in this lawsuit, nor does it change the inappropriateness of her conduct.  Further, Defendants deny Plaintiff's statement that Plaintiff did not do "any due diligence" as stated in paragraph 128.    After two employees reported being uncomfortable by Plaintiff's conduct pertaining to the Kama Sutra, Plaintiff admitted to viewing the Kama Sutra, showing it to at least two others, and what it depicted, no further inquiry was necessary. (See DSOF at ¶ 87 citing: Kahr

Cert. [ECF No. 82.4-82.5], at ¶ 12, Exhibit A - HR Termination Notes identified as Pacira 000086;

Panzini Cert. [ECF No. 82.2-81.3], Exhibit 4 - Kahr Dep., at 227:11-20, 230:13-231:2; see also

Panzini Reply Cert., Exhibit 23 - Kahr Dep., at 186:18-187:24; 205:1-5; 214:4-23; Kahr Reply

Cert., at ¶ 3).

132.     For the limited purposes of this motion, Defendants admit that Kahr testified as described in paragraph 132 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion as Defendants do not contend Plaintiff was terminated based on any prior disciplinary history.

133.     For the limited purposes of this motion, Defendants admit that Kahr testified as described in paragraph 133 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion as Defendants do not contend Plaintiff was terminated for violating a policy in the handbook concerning personal cell phone use.  Pacira terminated Plaintiff violating Pacira's values and anti-harassment policies for which Plaintiff testified she was well aware of. See paragraph 88 of the DSOF citing: Exhibit 10, Abell Dep., at 230:17-231:2; Recording of Plaintiff's Termination Meeting Recording to be provided to Chambers via USB and email and referred to as Exhibit 21.

### F.     **Inconsistencies Regarding Steve Huddy & Seth Whaley's Reported "Complaints"**

         i.     Steve Huddy

134-136.     For the limited purposes of this motion, Defendants admit the statements described paragraphs 134-136 of the PSSOF, however, the statements therein are immaterial to the resolution of this motion as Defendants do not contend Plaintiff was terminated for any incidents relating to a dinner she attended with Huddy prior to the NSM.

ii.    Seth Whaley

137.    For the limited purposes of this motion, Defendants admit the statements described

paragraph 137 of the PSSOF.  Further, Defendants note that during its discovery process, a few

pages of Defendants' production, which included Whaley's declaration, were erroneously

excluded due to a bates stamping error.  When this error was realized after the close of discovery,

Defendants made the production to correct the error, and in a show of good faith, Defendants

permitted Plaintiff to take the deposition of Whaley.

138-140.    For the limited purposes of this motion, Defendants admit that Whaley testified as

described in paragraphs 138-140 of the PSSOF.

141.    Defendants deny the statement in paragraph 141 of the PSSOF as it is contrary to

the record evidence.  Indeed, Whaley testified that Rock did **not** encourage him to report Plaintiff's

conduct of displaying the Kama Sutra at the NSM, stating "no" when asked "[d]id Rob encourage

you to reach out to HR?" (Panzini Reply Cert., Exhibit 24 - Whaley Dep. 47:7-8).

142.    For the limited purposes of this motion, Defendants admit that the people

referenced in paragraph 142 of the PSOMF are white males, however, the identification of their

race and gender are immaterial to the resolution of this motion as Plaintiff does not assert a race

claim in this litigation, and all of the men except for Kahr who are referenced in this paragraph

were not decisionmakers for Plaintiff's termination.

Accordingly, Plaintiff has not presented any genuine issues of material fact, and summary judgment in favor of Defendants is warranted.

Respectfully submitted,

JACKSON LEWIS P.C.
766 Shrewsbury Avenue, Suite 101
Tinton Falls, New Jersey 07724

By:      /s/ James J. Panzini
James J. Panzini
Pooja Bhutani
*Attorneys for Defendants*

Dated: August 9, 2021

4820-7211-7749, v. 1