James J. Panzini, Esq. (Bar ID: 022101990)
Pooja Bhutani (Bar ID: 169592016)
**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
East Tower, Suite 101
Tinton Falls, New Jersey 07724
T: 732-532-6148
F: 732-842-0301
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RESHMA ABELL, | : | |
| | : | Civil Action No.: |
| Plaintiff, | : | 2:18-cv-16509 (MCA) (AME) |
| | : | |
| v. | : | |
| | : | **DECLARATION OF RICHARD KAHR IN** |
| PACIRA PHARMACEUTICALS, INC., | : | **SUPPORT OF DEFENDANTS' MOTION FOR** |
| DAVE STACK, individually and in his | : | **SUMMARY JUDGMENT** |
| capacity as Chief Executive Officer of | : | |
| PACIRA PHARMACEUTICALS, INC., | : | |
| and RICH KAHR, PETER MURPHY, | : | |
| DENNIS McLOUGHLIN, PAUL | : | |
| CIAVOLELLA, GLENN REISER, JOYCE | : | |
| DAVIS AND MATT LEHMANN, in their | : | |
| capacities as employees of PACIRA | : | |
| PHARMACEUTICALS, INC., | : | |
| | : | |
| Defendants. | : | |

**Richard Kahr**, of full age, declares as follows:

1. I am the Vice President of Human Resources at Pacira Pharmaceuticals, Inc. ("Pacira"). I am submitting this declaration in support of Defendants' Reply Brief in support of Defendants' motion for summary judgment.

2. During the course of my investigation into the TopGolf incident, I received notes from Robert Rock in the form of a word document which detailed "Additional info." concerning Plaintiff. (See Defendants' Statement of Undisputed Material Facts, ECF No. 86.1, at

¶ 70, citing the email between Rock and Kahr re. HR interview, identified as Pacira 000089-90, attached as Exhibit 18 to Panzini Cert. with Defendants' moving brief).  Specifically, this document detailed four alleged incidents of Plaintiff engaging in inappropriate conduct, one of which was the incident pertaining to Plaintiff showing images of the Kama Sutra at the NSM.  As Rock was a party to an active investigation concerning Plaintiff arising out of the TopGolf event, and Rock's notes did not reflect a first-hand account of any of the incidents reflected therein, I did not rely on these notes to initiate an investigation into Plaintiff's conduct at the NSM or otherwise.

3. The basis for the decision to investigate the Kama Sutra incident arose when I received unsolicited information during the course of the TopGolf investigation concerning Plaintiff's behavior at the NSM relating to the Kama Sutra from witnesses other than Rock.  After I received the reports regarding Plaintiff's conduct at the NSM, my next step was to speak to her directly regarding the allegations.  Given that she admitted that she viewed the Kama Sutra at the NSM which depicted images of people engaged in sex in various positions, she showed it to at least two others, and I had received information about two employees being offended by her behavior, I did not feel that I needed any additional information as part of the investigation.

4. My investigation into the TopGolf incident was inconclusive because I did not receive corroboration of the events which transpired between Plaintiff and Rock.

*Rich Kahr*
RICHARD KAHR
VP of Human Resources
Pacira Pharmaceuticals, Inc.

Date:   August 9, 2021

4814-8643-8645, v. 1

2