James J. Panzini, Esq. (Bar ID: 022101990)
Pooja Bhutani, Esq. (Bar ID: 169592016)
**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
East Tower, Suite 101
Tinton Falls, New Jersey 07724
T: 732-532-6148
F: 732-842-0301
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr><td>

RESHMA ABELL,

                Plaintiff,

         v.

PACIRA PHARMACEUTICALS, INC.,
DAVE STACK, individually and in his
capacity as Chief Executive Officer of
PACIRA PHARMACEUTICALS, INC.,
and RICH KAHR, PETER MURPHY,
DENNIS McLOUGHLIN, PAUL
CIAVOLELLA, GLENN REISER,
JOYCE DAVIS AND MATT
LEHMANN, in their capacities as
employees of PACIRA
PHARMACEUTICALS, INC.,

              Defendants.

</td><td>

Civil Action No.:
2:18-cv-16509 (MCA) (AME)

</td></tr>
</table>

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AND SERVE AND AMENDED/SUPPLEMENTAL COMPLAINT*

---

Of Counsel and on the Brief:

    James J. Panzini, Esq. (Bar ID: 022101990)
    Pooja Bhutani (Bar ID: 169592016)

* This version of the Memorandum of Law is **CORRECTED**. The previously filed version, ECF No. 113, has been replaced with this **CORRECTED** version.

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ............................................................................1

PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT ..................................2

LEGAL ARGUMENT.........................................................................................3

POINT I ...........................................................................................................3

PLAINTIFF'S MOTION TO AMEND HER COMPLAINT MUST BE DENIED AS PLAINTIFF HAS FAILED TO ESTABLISH "GOOD CAUSE" UNDER FED.R.CIV.P.16. ........................................3

POINT II ..........................................................................................................5

PLAINTIFF'S MOTION TO AMEND HER COMPLAINT MUST BE DENIED ON THE GROUNDS OF UNDUE DELAY, UNDUE PREJUDICE, AND FUTILITY...........................................................5

A. Plaintiff's Motion To Amend Is The Product Of Undue Delay.......................6

B. Plaintiff's Motion To Amend Would Cause Undue Prejudice .........................7

C. Plaintiff's Motion To Amend The Complaint Must Be Denied Based on Futility .............................................................10

1. The MyoScience Allegations are Barred By The Applicable Statute Of Limitations. .................................................10

2. The Flexion Allegations Constitute Unsupported Allegations and Cannot be Proven.................................................11

CONCLUSION....................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Amland Props. Corp. v. Aluminum Co. of Am.,
808 F. Supp. 1187 (D.N.J. 1992) ............................................................11

Arab African Int'l Bank v. Epstein,
10 F.3d 168 (3d Cir. 1993)......................................................................11

Boerger v. Commerce Ins. Servs.,
2005 U.S. Dist. LEXIS 30239 (D.N.J. 2005) .........................................10

Bonczek v. Carter-Wallace, Inc.,
304 N.J. Super. 593 (App. Div. 1997) ......................................................6

Bridgeport Music, Inc. v. Dimension Films,
410 F.3d 792 (6th Cir. 2005) .....................................................................8

In re Burlington Coat Factory Secs. Litig.,
114 F.3d 1410 (3d Cir. 1997).............................................................5, 10

Caldwell v. KFC Corp.,
958 F. Supp. 962 (D.N.J. 1997) .........................................................5, 10

Carr v. New Jersey,
2012 U.S. Dist. LEXIS 62042 (D.N.J. 2012) ...........................................6

Chancellor v. Pottsgrove Sch. Dist.,
501 F. Supp. 2d 695 (E.D. Pa. 2007) .......................................................4

County of Morris v. Fauver,
153 N.J. 80 (1998) ..................................................................................11

Cureton v. NCAA,
252 F.3d 267 (3d Cir. 2001).....................................................................6

Dover Steel Co., Inc. v. Hartford Accident and Indemnity Co.,
151 F.R.D. 570 (D.N.J. 1993)...............................................................5, 7

Eastern Minerals & Chems. Co. v. Mahan,
225 F.3d 330 (3d Cir. 2000).....................................................................4

Fermin v. Toyota Material Handling, U.S.A., Inc.,
2012 U.S. Dist. LEXIS 56422 (D.N.J. 2012) .......................................4, 5

Fishbein Family P'ship. v. PPG Indus., Inc.,
    871 F. Supp. 764 (D.N.J. 1994) ................................................................6, 7

Fourte v. Countrywide Home Loans, Inc.,
    2009 U.S. Dist. LEXIS 84146 (D.N.J. 2009) ...........................................9

Garvin v. City of Philadelphia,
    354 F. 3d 215 (3d Cir. 2003).....................................................................11

Glassman v. Computervision Corp.,
    90 F.3d 617 (1st Cir. 1996)........................................................................10

Great W. Mining & Mineral Co. v. Fox Rothschild LLP,
    2009 U.S. Dist. LEXIS 20730 (D.N.J. 2009) ......................................10, 11

Gregory v. Admin. Office of the Courts of N.J.,
    168 F. Supp. 2d 319 (D.N.J. 2001) ...........................................................10

Harrison Beverage Co. v. Dribeck Importers, Inc.,
    133 F.R.D. 463 (D.N.J. 1990)......................................................................8

Heyl & Patterson, Inc. v. F.D. Rich Hous. of the Virgin Islands, Inc.,
    663 F.2d 419 (3d Cir. 1981).....................................................................5, 10

Kongtcheu v. Hosp. for Special Surgery,
    2015 U.S. Dist. LEXIS 147886 (D.N.J. 2015) .......................................3, 4

Lorenz v. CSX Corp.,
    1 F.3d 1406 (3d Cir. 1993).........................................................................6

Montells v. Haynes,
    133 N.J. 282 (1993) ....................................................................................10

Oran v. Stafford,
    34 F. Supp.2d 906 (D.N.J. 1999) ...............................................................6

Phillips v. Borough of Keyport,
    179 F.R.D. 140 (D.N.J. 1998).....................................................................6

Ruotolo v. City of New York,
    514 F. 3d 184 (2d Cir. 2008).......................................................................8

Tri 3 Enters., LLC v. Aetna, Inc.,
    2015 U.S. Dist. LEXIS 21123 (D.N.J. 2015) ............................................10

Trs. of the Local 464A UFCW Pension Fund v. Wachovia Bank, N.A.,
    2011 U.S. Dist. LEXIS 15176 (D.N.J. 2011) ...........................................3, 4

Vision Mortgage Corp., Inc. v. Chiapperini,
   156 N.J. 580 (1999) ................................................................................................ 11

**Rules**

Federal Rules of Civil Procedure 16 ................................................................... *passim*

**Statutes**

New Jersey Law Against Discrimination ............................................................. *passim*

## PRELIMINARY STATEMENT

This 2018 matter began as a Complaint with five causes of action against ten Defendants that has been heavily litigated and streamlined through the litigation process. After extensive discovery and motion practice over the course of more than four years, the matter has been reduced to a single claim of retaliation under the New Jersey Law Against Discrimination ("LAD"). Now, over four years later, as the parties are awaiting a trial date, Plaintiff seeks to expand the scope of the case based on facts known to her at least one year ago and as many as four years ago.

Specifically, by way of this motion, Plaintiff requests this Court grant her motion for leave to file an amended/supplemented complaint to add factual allegations and remedies nearly five years after her employment with Pacira terminated; more than four years after she filed her initial complaint; and nearly three years after the deadline for filing motions to amend expired. Plaintiff primarily seeks to amend the Complaint to add references to two factual scenarios which she contends constitutes "continuing retaliation" as follows: (1) the alleged denial of her conditional job offer with MyoScience, Inc. ("MyoScience") which she alleges occurred after Pacira acquired MyoScience, and; (2) the alleged denial of a severance offer when her employment with Flexion Therapeutics, Inc. ended ("Flexion") due to a company-wide layoff which occurred upon Pacira's acquisition of Flexion. Importantly, these proposed amendments are significant as they are based on two acquisitions which occurred nearly four years ago (and is time-barred under the LAD as the Myoscience acquisition completed in April 2019) and one year ago (as the Flexion acquisition completed in November 2021), respectively.[1] Plaintiff, however, affirmatively chose to wait until the

---

[1] Plaintiff also proposes to amend the Complaint: to delete those individual defendants, causes of action, and factual allegations related to the causes of action that have been withdrawn and/or dismissed through the course of the litigation, and; to change the damages figure in the *ad damnum* clause of the original complaint to the larger figure estimated by Plaintiff's economic expert. While Defendants do not object to these changes in theory, the proposed revisions are futile.

Specifically, with respect to deleting the dismissed or withdrawn claims, these changes are futile at this late stage of the litigation as the matter will be tried on behalf of the remaining LAD claim and Defendants, with or without the amendment.

eleventh hour – after the parties have completed all fact and expert discovery, submitted a summary judgment motion and final pre-trial order, and attended a final pre-trial conference to file this motion.

Plaintiff's motion to amend the complaint at this late stage of the litigation must be denied as she has failed to establish the "good cause" as required. Even in the unlikely event that Plaintiff can establish the requisite "good cause" to have asserted the forementioned allegations, Plaintiff's motion must be denied as to on the grounds of undue delay, undue prejudice and futility.

## PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT

Plaintiff's proposed First Amended Complaint ("FAC")[2] seeks to:

1.      add approximately twenty paragraphs relating to Plaintiff's damages and claims for "continuing retaliation" (see FAC, at §§ 62-75, 109-110); attributed to:

(a)      the alleged denial of a job offer to Plaintiff by MyoScience after it was acquired by Pacira in April 2019 (see FAC, at §§ 64-66, referred to as the "MyoScience allegations");

(b)      a company-wide layoff by former employer, Flexion, which was acquired by Pacira in January 2022 (see FAC, at §§ 67, 69-70); and;

(c)      the alleged denial of severance package from Flexion in January 2022 (see FAC, at §§ 68, 71-75) (sections (b) and (c), at FAC §§ 67-75, referred to collectively as "the Flexion allegations");

2.      delete all individual defendants, causes of action, and factual allegations related to the causes of action that have been withdrawn and/or dismissed through the

---

Likewise, with respect to the change of the figure in the *ad damnum* clause of the pleadings, Plaintiff's economist's figure will be addressed at trial, with or without the amendment.

As such, for purposes of this motion, Defendants do not address Plaintiff's proposed amendments pertaining to any dismissed individuals or causes of action or the revision of the damages amount.

[2] A copy of the FAC is attached as Exhibit C to the Stewart Decl. in support of Plaintiff's moving papers (See ECF No. 110-5).

course of the litigation, and;

      3.     increase the damages figure in the *ad damnum* clause of the original complaint to the larger figure estimated by Plaintiff's economic expert.[3] See FAC, at § 110.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S MOTION TO AMEND HER COMPLAINT MUST BE DENIED AS PLAINTIFF HAS FAILED TO ESTABLISH "GOOD CAUSE" UNDER F.R.C.P. 16.

Pursuant to the Scheduling Order governing this matter, the deadline for filing motions to amend to add new parties and claims was December 27, 2019. See ECF No. 51[4]. Plaintiff would have certainly been aware of the MyoScience allegations by this point as Pacira's acquisition of MyoScience completed in April 2019. Rather than address any reason for why Plaintiff has only requested to amend her Complaint to add these facts to her pleading nearly four years later in November 2022, Plaintiff attempts to avoid this potential argument by ignoring *any* reference to the dates she learned of these allegations in her moving papers and the proposed FAC.

Third Circuit courts have consistently held that, when a party seeks "to amend the pleadings after the deadline set by the Court," the party "must satisfy the requirements of [F.R.C.P.] 16(b)(4), i.e., that party must show 'good cause.'" Kongtcheu v. Hosp. for Special Surgery, 2015 U.S. Dist. LEXIS 147886, at *3 (D.N.J. 2015)[5]; see also Trs. of the Local 464A UFCW Pension Fund v.

---

[3] For points (2) and (3), while Defendants do not object to these changes in theory, the proposed revisions are futile. Specifically, with respect to deleting the dismissed or withdrawn claims, these changes are futile at this late stage of the litigation as the matter will be tried on behalf of the remaining LAD claim and Defendants, with or without the amendment. Likewise, with respect to the change of the figure in the *ad damnum* clause of the pleadings, Plaintiff's economist's figure will be addressed at trial, with or without the amendment.

As such, for purposes of this motion, Defendants do not address Plaintiff's proposed amendments pertaining to any dismissed individuals or causes of action or the revision of the damages amount.

[4] This deadline was not amended in any subsequent scheduling orders entered by the Court.
[5] A copy of the Kongtcheu decision is attached to the Panzini Decl. as Exhibit 1.

Wachovia Bank, N.A., 2011 U.S. Dist. LEXIS 15176, at *5 (D.N.J. 2011)[6] (F.R.C.P. 16 "governs requests to amend pleadings once a scheduling order has been entered"); Fermin v. Toyota Material Handling, U.S.A., Inc., 2012 U.S. Dist. LEXIS 56422, at *10 (D.N.J. 2012)[7] (noting that a plaintiff must demonstrate good cause to amend a pleading after the deadline set forth in the scheduling order has expired). "To demonstrate good cause under Rule 16, the moving party must show 'due diligence.'" Kongtcheu, 2015 U.S. Dist. LEXIS 147886, at *4. "Absent diligence, there is no 'good cause.'" Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 702 (E.D. Pa. 2007).

In analyzing whether the moving party has demonstrated the requisite diligence, "courts consider whether the movant 'possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." Id. Thus, "if a movant knew about the need to file a motion to amend before the deadline expired, or if the movant did not satisfactorily explain the delay, the court may deny the motion." Id.; see also Eastern Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000).

In Fermin, following the expiration of the deadline to file amendments to pleadings, the plaintiff moved to amend his complaint to add a claim for punitive damages. 2012 U.S. Dist. LEXIS 56422, at *2-3. In denying the plaintiff's motion, the court found plaintiff failed to show good cause because the plaintiff failed to act promptly in seeking leave to amend. Id.

The facts in this matter, even more so than in Fermin, require dismissal of Plaintiff's motion to amend for failure to establish the requisite good cause. The Scheduling Order in this matter set the deadline for filing motions to amend to add new parties or claims as December 27, 2019. (See ECF No. 51). This deadline was several months *after* the claimed MyoScience allegations would have occurred. Although Plaintiff would not have been aware of the Flexion allegations at the time

---

[6] A copy of the Trs. of the Local 464A UFCW Pension Fund decision is attached to the Panzini Decl. as Exhibit 2.
[7] A copy of the Fermin decision is attached to the Panzini Decl. as Exhibit 3.

of this deadline, Plaintiff did not request an extension of this deadline at any point prior to the filing of the within motion.  Indeed, in the case at bar, we are not only beyond the date set by the Court to amend, but we are beyond the date of the pre-trial submissions and final pre-trial conference.  Further, Plaintiff does not even attempt to explain why there has been such a delay in seeking leave to amend her pleading now and rather conceals the dates that these events occurred so that the delay in attempting to assert these facts are not readily ascertainable.

Thus, as in <u>Fermin</u>, Plaintiff clearly "possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the deadline had expired."  2012 U.S. Dist. LEXIS 56422, at *8-9.  Accordingly, Plaintiff's motion to amend must be denied as she has simply failed to meet the "good cause" standard of <u>F.R.C.P.</u> 16.

**POINT II**

**PLAINTIFF'S MOTION TO AMEND HER COMPLAINT MUST BE DENIED ON THE GROUNDS OF UNDUE DELAY, UNDUE PREJUDICE, AND FUTILITY.**

Even under the less stringent standard required by <u>F.R.C.P.</u> 15(a), Plaintiff's motion to amend must nonetheless fail.  Though <u>F.R.C.P.</u> 15(a) instructs the courts to generally grant leave to amend "freely," it is not automatic, and rests within the sound discretion of the judge. <u>Dover Steel Co., Inc. v. Hartford Accident and Indemnity Co.</u>, 151 F.R.D. 570, 574 (D.N.J. 1993).

Among the grounds that justify a denial of leave to amend under <u>F.R.C.P.</u> 15(a) are undue delay, bad faith, dilatory motive, prejudice, and futility. <u>See</u> <u>In re Burlington Coat Factory Secs. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997); <u>Heyl & Patterson, Inc. v. F.D. Rich Hous. of the Virgin Islands, Inc.</u>, 663 F.2d 419, 425 (3d Cir. 1981); <u>Caldwell v. KFC Corp.</u>, 958 F. Supp. 962, 966 (D.N.J. 1997).  Plaintiff's motion must be denied on these grounds.

**A.     Plaintiff's Motion To Amend Is The Product Of Undue Delay.**

It is well-established that undue delay can be the grounds for denial of leave to amend. Phillips v. Borough of Keyport, 179 F.R.D. 140 (D.N.J. 1998); see also Oran v. Stafford, 34 F. Supp.2d 906 (D.N.J. 1999).  A delay is undue when it places "an unwarranted burden on the court," or places on "unfair burden on the opposing party." Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001); see also Bonczek v. Carter-Wallace, Inc., 304 N.J. Super. 593, 602 (App. Div. 1997), certif. denied, 153 N.J. 51 (1998) (affirming denial of motion to amend "particularly where the motion is to add new claims or new parties late in the litigation" based on allegations that had been earlier known by plaintiff).  Denial of a motion to amend on the basis of undue delay is proper "when the movant is unable to 'satisfactorily explain' the reasons for delay," Fishbein Family P'ship. v. PPG Indus., Inc., 871 F. Supp. 764, 769 (D.N.J. 1994); see also Phillips, supra, 179 F.R.D. at 149 (finding that "'[u]ndue delay which is not satisfactorily explained is equivalent to bad faith.'") (citations omitted). Denial of leave is also proper if plaintiff had been aware of the information that are the subject of the proposed amended complaint but did not act timely in order to pursue it. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (leave to amend was properly denied when requested three years after the start of the litigation); Cureton,  252 F.3d at 273 (denial of leave to amend was appropriate because plaintiff filed motion three years after the initial complaint filings and knew of the facts underlying the amendment for more than two years); Carr v. New Jersey, 2012 U.S. Dist. LEXIS 62042, at *4-5 (D.N.J. 2012)[8] (denying motion to file amended complaint due to undue delay and unfair prejudice because plaintiff sought to add a new claim after the case had been pending for three years).

As set forth supra, nearly five years after Plaintiff's employment with Pacira terminated, over four years after this litigation commenced, nearly four years and one year and after she had been aware of the MyoScience and Flexion allegations which she contends constitutes a

---

[8] A copy of the Carr decision is attached to the Panzini Decl. as Exhibit 4.

"continuing retaliation" theory, Plaintiff seeks to amend her Complaint.  Plaintiff had known about the MyoScience allegations *while* discovery was ongoing in this case and before the deadline to amend pleadings passed.  Plaintiff claims that such allegations are still timely, and Defendants had been aware of the allegations. Pl. Br., at pps. 2-3.  However, the claims *cannot* be timely because the MyoScience acquisition finalized in April 2019. See Panzini Decl., at ¶ 6.  Further, Plaintiff's counsel only referenced this allegation for the first time in November 2022 *after* the November 4, 2022 pre-trial conference, and there has been no discovery on this subject. Id. at ¶¶ 11, 13.

Additionally, Plaintiff had known about the Flexion acquisition since October 2021, the layoff and severance offer since November 2021, and her alleged issues with the release accompanying the severance offer since December 2021 but did nothing to assert this claim earlier in this litigation despite having the opportunity to do so for one year prior. Id. at ¶¶ 6-7, 10.  Indeed, there was ample opportunity for Plaintiff to have requested leave to amend the Complaint, certainly well before the parties submitted a voluminous joint pre-trial order, attended a final pre-trial conference in November 2022, and the case became trial-ready.  In her moving papers, Plaintiff fails to offer any explanation for the undue delay in seeking to add these allegations and remedies at this late stage of the litigation. See generally Pl. Br.

**B.      Plaintiff's Motion To Amend Would Cause Undue Prejudice.**

The Court's consideration of a motion to amend must also be tempered by the undue prejudice suffered by the non-moving party in permitting an amendment.  Fishbein Family P'ship., 871 F.Supp. at 768-69 (finding that undue prejudice is the "touchstone for the denial of leave to amend.'"); Dover Steel Co., 151 F.R.D. at 574 ("[U]ndue prejudice to the nonmovant is of paramount concern when considering a motion to amend pleadings.").

The parties have litigated the matter extensively and completed fact and expert discovery, which included two dispositive motions, an extensive ESI review and document

production, eight depositions, the exchange of detailed expert reports, attendance at various conferences, the submission of a detailed joint pre-trial order, and attendance at a final pre-trial conference.  Indeed, Defendants have met all of the Court's scheduling deadlines and have developed a defense strategy consistent with the pleadings filed and discovery exchanged.  Defendants have expended great sums of money and resources to diligently defend this matter.  Plaintiff's proposed amendments to the pleading are essentially revised theories of her case now that all but one of her claims and individuals have been withdrawn or dismissed.  Permitting Plaintiff to amend her complaint at this late stage of the litigation and which will require discovery to be reopened – after the parties have submitted a joint, pre-trial order and attended a final pre-trial conference which summarizes the parties' intended trial strategy based on the discovery record to date and remaining claims – significantly unfairly prejudices Defendants.  This will require Defendants to re-assess their entire defense to consider claims known to Plaintiff for years and to reopen discovery.

In Plaintiff's moving papers, she attempts to minimize the amount of discovery that will need to be exchanged if the new allegations are permitted.  Pl. Br., at p. 3.  However, this is merely a smoke screen as the discovery will be substantial because there has been no exchange of documents or information regarding the MyoScience or Flexion allegations.  Panzini Decl., at ¶¶ 3-4; see also Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990) (finding that a proposed amendment requiring the reopening of discovery demonstrates prejudice to the non-moving party); Bridgeport Music, Inc. v. Dimension Films, 410 F.3d 792, 805-07 (6th Cir. 2005) (finding unfair prejudice exists where defendant is required to respond to a new claim close to the discovery deadline); Ruotolo v. City of New York, 514 F. 3d 184, 192 (2d Cir. 2008) (finding that whether the non-moving party will need to expend additional resources to conduct discovery or would involve significant delays to resolution of the dispute is important to assess prejudice).

Indeed, Defendants expect Plaintiff will, at the minimum, request the exchange of all documentation concerning: the alleged job offer and rescindment with MyoScience; details regarding Flexion's group layoff, including the severance offer and release terms made to Plaintiff and others; and; documentation concerning the MyoScience and Flexion acquisitions.  As Plaintiff's proposed amendments also relate to damages, experts will also be required to issue revised reports.  Moreover, the parties will be required to re-depose Plaintiff, Kahr, two experts, all relevant decisionmakers related to the Myoscience and Flexion allegations, and potentially any other individuals identified. Additionally, there may be information gathering challenges for Pacira to locate information from two entities which it acquired years ago, and one of which underwent a significant layoff as many individuals with relevant knowledge are likely no longer with the company.  With respect to MyoScience specifically, Pacira may no longer have access to any of the relevant documents, to the extent any previously existed. See Panzini Decl., at ¶¶ 4, 6.  Thus, it is likely there will be significant time expenditures, expense, potential trial delays, and the record could be incomplete.

Notwithstanding this, the parties will also be required to re-file joint pre-trial orders based on the new information and attend an additional final pre-trial conference.  This is yet another expense, is duplicative, and burdensome for the parties and to the Court.  Thus, Plaintiff's attempt to re-start this litigation at this late stage will also negatively impact the Court.  See Fourte v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 84146, at *26 (D.N.J. 2009)[9] ("courts have also considered their own responsibility to conserve scarce judicial resources.").

Plaintiff is essentially seeking to replead her theories of the case after voluntarily withdrawing and/or having several of her earlier claims and individual defendants dismissed.[10] Permitting Plaintiff to replead her claims to mold her case to the evidence provides Plaintiff with a

---

[9] A copy of the Fourte decision is attached to the Panzini Decl. as Exhibit 5.
[10] Indeed, Plaintiff's attempt to change her theories of the case are clearly evidenced by the FAC. See generally FAC and § 60 of the FAC, and fn 4, supra.

second bite at the apple and will create significant prejudice to Defendants who have already finalized a trial strategy as set forth in the joint pre-trial order already submitted. Plaintiff's motion must, therefore, be denied based on undue prejudice to Defendants as well as the Court.

### C.    Plaintiff's Motion To Amend The Complaint Must Be Denied Based On Futility.

Futility is one reason denial of leave to amend a complaint is granted. See Burlington, 114 F.3d at 1434; Heyl, 663 F.2d at 425; Caldwell, 958 F. Supp. at 962.  "Futility" means that the complaint, as amended, would fail to state a claim.  See Glassman v. Computervision Corp., 90 F.3d 617 (1st Cir. 1996); see also Tri 3 Enters., LLC v. Aetna, Inc., 2015 U.S. Dist. LEXIS 21123, at *16 (D.N.J. 2015)[11] ("An amendment is futile if it 'is frivolous or advances a claim or defense that is legally insufficient on its face.'"); Gregory v. Admin. Office of the Courts of N.J., 168 F. Supp. 2d 319, 326 (D.N.J. 2001) (dismissal may be warranted "if it appears certain the plaintiff cannot prove any set of facts in support of its claims which would entitle it to relief.").  Thus, the futility of a claim is assessed under the same standard of legal sufficiency as a motion to dismiss under F.R.C.P. 12(b)(6).  Boerger v. Commerce Ins. Servs., 2005 U.S. Dist. LEXIS 30239, at *8-9 (D.N.J. 2005).[12] A Court will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 2009 U.S. Dist. LEXIS 20730, at *6 (D.N.J. 2009).[13]

### 1.    The MyoScience Allegations are Barred By The Applicable Statute Of Limitations.

Indeed, it is well-settled that the statute of limitations for LAD claims is two years. N.J.S.A. 2:14-2(a); Montells v. Haynes, 133 N.J. 282, 292 (1993).  A claim accrues, for statute of limitations purposes, on "the date on which 'the right to institute and maintain a suit' first arose."  See

---

[11] A copy of the Tri 3 Enters., LLC decision is attached to the Panzini Decl. as Exhibit 6.
[12] A copy of the Boerger decision is attached to the Panzini Decl. as Exhibit 7.
[13] A copy of the Great W. Mining & Mineral Co. decision is attached to the Panzini Decl. as Exhibit 8.

County of Morris v. Fauver, 153 N.J. 80, 107 (1998) (internal citations omitted).  That is, the statute of limitations begins to run from the moment of the alleged wrong.  Amland Props. Corp. v. Aluminum Co. of Am., 808 F. Supp. 1187, 1189 (D.N.J. 1992); see also Vision Mortgage Corp., Inc. v. Chiapperini, 156 N.J. 580, 586 (1999) (cause of action accrues when the plaintiff knows or should have known that it suffered legal injury).

Though Plaintiff does not specify when her job offer with MyoScience was rescinded (and Defendants dispute this fact), Pacira's acquisition of MyoScience completed in April 2019. Assuming that Plaintiff's offer was rescinded in April 2019 at the time the acquisition completed, the last possible day she could have asserted a claim was April 2021, nearly two years ago.  As such, Plaintiff's MyoScience allegations are clearly barred by the statute of limitations. See Arab African Int'l Bank v. Epstein, 10 F.3d 168, 175 (3d Cir. 1993) (denying leave to amend when claim was time-barred); see also Garvin v. City of Philadelphia, 354 F. 3d 215, 222 (3d Cir. 2003) (same).

## 2.    The Flexion Allegations Constitute Unsupported Allegations and Cannot be Proven

The proposed Flexion allegations are also futile because Plaintiff cannot prove her claims concerning Flexion, and such claims constitute "unsupported conclusions, unwarranted inferences, [and] sweeping legal conclusions cast in the form of factual allegations." Great W. Mining & Mineral Co., 2009 U.S. Dist. LEXIS 20730, at *6.  Specifically, Plaintiff's primary allegations relating to Flexion is that she was "promised that she would receive a severance package if she was laid off as a result of a merger or acquisition" and she was "deprived [of] her promised severance package that was negotiated with Flexion as part of her compensation package before Pacira acquired Flexion."  See ECF No. 110-5, ¶¶ 68, 71.  However, Plaintiff's allegations are contradictory as the proposed pleadings suggest that Flexion did not offer her any severance agreement.  This is patently untrue and belied by the severance agreement that is attached as an exhibit to her counsel's declaration. See ECF No. 110-6.  Moreover, the layoff was group layoff, and Flexion offered Plaintiff

11

the same severance offer as others effected, which she rejected. See Panzini Decl., at ¶¶ 8-9.  The terms and conditions of the severance offers were created by Flexion, not Pacira, and no employee subject to the layoff was permitted to negotiate its terms. Id.  Plaintiff's contrary allegations are speculative and futile because she cannot prove any facts to support such claims.[14]

Additionally, the Flexion allegations also appear to be related to a claim for damages. To that end, it is worth noting that Plaintiff's employment with Pacira ended in March 2018 and Flexion ended effective January 2022, nearly a four year period of time.  Plaintiff also held two other jobs prior to working for Flexion.  Thus, Plaintiff's claims that Pacira subjected her to continuing retaliation when it coincidentally acquired a company she was employed with nearly four years later and/or that Pacira could be responsible for damages arising from employment she held subsequent to two other positions are too attenuated to be considered relevant as part of this 2018 lawsuit.

Granting leave for Plaintiff to pursue these futile claims, especially when this 2018 matter has already undergone a final pre-trial conference and is trial-ready, would be a grave error. Accordingly, Plaintiff's request for leave to amend her complaint must be denied.

## CONCLUSION

For the foregoing reasons and the other arguments stated herein, Defendants respectfully request that Plaintiff's motion seeking leave of the Court to file and serve an amended complaint/supplemented complaint must be denied in its entirety.

Respectfully submitted,

**JACKSON LEWIS, P.C.**
By: *s/James J. Panzini*

Dated: December 13, 2022                James J. Panzini

---

[14] This is also true of Plaintiff's allegations that "Pacira insisted that Plaintiff be laid off after its acquisition of Flexion," and/or that "Kahr was directly involved in the decisions to terminate Plaintiff from Flexion and in deciding to withhold her Flexion severance." See ECF No. 110-5, ¶¶ 70, 73; see also Panzini Decl., at ¶ 8.  Such allegations are merely subjective opinions.  Further, as addressed above, the terms and conditions of the severance offers were not created by Pacira (but by Flexion, prior to the acquisition). See Panzini Decl., at ¶ 8.  There is absolutely no basis to assert these allegations, and there will be no evidence whatsoever to support these conclusions.