NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RESHMA ABELL, <br><br>　　　　　　　　　　Plaintiff, <br><br>　　v. <br><br>PACIRA PHARMACEUTICALS, INC., et al., <br><br>　　　　　　　　　　Defendants. | Civil Action No. 18-16509-MCA-AME <br><br> OPINION and ORDER |

**ESPINOSA**, Magistrate Judge

　　This matter comes before the Court on the motion by plaintiff Reshma Abell ("Plaintiff") for leave to file a First Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a), to add facts alleging further retaliatory conduct by defendant Pacira Pharmaceuticals, Inc. ("Pacira"), in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-21 *et seq*. [ECF 110]. Pacira and individual defendant Richard Kahr ("Kahr") (collectively, "Defendants") oppose the motion. The Court has considered the written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is denied.

**I.　BACKGROUND**

　　**A.　Factual and Procedural History**

　　Briefly, this NJLAD action stems from Plaintiff's employment with Pacira, a specialty pharmaceutical company that makes a pain management medication for post-surgical use. Plaintiff worked as an account specialist for Pacira from May 2014 to March 14, 2018, when she

was terminated. On November 28, 2018, Plaintiff filed a five-count Complaint, asserting various state and federal claims against Pacira and eight individuals employed by Pacira. In relevant part, the Complaint alleges that Plaintiff was terminated in retaliation for reporting incidents of gender-based harassment and discrimination, which Plaintiff contends occurred during Pacira's national sales meeting in February 2018. Over the course of the litigation, the case was narrowed, by voluntary dismissal of certain defendants and by dispositive motion practice. The only remaining cause of action is the NJLAD retaliation claim against Pacira and Kahr, the company's Vice President of Human Resources.[1]

Procedurally, this action had reached the final pretrial stage when Plaintiff indicated she wished to amend the Complaint. The initial Pretrial Scheduling Order, entered in October 2019, initiated the discovery phase of the litigation, setting a fact discovery deadline of April 15, 2020, which was thereafter extended by amendment. The Pretrial Scheduling Order also directed that requests for leave to bring a motion to amend the complaint be filed no later than December 27, 2019. All discovery, including expert discovery, concluded in or about March 2021, and a motion for summary judgment was filed on May 7, 2021. The motion was granted in part and denied in part on December 28, 2021. Thereafter, following an April 1, 2022 status conference, this Court referred the matter to mediation, pursuant to Local Civil Rule 201.1, and accordingly stayed the action for 90 days. After the parties reported they were unable to reach a negotiated resolution, the Court held a further status conference on July 8, 2022, to set a schedule for

---

[1] As pled in the Complaint, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

preparation of a proposed final pretrial order. The parties filed a proposed final pretrial order on October 28, 2022.

On November 4, 2022, the Court held a final pretrial conference. During that conference, Plaintiff, though counsel, stated she wished to amend the Complaint to add factual allegations concerning two separate incidents she maintains constitute Defendants' continued retaliation for the protected activity giving rise to her original NJLAD claim. Despite the very belated request, the Court granted Plaintiff leave to file a motion to amend her Complaint, expressing no view on the merits of such motion.

### B.      Motion For Leave to File First Amended Complaint

Plaintiff filed this motion to amend on November 29, 2022. The crux of the proposed changes to the existing Complaint pertain to new allegations of two further acts of purported employment-related retaliation by Pacira and Kahr in connection with Plaintiff's efforts to secure another job and mitigate damages, after her 2018 termination from Pacira.[2] The first instance consists of the denial of a job opportunity Plaintiff was pursuing at a pharmaceutical company called MyoScience. According to the proposed First Amended Complaint, Plaintiff received a job offer from MyoScience, on some unspecified date. (*See* FAC ¶ 64.)[3] Plaintiff alleges that, before she was able to accept the offer, MyoScience was acquired by Pacira, which then immediately rescinded the offer. (*See id.* ¶¶ 65-66.) The second instance consists of the circumstances of her termination from Flexion Therapeutics ("Flexion"), a medical device

---

[2] As part of Plaintiff's proposed amendments, the First Amended Complaint would also delete originally-named defendants who have since been dismissed from this action and eliminate claims that are no longer viable, following the Court's summary judgment decision, and the allegations pertaining to those claims. These proposed amendments are not substantive, as the termination of parties and claims has already taken effect upon previously entered orders. Thus, this aspect of Plaintiff's motion warrants no discussion.

[3] The abbreviation "FAC" will be used for citations to the proposed First Amended Complaint.

3

manufacturer with which Plaintiff subsequently secured employment. The proposed First Amended Complaint asserts that Pacira acquired Flexion and "insisted that Plaintiff be laid off." (*Id.* ¶¶ 69-70.) Plaintiff alleges that, although Flexion had, as a term of her employment, promised a severance package in the event she was ever laid off due to acquisition or merger, "Plaintiff was asked to waiver [sic] her existing claims in this 2018 lawsuit brought against Pacira as a condition of receiving her severance payments from Flexion." (*Id.* ¶ 71-72.) Plaintiff further alleges she was deprived of this compensation "as further retaliation for refusing to drop the instant lawsuit." (*Id.* ¶ 71.) Moreover, she alleges Kahr was "directly involved" in the Flexion termination and severance decisions. (*Id.* ¶ 73.) In sum, the proposed First Amended Complaint would add factual allegations charging Defendants with "continuing retaliation" and with causing harm to Plaintiff's possibility of employment in the pharmaceutical and medical device industries, and would accordingly amplify her claim for damages under the NJLAD. (*Id.* ¶¶ 75, 109-110.)

## II. DISCUSSION

### A. Legal Standard

Motions for leave to amend pleadings are generally governed by liberal standard of Federal Rule of Civil Procedure 15(a)(2), which provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a motion is filed after the deadline set by court order, it is subject not only to Rule 15(a)(2) but also to the more stringent standard of Federal Rule of Civil Procedure 16(b)(4). *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Under Rule 16(b)(4), a party seeking leave to amend after expiration of the time set by the Court must demonstrate that there

4

is "good cause" to modify the scheduling order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). If the moving party meets the good cause standard, the Court then proceeds to analyze, as a matter of its discretion, whether leave to amend is warranted pursuant to Rule 15(a)(2). *Premier Comp Solutions*, 970 F.3d at 319 ("A party must meet this [good cause] standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard.").

There can be no dispute that this motion was filed long after the deadline set by the Court's Pretrial Scheduling Order. Accordingly, whether Plaintiff should be given leave to file the First Amended Complaint must first be evaluated under Rule 16(b)(4)'s good cause standard. "Rule 16(b)(4) focuses on the moving party's burden to show due diligence." *Race Tires Am*, 614 F.3d at 84; *see also Rogers v. Wilmington Trust Co.*, No. 21-1473, 2022 WL 621690, at *6 (3d Cir. Mar. 3, 2022) ("The touchstone for assessing whether there was good cause to amend a complaint is whether the moving party showed due diligence in bringing their claims."). To determine whether the moving party exercised diligence, the Court considers "'whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired.'" *Lloyd v. Jones-Connolly*, Civ. A. No. 20-912, 2022 WL 3572837, at *2 (D.N.J. Aug. 19, 2022) (quoting *Sabatino v. Union Twp.*, Civ. A. No. 11-1656, 2013 WL 1622306, at *4 (D.N.J. Apr. 15, 2013)).

Here, the Court begins its analysis by reviewing the available facts concerning Plaintiff's efforts to amend after obtaining the necessary facts. Despite the burden Plaintiff must meet to prevail on this motion, Plaintiff's moving brief does not address the good cause standard or

5

specify when the events underlying the proposed MyoScience and Flexion allegations occurred. However, other submissions related to the motion provide information bearing on the key question of whether Plaintiff has acted diligently. As to the MyoScience incident, Defendants' opposition papers assert Pacira's acquisition of MyoScience was completed in April 2019, and as such, any purported rescission of Plaintiff's job offer—a fact they claim Pacira's records do not confirm—would have occurred in or around 2019. *See* Decl. of James J. Panzini at ¶ 6. As to the Flexion incident, Plaintiff submits a certification by counsel attaching communications between Plaintiff and Pacira's human resources staff, which indicate Plaintiff knew as early as November 2021 that her employment with Flexion (by then acquired by Pacira) would be terminated due to reductions in force and that her severance was conditioned on signing a waiver of claims. *See* Cert. of Jason A. Stewart Ex. D.[4]

The foregoing information indicating *when* Plaintiff learned of the facts underlying the MyoScience and Flexion allegations has been noted for the purpose of conducting a good cause analysis under Rule 16(b)(4).[5] Considering the record before the Court on this motion, the question is: did Plaintiff act diligently to seek leave to amend after learning of Defendants' allegedly retaliatory actions in connection with the MyoScience and/or Flexion jobs? Given that Plaintiff waited almost an entire year to attempt to add the Flexion allegations, and even longer to add the MyoScience allegations, the answer must be no.

In her reply brief, Plaintiff focuses on the Flexion allegations, which she emphasizes concern an incident that did not arise until after the December 27, 2019 deadline to seek leave to

---

[4] Plaintiff in fact acknowledges November 2021 as the date related to the Flexion allegations and, further, concedes that the MyoScience allegations occurred at some earlier date. *See* Reply Br. at 1 and n.1.
[5] The parties also raise arguments concerning the timeliness of any retaliation claim insofar as it is based on the additional allegations, but the Court does not reach those statute of limitations arguments in this Opinion and Order.

amend. Plaintiff contends that, notwithstanding the lapse of time between the Flexion incident and this motion, good cause to allow amendment as to those allegations exists for various reasons. First, Plaintiff states that, when the Flexion incident occurred in or about November 2021, Defendants' motion for summary judgment remained under advisement. Second, Plaintiff points to a March 28, 2022 letter submitted to the Court, in advance of an April 1, 2022 status conference, in which she advised that, based upon the Flexion incident, she intended to supplement her expert report on damages and to introduce evidence at trial that Pacira further retaliated against Plaintiff. Third, Plaintiff maintains there is good cause to amend because the proposed amendment is limited to factual allegations pertaining to continuing retaliation and does not seek to add new parties or plead new causes of action.

These facts, even considered together, do not carry Plaintiff's burden to show diligence in attempting to amend the Complaint. The pendency of the motion for summary judgment did not, in and of itself, necessarily impede Plaintiff from alerting the Court to her wish to allege additional facts in support of her retaliation claim. Moreover, that motion was decided on December 28, 2021, and Plaintiff continued to litigate the action without raising the topic of amending the pleading. The information communicated in the March 28, 2022 letter is also unavailing. Though not filed on the docket, the relevant portion of the letter, noting the Flexion incident, is quoted by Plaintiff in her reply brief.[6] *See* Reply Br. at 2. In the letter, Plaintiff states that she will supplement her economic expert's report to incorporate the allegedly retaliatory termination and withheld severance. *Id.* She also states: "Plaintiff anticipates that the issue of

---

[6] The letter also discussed settlement-related matter and therefore was emailed directly to the Court, in accordance with paragraph 8 of its Civil Case Management Order.

Defendants' on-going and further retaliation and the introduction in support thereof … may be the subject of a motions *in limine*." *Id.* Not only does Plaintiff fail to express an intention to seek leave to amend but indeed acknowledges that the "further retaliation" evidence may be challenged as falling outside the bounds of this action. Lastly, as to the scope of the proposed changes to the Complaint, while this argument may be germane to the issue of prejudice to the non-moving party, it does not bear on the question of Plaintiff's diligence.

The Court notes that Plaintiff did not broach the possibility of filing a motion to amend at either the April 2022 or July 2022 status conferences, despite being in possession of facts she believed expanded her claim. Instead, Plaintiff waited until the date of the final pretrial conference, held almost an entire year after the Flexion incident and clearly much longer after the MyoScience incident, to request that the Court permit her to file this motion. On this record, the Court finds Plaintiff falls far short of the threshold demonstration of diligence required under Rule 16(b)(4). The motion for leave to amend the Complaint must therefore be denied.

Additionally, even if Plaintiff met the good cause standard, leave to amend is not warranted under Rule 15. While Rule 15(a)(2) provides that leave to amend must be freely given, it is equally well-established that courts retain discretion to deny leave for various equitable reasons including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment …." *Foman v.*

8

*Davis*, 371 U.S. 178, 182 (1962); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman*). Here, the motion fails on grounds of prejudice and undue delay.[7]

The Third Circuit has consistently recognized "that prejudice to the non-moving party is the 'touchstone for the denial of an amendment.'" *Arthur*, 434 F.3d at 204 (quoting *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). Plaintiff has argued that, due to the timing of the alleged acts of further retaliation, amending prior to the December 2019 deadline would have been an impossibility, even when exercising diligence. However, this argument does not cure the prejudice to Defendants resulting from amendment at this stage of the proceedings. Discovery concluded almost two years ago. The Court has decided Defendants' motion for summary judgment. The parties have engaged in mediation, and failing to reach a negotiated resolution, thereafter prepared a lengthy proposed final pretrial order. They appeared for the final pretrial conference on November 4, 2022. While no trial date has been set, the Court has refrained from doing so, in part, to allow Plaintiff the opportunity to file this motion. The action is, for all intents and purposes, on the eve of trial. Plaintiff's additional factual allegations would require a reopening of fact discovery, the revision of expert reports on damages, and, potentially, a renewed round of dispositive motion practice. The time, effort, and cost of these tasks, as needed to defend against new allegations introduced to the case over four years after it was filed, would prejudice Defendants' interests and cause unwarranted delay in the resolution of this matter.

As to undue delay in seeking to amend a complaint, the courts consider whether the moving party has inexplicably failed to take advantage of previous opportunities to amend,

---

[7] Defendants, in opposition to the motion, also argue that leave to amend should be denied on grounds of futility. Because the Court finds ample basis to deny the motion based on prejudice to Defendants and on undue delay by Plaintiff, in addition to the lack of good cause under Rule 16(b)(4), it declines to consider Defendants' argument that amendment would be futile.

9

resulting in unfair burdens to the court and the opposing party. *Arthur*, 434 F.3d at 204. For the reasons discussed, the Court finds that those circumstances are presented in this case. Engaging in additional fact discovery, the preparation of revised expert reports, and other pretrial case management tasks would impose a significant burden on both the Court and Defendants. Here, this burden is particularly unwarranted where Plaintiff has failed to justify prolonging litigation in this trial-ready case.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, this Court finds that Plaintiff fails to meet the burden of demonstrating good cause for this motion to amend the Complaint. It further finds, in its discretion, that leave to amend is not warranted based on prejudice to Defendants and undue delay by Plaintiff.

**IT IS** on this 31st day of January 2023,

**ORDERED** that, pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4), Plaintiff's motion for leave to file a First Amended Complaint [ECF 110] is **DENIED**.

 /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge