UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------------------x

| | |
|---|---|
| RESHMA ABELL,<br><br>          Plaintiff,<br><br>      v.<br><br>PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, and MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.,<br><br>          Defendants. | Civil Action No.:<br>2:18-cv-16509 (MCA) (AME) |

**DEFENDANTS' MOTION IN LIMINE AND MEMORANDUM OF LAW TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF KRISTIN K. KUCSMA, M.A.**

JACKSON LEWIS P.C.
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
T: 732-532-6148
*Attorneys for Defendants*

James J. Panzini, Esq.
John K. Bennett, Esq.,
    Of Counsel and
    On the Brief

Pooja Bhutani, Esq.
    On the Brief

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ..........................................................................................1

LEGAL ARGUMENT ..........................................................................................................2

POINT I .................................................................................................................................3

      THE PURPORTED EXPERT OPINION OF KUSCMA IS
      INADMISSIBLE UNDER FED. R. EVID. 702 ......................................................3

           A.    Kucsma Proffered Expert Opinion is Inadmissible As It Fails
                 To Invoke Scientific, Technical, Or Other Specialized
                 Knowledge ....................................................................................................4

           B.    Kuscma's Report Is Too Speculative ............................................................6

           C.    Kuscma's Report Will Not Assist The Jury And Will
               Confuse The Issues ......................................................................................9

CONCLUSION ...................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Amorgianos v. AMTRAK,
  303 F.3d 256 (2d Cir. 2002)..................................................................................6

Auto Distributors, Inc. v. Peugeot Motors of America, Inc.,
  795 F.2d 329 (4th Cir. 1986) ...............................................................................10

Daubert v. Merrell Dow Pharmaceuticals, Inc.,
  43 F.3d 1311 (9th Cir. 1995) ..............................................................................4, 5

Daubert v. Merrell Dow Pharmaceuticals, Inc.,
  509 U.S. 579 (1993)............................................................................................2, 4

Elcock v. Kmart Corp.,
  233 F.3d 734 (3d Cir. 2000)..................................................................................2

FedEx Ground Package Sys. v. Applications Int'l Corp.,
  695 F. Supp. 2d 216 (W.D. Pa. 2010)....................................................................6

GE v. Joiner,
  522 U.S. 136 (1997)...............................................................................................5

Herman Schwabe, Inc. v. United Shoe Machinery Corp.,
  297 F.2d 906 (2d Cir. 1962)................................................................................10

In re Jacoby Airplane Crash Litig.,
  2007 U.S. Dist. LEXIS 71012 (D.N.J. Aug. 27, 2007).........................................6

Johnson v. SJP Mgmt. LLC,
  2009 U.S. Dist. LEXIS 11272 (E.D. Pa. Feb. 12, 2009) .......................................6

Kumho Tire Co., Ltd. v. Carmichael,
  526 U.S. 137 (1999)............................................................................................2, 4

Lauzon v. Senco Prods., Inc.,
  270 F.3d 681 (8th Cir. 2001) ................................................................................4

McNamara v. Kmart Corp.,
  2010 U.S. App. LEXIS 9946 (3d Cir. May 14, 2010).......................................2, 9

In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,
  2008 U.S. Dist. LEXIS 37331 (S.D.N.Y. May 7, 2008)........................................4

Moore v. Ashland Chemical, Inc.,
    151 F.3d 269 (5th Cir. 1998) ...........................................................................................4

Multimatic, Inc. v. Faurecia Interior Sys. USA,
    2009 U.S. App. LEXIS 28156 (6th Cir. Dec. 22, 2009) ..............................................7

Nimely v. City of New York,
    414 F.3d 381 (2d Cir. 2005)...........................................................................................2

Polaino v. Bayer Corp.,
    122 F. Supp. 2d 63 (D. Mass. 2000) ............................................................................9

Robinson v. Midwest Folding Prods. Corp,
    2009 U.S. Dist. LEXIS 30395 (E.D. Pa. April 7, 2009) .............................................6

TIG Ins. Co. v. Newmont Mining Corp.,
    2005 U.S. Dist. LEXIS 22410 (S.D.N.Y. Oct. 3, 2005) .............................................5

Total Containment, Inc. v. Dayco Prods., Inc.,
    2001 U.S. Dist. LEXIS 15838 (E.D. Pa. Sept. 6, 2001) .............................................6

In re Wireless Tel. Servs. Antitrust Litig.,
    385 F. Supp. 2d 403 (S.D.N.Y. 2005)...........................................................................4

**Statutes**

New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. .................................1

**Rules**

Federal Rules of Evidence ("Fed. R. Evid.") 403....................................................2, 9

Fed. R. Evid. 702 ............................................................................................... *passim*

**PRELIMINARY STATEMENT**

The remaining defendants, Pacira Pharmaceuticals, Inc. ("Pacira") and Richard Kahr (collectively, "Defendants"), by and through their undersigned counsel, by and through their undersigned counsel, and pursuant to Rules 403 and 702 of the Federal Rules of Evidence, respectfully submit this motion in limine and memorandum of law to exclude the "Appraisal of Economic Loss to Reshma Abell" report and testimony of Kristin K. Kuscma, M.A. ("Kuscma"), who Plaintiff Reshma Abell ("Plaintiff"), designated as an economic expert. For the reasons set forth herein, Defendants respectfully request that their motion be granted.

Plaintiff commenced this action on or about November 28, 2018, asserting five employment-related claims against Pacira and several named individuals. After extensive discovery and motion practice over the course of nearly five years, including a motion for summary judgment which was granted for all but one remaining claim, the matter has been reduced to a single claim of retaliation under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, et seq. against two remaining Defendants, Pacira and Mr. Kahr.

In Sections 12 of the Final Joint Pretrial Order (ECF No. 123) signed by the Honorable Andre M. Espinosa on May 17, 2023, Plaintiff has indicated that she intends to introduce the report and expert testimony of Kuscma. Defendants respectfully submit that Kuscma does not meet the standard imposed for admission of expert testimony under Rule 702. Defendants also respectfully submit that Kuscma report is too speculative, will only cause confusion on the issue of damages, and is based upon data and methodology that do not meet the standards of Rule 702. Accordingly, Plaintiff should be precluded from introducing Kuscma's report and purported expert testimony at trial.

**LEGAL ARGUMENT**

Federal Rule of Evidence 702 requires that the proffered witness be an expert, testify about matters requiring scientific, technical or specialized knowledge and give testimony that assist the trier of fact. McNamara v. Kmart Corp., 2010 U.S. App. LEXIS 9946, *5-6 (3d Cir. May 14, 2010)[1]. Rule 702 of the Federal Rules of Evidence imposes three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit. Elcock v. Kmart Corp., 233 F.3d 734, 741 (3d Cir. 2000). In addition to Rule 702, the admissibility of expert testimony is governed by the Supreme Court's decision in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Daubert applies to all expert testimony including non-scientific expert testimony and requires the district court to perform the role of gatekeeper and to "ensure the reliability and relevancy of expert testimony." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

Accordingly, the Court must analyze four factors when considering the admissibility of opinion under Rule 702. Nimely v. City of New York, 414 F.3d 381, 397 (2d Cir. 2005). First, the court must address the threshold issue of whether the witness is "qualified as an expert by knowledge, skill, experience, training, or education" to render an expert opinion. Id. at 396 (quoting Rule 702). Second, the Court must examine whether the purported expert opinion has the required indicia of scientific reliability. Id. Next, the court must determine whether the proffered testimony will "assist the trier of fact." Id. at 397 (quoting Rule 702). Lastly, the proffered opinion must be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Id. (quoting Rule 403). In short, Kuscma does not possess scientific, technical or specialized knowledge that will assist a jury in this matter or offer

---

[1] A copy of this case is attached to the Declaration of James J. Panzini ("Panzini Decl.") at Exhibit 1.

2

opinions based on sufficiently reliable principles or methods. Instead, Kuscma does little more than render a net opinion, which usurps the role of the fact-finder. Accordingly, Kuscma should be precluded from offering an expert opinion at trial.

**POINT I**

**THE PURPORTED EXPERT OPINION OF KUSCMA IS INADMISSIBLE UNDER FED R. EVID. 702.**

Kuscma's proffered opinion concerning Plaintiff's purported damages is inadmissible under Rule 702. In her report, Kuscma states that she was retained "to prepare a report evaluating the economic losses suffered by Reshma Abell resulting from alleged wrongdoing in employment" and selected two scenarios to calculate damages upon based on information provided by Plaintiff.[2] Specifically, in the report, Kuscma assumes that Plaintiff would have: (a) been promoted to the (non-existent) position of Director of Post-Op Pain Management, effective January 1, 2018, but for retaliation, and worked in that position through her statistical date of retirement at 67.5 years, earning $296,119 in 2018, $309,400 in 2019, and at least 1.8% increases thereafter; (b) and alternatively, that she would have been promoted twice – first, to the (non-existent) position of Director of Post-Op Pain Management effective January 1, 2018, but for retaliation, and worked in that position through December 31, 2019, earning $296,119 in 2018, and $309,400 in 2019, and; second, to the position of Chief Commercial Officer effective January 1, 2020 (a position which no longer exists as of June 2020 and was not previously vacant), earning $603,867 in 2020 and a 1.8% salary increase to $614,737 in 2021.[3]

---

[2] A copy of this report is attached to Panzini Decl. at Exhibit 2.

[3] See Exhibit 2. Further, Kuscma testified that she selected these two alternative scenarios based on "information provided in the Fact-Finding Questionnaire [prepared by Plaintiff], information provided by the plaintiff during her deposition, as well as some information that I obtained when I spoke with plaintiff's counsel." See Kuscma Deposition Transcript, at 110:22-111:2, attached hereto as Exhibit 3 to the Panzini Decl.

3

### A. Kucsma Proffered Expert Opinion Is Inadmissible As It Fails To Invoke Scientific, Technical, Or Other Specialized Knowledge.

The second prong of Rule 702 requires that the expert's opinion consist of scientific, technical or specialized knowledge. The purpose of this requirement is to ensure that the expert's opinion is both reliable and trustworthy. Daubert, 509 U.S. at 589. The district court is obliged to act as a gatekeeper to ensure the "reliability and relevancy of expert testimony" before the jury. In re Wireless Tel. Servs. Antitrust Litig., 385 F. Supp. 2d 403, 427 (S.D.N.Y. 2005) (quoting Kumho Tire Co., 526 U.S. at 152). Where the nature of proposed testimony is not scientific, courts must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 2008 U.S. Dist. LEXIS 37331, 10-11 (S.D.N.Y. May 7, 2008) (quoting Kumho Tire Co., 526 U.S. at 152)[4].

The threshold consideration for analyzing reliability is whether a purported expert is "proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying." Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1317 (9th Cir. 1995); see also Lauzon v. Senco Prods., Inc., 270 F.3d 681, 687 (8th Cir. 2001). Another basis for refuting the reliability of a purported expert's report is when her field of expertise has not been shown to be capable of reaching reliable results for the proffered opinions. See, e.g., Moore v. Ashland Chemical, Inc., 151 F.3d 269, 279 (5th Cir. 1998) (trial court did not abuse its authority in determining clinical doctor's opinion concerning toxicological causation lacked scientific validity).

---

[4] A copy of this case is attached to the Panzini Decl. at Exhibit 4.

The proffered opinions contained in Kuscma's report fail to meet any of these standards for reliability. Preliminarily, the analysis set forth in Kuscma's report is intended solely to support Plaintiff's claims in this matter. Daubert, 43 F.3d at 1317. Second, there is no factual basis for the Court to conclude that Kuscma's conclusions are anchored in technical and/or specialized experience. Kuscma's report acknowledges her opinion as to damages is little more than a regurgitation of Plaintiff's damages claims as she relied on background facts "provided to us in a packet of documents" and concluded:

> In her employment with Pacira, plaintiff reported experienced wrongdoing including discrimination, retaliation, a hostile work environment, failure to promote, and wrongful termination. Due to the wrongdoing, her employment was terminated without ever receiving the previously noted promotion to Director of Post-Op Pain Management. Further, that promotion would have facilitated plaintiff's growth into a "C-Level" executive position in about two (2) years.

(Panzini Decl., at Exhibit 2, p. 5). As an initial matter, all but one of Plaintiff's claims as described the Kuscma's report have either been voluntarily withdrawn or dismissed by the Court on summary judgment. To the extent Kuscma surmises that Defendants' alleged wrongdoing (all but one of which are no longer part of this case), entitles Plaintiff to these damages, this is an improper basis for expert opinion and there is a dearth of reliable data to support this contention. See TIG Ins. Co. v. Newmont Mining Corp., 2005 U.S. Dist. LEXIS 22410, *8 (S.D.N.Y. Oct. 3, 2005) (while expert may opine on factual issues, expert "may not give testimony stating ultimate legal conclusions based on those facts")[5]; see also GE v. Joiner, 522 U.S. 136, 146 (1997) (district court may find "there is simply too great an analytical gap between the data and the opinion proffered").

---

[5] A copy of this case is attached to the Panzini Decl. at Exhibit 5.

5

Kuscma's purported expert opinion is unreliable, because: (i) it is not "grounded on sufficient facts or data"; (ii) it is not the product of any discernible methodology; and (iii) Kuscma has not "applied the principles and methods reliably to the facts of the case." Amorgianos v. AMTRAK, 303 F.3d 256, 266 (2d Cir. 2002).

### B. Kuscma's Report Is Too Speculative.

Kuscma's opinions should be excluded as being too speculative. Courts "have not hesitated to exclude an economic expert where their testimony is not supported by sufficient evidence or engaged in mere speculation." Total Containment, Inc. v. Dayco Prods., Inc., 2001 U.S. Dist. LEXIS 15838, *12 (E.D. Pa. Sept. 6, 2001)[6]. "The proponent of expert testimony must demonstrate by a preponderance of evidence that their opinions are reliable." FedEx Ground Package Sys. v. Applications Int'l Corp., 695 F. Supp. 2d 216, 223 (W.D. Pa. 2010). "[T]o be reliable, the testimony must be based on "methods and procedures of science rather than on subjective belief or unsupported speculation." Robinson v. Midwest Folding Prods. Corp, 2009 U.S. Dist. LEXIS 30395, *23 (E.D. Pa. April 7, 2009) (citations omitted); see also In re Jacoby Airplane Crash Litig., 2007 U.S. Dist. LEXIS 71012, *38 (D.N.J. Aug. 27, 2007) (the expert must have "good grounds" for his or her belief)[7]. "An expert's opinion cannot be based on unsupported speculation." Johnson v. SJP Mgmt. LLC, 2009 U.S. Dist. LEXIS 11272, *36 (E.D. Pa. Feb. 12, 2009)[8].

As discussed supra, Kuscma was asked to prepare an opinion as to Plaintiff's economic damages as a result of her alleged wrongful termination of her employment with Pacira in March 2018. Kuscma calculated Plaintiff's damages assuming two factual scenarios: one

---

[6] A copy of this case is attached to the Panzini Decl. at Exhibit 6
[7] A copy of this case is attached to the Panzini Decl. at Exhibit 7.
[8] A copy of this case is attached to the Panzini Decl. at Exhibit 8.

assuming Plaintiff would have remained employed by Pacira and promoted to the role of Director of Post-Op Pain Management effective January 1, 2018 and that she would have held this role through the date of her statistical retirement at 67.5 years in July 2040, and; two, alternatively that Plaintiff would have been promoted first to the role of Director of Post-Op Pain Management effective January 1, 2018 and been subsequently promoted to the role of Chief Commercial Officer in January 1, 2020 and held this position through her statistical retirement at 67.5 years in July 2040. However, nowhere in Kuscma's report does she provide any reliable assessment as to why or how Plaintiff is entitled to the damages set forth within the report. Rather, she provides numerous possible scenarios, with accompanying damages amounts, without any basis as to why or how each scenario could occur. She intentionally ignores the probability of each scenario and rather unabashedly relies on Plaintiff's far-fetched, wishful claims.

Because Kuscma provides nothing more than mere speculative scenarios, without any opinion as to why or how these scenarios occur, her opinion is too speculative and should be excluded. Experts may not assume facts without some support for those assumptions in their expert report or elsewhere in the record. <u>Multimatic, Inc. v. Faurecia Interior Sys. USA</u>, 2009 U.S. App. LEXIS 28156, *27 (6th Cir. Dec. 22, 2009). Kuscma fails to provide the jury with information on the actual damages Plaintiff suffered as a result of Defendants' alleged wrongful acts.

First, Kuscma's assumption that Plaintiff would have first been promoted to the role of Director of Post-Op in January 2018 is factually incorrect because Plaintiff never received a promotion in January 2018, and she was terminated in March 2018. Additionally, there is significant, undisputed evidence in the record proving that there was no solidified plan in which to promote Plaintiff to the Director of Post-Op Pain Management position. Rather, discussions were had about a possible future promotion, but any such promotion would require a job description, job

7

requisition, and formal approval by all successive managerial levels, including Human Resources and the CEO. (See Panzini Decl., Exhibit 9 comprised of relevant portions of Abell's Deposition Transcript, 136:4-7, 139:8-12, 145:22-146:23, Kahr's Deposition Transcript at 60:12-61:12, 248:3-22, Murphy's Deposition Transcript at 126:17-127:20, Reiser's Deposition Transcript at 28:9-29:7, 34:11-14, 39:16-40:22, 87:18-89:8, 92:3-6, and McLoughlin's Deposition Transcript at 114:15-22, and Exhibit 10 comprised of Kahr's Declaration dated May 7, 2021 [ECF No. 82-4], at ¶ 8). There had never been any compensation estimates set for this possible future role. Further, the position never existed then within the organization and has not been in existence through present. Thus, any assumption that Plaintiff would have received this promotion as of January 2018 (which did not occur) or any future date is inaccurate, and any estimated compensation for this role is nothing but pure speculation and fiction.

Additionally, Plaintiff's second assumption that she would have been subsequently promoted from the role of Director of Post-Op to Chief Commercial Officer was literally pulled out of thin air by Plaintiff's counsel and Kuscma, and it has no rational relationship to any evidence in this case. The title of Chief Commercial Officer was held by Dennis McLoughlin from August 2018 to June 2020, at which point the role shifted to that of Chief Customer Officer. Further highlighting the speculative nature of Kuscma's assumption that Plaintiff would have held this role until her statistical age of retirement in 2040 is the fact that the role of Chief Commercial Officer ceased to exist as of June 2020. Moreover, Kuscma's report notes that Dennis McLoughlin was promoted to Chief Commercial Officer in August 2018 after serving as Area Sales Director from December 2014-January 2017, Executive Director from January 2017- May 2017, Vice President from May 2017-June 2018 and Senior Vice President from June-August 2018, a total period of four years. (See Panzini Decl., Ex. 2, pg. 5, n. 3). The role of Area Sales Director was approximately two levels

8

above the role Plaintiff held at the time of her separation. Yet, Kuscma's report set forth an alternative factual scenario which assumed Plaintiff would have promoted from the role of Director of Post-Op (a role which did not exist at the time of her separation) to the role of Chief Commercial Officer, which is five to six levels above the role she held at the time of her termination in a period of four years even though Mr. McLoughlin was promoted to this role in a period of four years after starting with this company as an Area Sales Director initially. Thus, Plaintiff's estimated trajectory to this position Chief Commercial Officer role is unrealistic and unsupported. The role no longer exists in any event and was not previously vacant. Kucsma intentionally ignores McLoughlin's prior experience and business acumen and blanketly assumes Plaintiff would have ultimately assumed this role.

Moreover, there is simply no evidence that Plaintiff would have continued on in <u>any</u> capacity with Pacira beyond March 2018, much less through retirement.

In light of the foregoing, Kuscma's opinions are not based on sufficient facts or data. They are entirely speculative and should be excluded.

### C. Kuscma's Report Will Not Assist the Jury and Will Confuse the Issues.

Kuscma's damages calculations fail to assist the jury and will only cause confusion on the issue of economic damages, as Kuscma fails to provide any reliable basis for her damages calculations. Rule 702 requires that an expert give testimony that assist the trier of fact. <u>McNamara</u>, 2010 U.S. App. LEXIS at *5-6. Pursuant to Rule 403, the trial court may exclude relevant evidence if its probative value is substantially outweighed by a danger of confusing the issues. <u>Fed. R. Evid.</u> 403.

The purpose of utilizing an economic loss expert for damages assessments is to help the jury have a clear understanding of the losses suffered by a party. <u>See</u> <u>Polaino v. Bayer Corp.</u>,

122 F. Supp. 2d 63, 66 (D. Mass. 2000) (economist opining as to plaintiff's lost future earnings will ordinarily reach conclusions using a generally accepted actuarial).

Kuscma has failed to do so in this case. Instead, Kuscma presents many different fictional variations of potential damages to award Plaintiff, without any guidance as to any probable scenario given the facts of this case. "Scrutiny of expert testimony is especially proper where it consists of 'an array of figures conveying a delusive impression of exactness in an area where a jury's common sense is less available than usual to protect it.'" <u>Auto Distributors, Inc. v. Peugeot Motors of America, Inc.</u>, 795 F.2d 329, 338 (4th Cir. 1986) (quoting <u>Herman Schwabe, Inc. v. United Shoe Machinery Corp.</u>, 297 F.2d 906, 912 (2d Cir. 1962)). Kuscma merely presents a myriad of highly unlikely, but remotely possible scenarios, none of which are grounded in fact or even in any probability. Kuscma's approach is clearly not helpful to the jury, and will only confuse the issue of damages, as her opinion fails to provide any clear or reliable understanding of the economic losses that would be appropriate for the jury to consider. Kucsma's testimony and opinion is designed solely to create a fictional narrative to mislead or inappropriately influence the jury. Therefore, Kuscma's opinion testimony should be excluded.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court exclude Kuscma's report and testimony as it is too speculative and does not assist the trier of fact.

Respectfully submitted,

**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
T: 732-532-6148

Dated: May 26, 2023        By:   */s/ James J. Panzini*
James J. Panzini

*Attorneys for Defendants*

4866-8015-2166, v. 1