## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------------x

| | |
|---|---|
| RESHMA ABELL,<br><br>          Plaintiff,<br><br>v.<br><br>PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, AND MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.,<br><br>          Defendants. | Civil Action No.:<br>2:18-cv-16509 (MCA) (AME) |

---

### DEFENDANTS' MOTION IN LIMINE AND MEMORANDUM OF LAW TO BAR RECOVERY OF PUNITIVE DAMAGES, OR IN THE ALTERNATIVE, BIFURCATE THE LIABILITY AND COMPENSATORY DAMAGES PHASE OF TRIAL FROM THE PUNITIVE DAMAGES PHASE OF TRIAL

---

                                                                        **JACKSON LEWIS P.C.**
                                                                        766 Shrewsbury Avenue
                                                                        Tinton Falls, New Jersey 07724
                                                                        T: 732-532-6148
                                                                        *Attorneys for Defendants*

James J. Panzini, Esq.
John K. Bennett, Esq.,
      Of Counsel and
      On the Brief

Pooja Bhutani, Esq.
      On the Brief

i

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT .............................................................................................1

POINT I .....................................................................................................................................1

       PLAINTIFF CANNOT ESTABLISH THE REQUISITE STANDARD FOR HER PUNITIVE DAMAGES CLAIM ....................................1

POINT II ...................................................................................................................................5

       THE PUNITIVE DAMAGES PHASE OF TRIAL MUST BE BIFURCATED FROM THE LIABILITY AND COMPENSATORY DAMAGES PHASE OF TRIAL PURSUANT TO THE NJPDA ........................................................................................5

CONCLUSION.........................................................................................................................7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Catalane v. Gilian Instrument Corp.,
    271 N.J. Super. 476 (App. Div. 1994), certif. denied, 136 N.J. 298 (1994) ..............................2

Cavuoti v. New Jersey Transit Corp.,
    161 N.J. 107 (1999) ........................................................................................................................1

Delli Santi v. CNA Ins. Cos.,
    88 F.3d 192 (3d Cir. 1996) ............................................................................................................2

DiGiovanni v. Pessel,
    55 N.J. 188 (1970) .........................................................................................................................3

Herman v. Sunshine Chem. Specialties, Inc.,
    133 N.J. 329 (1993) .......................................................................................................................6

Howmedica Osteonics Corp. v. Zimmer, Inc.,
    2013 U.S. Dist. LEXIS 132889 (D.N.J. Sept. 16, 2013) ...............................................................6

Maczik v. Gilford Park Yacht Club,
    271 N.J. Super. 439 (App. Div. 1994) ...........................................................................................2

Maiorino v. Schering-Plough Corp.,
    302 N.J. Super. 323 (App. Div. 1997) ...........................................................................................3

Murray v. Newark Housing Authority,
    311 N.J. Super. 163 (Law Div. 1998) ............................................................................................3

Nappe v. Anschelewitz, Barr, Ansell & Bonello,
    97 N.J. 37 (1984) .......................................................................................................................1, 2

Parks v. Pep Boys,
    282 N.J. Super. 1 (App. Div. 1995) ...............................................................................................3

Perez v. A-1 Prop. Mgmt., LLC,
    2009 N.J. Super. Unpub. LEXIS 1707 (App. Div. June 26, 2009) ................................................3

Spragg v. Shore Care,
    293 N.J. Super. 33 (App. Div. 1996) .............................................................................................2

Weiss v. Parker Hannifan Corp.,
    747 F. Supp. 1118 (D.N.J. 1990) ...................................................................................................2

**Statutes**

New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9, -5.13, *et seq*.....................................1, 5, 6

**PRELIMINARY STATEMENT**

The remaining defendants, Pacira Pharmaceuticals, Inc. ("Pacira") and Richard Kahr (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this motion in limine to bar Plaintiff from recovering punitive damages, or in the alternative, bifurcate the punitive damages phase of the trial in this matter from the liability and compensatory damages phase of trial, pursuant to the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9, *et seq*. (the "NJPDA"). For the reasons set forth herein, Defendants respectfully request that this motion in limine be granted.

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF CANNOT ESTABLISH THE REQUISITE STANDARD FOR HER PUNITIVE DAMAGES CLAIM**

Plaintiff maintains she is entitled to an award of punitive damages. Courts award punitive damages as punishment or as deterrence for particularly egregious behavior. Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 48 (1984). Here, however, there is not **a scintilla of evidence** demonstrating such behavior.

Two distinct conditions must be met as prerequisites to an award of punitive damages in a LAD claim: (1) "actual participation in or willful indifference to the wrongful conduct on the part of upper management" **and** (2) "proof that the offending conduct [is] 'especially egregious.'" Cavuoti v. New Jersey Transit Corp., 161 N.J. 107, 113 (1999) (emphasis added). "To warrant a punitive award, the defendant's conduct must have been wantonly reckless or malicious. **There must have been an intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and willful disregard of the rights of others**." Nappe,

1

97 N.J. at 49 (citation omitted)(emphasis added).

Even if there may be a basis for compensatory damages in an employment discrimination case, it does not follow that punitive damages are available. Delli Santi v. CNA Ins. Cos., 88 F.3d 192, 207 (3d Cir. 1996). In fact, "[punitive] damages are only to be awarded in exceptional cases even where the LAD has been violated." Catalane v. Gilian Instrument Corp., 271 N.J. Super. 476, 501 (App. Div. 1994), certif. denied, 136 N.J. 298 (1994). See also Maczik v. Gilford Park Yacht Club, 271 N.J. Super. 439 (App. Div. 1994) ("Punitive damages… are distinct from compensatory damages, require a greater threshold basis, and are assessed only when the wrongdoer's conduct is 'especially egregious.'"). A LAD "plaintiff must show more than the minimum conduct necessary to prove the underlying [LAD claim] before an award of punitive damages becomes appropriate." Weiss v. Parker Hannifan Corp., 747 F. Supp. 1118, 1136 (D.N.J. 1990).

Thus, the "[k]ey to the right to punitive damages is the wrongfulness of the intentional act." Nappe, 97 N.J. at 49. In Spragg v. Shore Care, 293 N.J. Super. 33, 60 (App. Div. 1996), the court held that it is not enough that the defendant discriminated. In order for punitive damages to be warranted, "[t]here must be a finding that defendant discriminated with a reckless disregard for the rights of the plaintiff and that it was wanton and willful." Id. In fact, the Spragg court found the defendant's gender segregation policy applicable to its home healthcare workers was not egregious, malicious, evil-minded and exceptional. Id. Specifically, the court explained:

> There is no indication that defendant intentionally sought to impair the rights of male employees. Defendant at worst chose the "wrong" way to correct a perceived problem involving the rights of patients. This did not establish that defendant acted wantonly and willfully or with deliberate disregard for the rights of its male aides.

Id. at 61.

2

Moreover, it is well-established that "[t]he mere finding of an intentional act of discrimination is insufficient to support a punitive damage award." Murray v. Newark Housing Authority, 311 N.J. Super. 163, 181 (Law Div. 1998) (citing Turner v. Schering-Plough Corp., 901 F.2d 335, 346 (3d Cir.1990) ("The evidence necessary to support such a finding must go beyond that necessary to show that [the employer] intentionally discriminated against [plaintiff] because of his age; rather, there must be 'some additional evidence of outrageous conduct' that distinguishes this from the ordinary, though still reprehensible, case of age discrimination.")). Mere negligence, or even gross negligence, is legally insufficient to support an award of punitive damages. DiGiovanni v. Pessel, 55 N.J. 188, 190-91 (1970); Parks v. Pep Boys, 282 N.J. Super. 1, 18 (App. Div. 1995) (finding defendants not liable for punitive damages in light of their conduct being grossly negligent). "A necessary precursor to an award of punitive damages is a finding that the offender is guilty of 'actual malice.'" Maiorino v. Schering-Plough Corp., 302 N.J. Super. 323, 353 (App. Div. 1997). There is no evidence of such conduct on the part of Defendant in this matter.

Further, the type of conduct that has been found to support an award of punitive damages is in stark contrast to the type of conduct in this matter. For example, in Perez v. A-1 Prop. Mgmt., LLC, 2009 N.J. Super. Unpub. LEXIS 1707 (App. Div. June 26, 2009)[1], a supervisor was alleged to have made sexual advances and committed a series of sexual assaults on the plaintiffs. The Appellate Division, citing Rendine, affirmed an award of punitive damages under LAD because the supervisor's conduct in actually assaulting the plaintiffs was clearly and sufficiently egregious to support an award of punitive damages.

---

[1] A copy of this case is attached as Exhibit 1 to the Declaration of James J. Panzini.

3

Here, Plaintiff's remaining claim for retaliation is based on her belief that Defendants, and specifically Kahr, retaliated against her because during the course of a Human Resources investigation into her inappropriate behavior at work, she allegedly complained of Robert Rock subjecting her to gender or sex discrimination while at the 2018 National Sales Meeting. Mr. Kahr testified that he did not understand Plaintiff's report about Mr. Rock to be gender or sex discrimination but rather about Mr. Rock's professionalism in communicating with Plaintiff. Mr. Kahr's notes also reflect that Plaintiff stated during her interview that she was not playing the "woman card" and was not sure if her issue with Mr. Rock was a "guy thing or a Rob thing." (See Panzini Decl., Exhibit 2 comprised of relevant excerpts of Kahr's Deposition Transcript at 190:15-191:13, and Exhibit 3 comprised of Kahr's Human Resources Notes identified as Pacira 000071-73, at ¶ 12). Kahr did not ever meet Plaintiff personally or know her to have any "animus" towards her. (See Panzini Decl., Exhibit 4 comprised of Kahr's Declaration [ECF No. 82-4], at ¶ 8). Further, even in viewing the facts in the light most favorable to Plaintiff, this Court summarily dismissed Plaintiff's claims of gender discrimination as a matter of law. Plaintiff's allegations do not even rise to the level of wrongfulness required for the recovery of punitive damages. Thus, there are no facts that a reasonably fact-finder could rely upon to award punitive damages in this matter. Additionally, in consideration of this clear record, Plaintiff lacks evidence of any "retaliation" or "evil-minded acts" on the part of Defendants to warrant punitive damages, much less any prohibited conduct which exhibits reckless disregard for her rights. Simply put, there were no "evil-minded acts" on the part of Defendants to warrant punitive damages.

As a result, this is not a punitive damages case.

4

## POINT II

### THE PUNITIVE DAMAGES PHASE OF TRIAL MUST BE BIFURCATED FROM THE LIABILITY AND COMPENSATORY DAMAGES PHASE OF TRIAL PURSUANT TO THE NJPDA.

To the extent the Court does not bar punitive damages, then the punitive damages phase should be bifurcated. The NJPDA provides as follows in its relevant part:

(a) Any actions involving punitive damages **shall**, if requested by any defendant, be conducted in a bifurcated trial.

(b) In the first stage of a bifurcated trial, the trier of fact shall determine liability for compensatory damages and the amount of compensatory damages or nominal damages. **Evidence relevant only to the issues of punitive damages shall not be admissible in this stage**.

(c) Punitive damages may be awarded only if compensatory damages have been awarded in the first stage of the trial. **An award of nominal damages cannot support an award of punitive damages**.

(d) In the second stage of a bifurcated trial, the trier of fact shall determine if a defendant is liable for punitive damages.

(e) In any action in which there are two or more defendants, an award of punitive damages must be specific as to a defendant, and each defendant is liable only for the amount of the award made against that defendant.

N.J.S.A. 2A:15-5.13 (emphasis added). The use of the mandatory "shall" in this statute demonstrates the New Jersey Legislature's intent that the punitive damages phase of trial must be bifurcated from the liability and compensatory damages phase of trial where, as here, a defendant requests bifurcation.

Therefore, Defendants respectfully request that the Court enter an Order bifurcating the punitive damages phase of the trial in this matter from the liability and compensatory damages phase of trial. Moreover, since the New Jersey Supreme Court has directed that punitive damages

5

must be considered separately from all other issues, Defendants further request that Plaintiff be precluded from offering any argument and/or evidence relevant only to the issue of punitive damages unless and until the jury returns a special verdict against Defendants awarding Plaintiff more than nominal damages. See Herman v. Sunshine Chem. Specialties, Inc., 133 N.J. 329, 342 (1993). (See also Howmedica Osteonics Corp. v. Zimmer, Inc., 2013 U.S. Dist. LEXIS 132889, at *6-7 (D.N.J. Sept. 16, 2013)[2] (granting defendants' motion to bifurcate the trial proceeding as to punitive damages and exclude reference to the corporate defendant's size, financials, and corporate status until the punitive damages stage of the trial because "under the Punitive Damages Act, any actions involving punitive damages shall, if requested by any defendant, be conducted in a bifurcated trial" and "evidence relevant only to the issues of punitive damages shall not be admissible during the first stage of the bifurcated trial") (internal quotations omitted) (citing N.J.S.A. § 2A:15-5.13(a)-(b))).

---

[2] A copy of this case is attached to the Declaration of James J. Panzini at Exhibit 5.

**CONCLUSION**

For of the foregoing reasons, Defendants respectfully request that the Court grant this motion in limine and enter an Order: (a) bifurcating the punitive damages phase of the trial in this matter from the liability and compensatory damages phase of trial; and (b) precluding Plaintiff from offering any argument and/or evidence relevant only to the issue of punitive damages unless and until the jury returns a special verdict against Defendants awarding Plaintiff more than nominal damages.

Respectfully submitted,

**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
T: 732-532-6148

By:   */s/ James J. Panzini*
James J. Panzini

*Attorneys for Defendants*

Dated:  May 26, 2023

4877-4767-1909, v. 4