UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------X

| | |
|---|---|
| RESHMA ABELL,<br><br>                Plaintiff,<br><br>                v.<br><br>PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, and MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.,<br><br>                Defendants. | Civil Action No.:<br>2:18-cv-16509 (MCA) (AME) |

---

**DEFENDANTS' MOTION IN LIMINE AND MEMORANDUM OF LAW TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE REGARDING EMOTIONAL HARM**

---

                                                    **JACKSON LEWIS P.C.**
                                                    766 Shrewsbury Avenue
                                                    Tinton Falls, New Jersey 07724
                                                    T: 732-532-6148
                                                    *Attorneys for Defendants*

James J. Panzini, Esq.
John K. Bennett, Esq.,
      Of Counsel and
      On the Brief

Pooja Bhutani, Esq.
      On the Brief

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................ 1

POINT I ................................................................................................................................. 1

      PLAINTIFF MUST BE PRECLUDED FROM OFFERING
      EVIDENCE REGARDING EMOTIONAL HARM ................................................ 1

CONCLUSION ...................................................................................................................... 3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Abrams v. Lightolier, Inc.,
    841 F. Supp. 584 (D.N.J. 1994), aff'd, 50 F.3d 1204 (3d Cir. 1995) ..........................2

Castellano v. Linden Bd. of Ed.,
    79 N.J. 407 (1979) ........................................................................................................2

Moore v. Passaic County Technical Inst.,
    2006 N.J. Super. Unpub. ...............................................................................................1

Rodriguez v. New Tech Co.,
    2012 N.J. Super. Unpub. LEXIS 1633, at *4 (App. Div. July 9, 2012) ......................1

Saffos v. Avaya, Inc.,
    419 N.J. Super. 244 (App. Div. 2011) .........................................................................1

Spragg v. Shore Care,
    293 N.J. Super. 33 (App. Div. 1996) ...........................................................................2

Tarr v. Ciasulli,
    181 N.J. 70 (2004) ........................................................................................................1

## PRELIMINARY STATEMENT

The remaining defendants, Pacira Pharmaceuticals, Inc. ("Pacira") and Richard Kahr (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this motion in limine to preclude Reshma Abell ("Plaintiff") from offering evidence regarding emotional harm at trial. For the reasons set forth herein, Defendants respectfully request that this motion in limine be granted.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF MUST BE PRECLUDED FROM OFFERING EVIDENCE REGARDING EMOTIONAL HARM

Under the LAD, a plaintiff is entitled to damages for emotional harm. Specifically, a plaintiff may recover "emotional distress and mental anguish damages arising out of embarrassment, humiliation, and other intangible injuries." See Tarr v. Ciasulli, 181 N.J. 70, 82 (2004); Rodriguez v. New Tech Co., 2012 N.J. Super. Unpub. LEXIS 1633, at *4 (App. Div. July 9, 2012);[1] Saffos v. Avaya, Inc., 419 N.J. Super. 244, 269 (App. Div. 2011). Although the standard of proof required under the LAD is less stringent than that required for a tort-based emotional distress cause of action, a plaintiff's allegations do not necessarily give rise to a claim for emotional distress. See Moore v. Passaic County Technical Inst., 2006 N.J. Super. Unpub. LEXIS 1179, at *25-*26 (App. Div. June 12, 2006)[2] (finding that plaintiff's allegations involving common workplace complaints regarding unfair disciplinary actions, unpleasant work assignments, and the denial of shift change requests fell far short of giving rise to a claim for emotional distress under the LAD).

---

[1] A copy of this case is attached to the Declaration of James J. Panzini ("Panzini Decl.") at Exhibit 1.
[2] A copy of this case is attached to the Panzini Decl. at Exhibit 2.

1

Moreover, damages for emotional harm are only to be awarded where the plaintiff establishes a "substantial basis for compensation." Abrams v. Lightolier, Inc., 841 F. Supp. 584, 593 (D.N.J. 1994), aff'd, 50 F.3d 1204 (3d Cir. 1995); Castellano v. Linden Bd. of Ed., 79 N.J. 407 (1979). Even where a plaintiff has a substantial basis for an award of pain and suffering, awards are generally nominal, i.e., not more than $1,500. Abrams, 841 F. Supp. at 593. Further, the New Jersey Supreme Court has denied such nominal awards where the evidence offered by the plaintiff was nebulous and/or tenuous. Castellano, 79 N.J. at 413 (denying an award of $600 for emotional distress upon finding that the proofs did not support the award); see also Spragg v. Shore Care, 293 N.J. Super. 33, 62-63 (App. Div. 1996) (declaring an award of emotional harm damages to be "so excessive as to represent a miscarriage of justice" where the plaintiff failed to establish a "substantial basis" for same).

In the case at bar, Plaintiff has nothing more than her own insubstantial, tenuous allegations to establish any measure of emotional distress. While Plaintiff has described having general workplace issues, such allegations standing alone are insufficient to provide a "substantial basis" for an award of pain and suffering, especially where here admits she did not seek or receive any treatment from any doctor, psychologist, psychiatrist or any other medical care provider and does not take any medication for any emotional distress Plaintiff attributes to her employment with, or termination from, Pacira (see Plaintiff's Interrogatory Responses, No. 10, attached as Exhibit 3 to the Panzini Decl., and relevant excerpts of Plaintiff's deposition transcript at 6:22-23 attached as Exhibit 4 to Panzini Decl.). Such evidence falls far short of the "substantial basis" required under the LAD. Notwithstanding its paltry nature, it is the type of evidence which is likely to mislead or prejudice a jury, thus resulting in a verdict which is a miscarriage of justice, such as that in Spragg.

Therefore, Plaintiff should be precluded from offering any evidence regarding alleged emotional harm.

## **CONCLUSION**

For of the foregoing reasons, Defendants respectfully request that the Court grant this motion in limine and enter an Order precluding Plaintiff from offering evidence regarding any alleged emotional harm.

                                                     Respectfully submitted,

                                                     **JACKSON LEWIS P.C.**
                                                     766 Shrewsbury Avenue
                                                   Tinton Falls, New Jersey 07724
                                                   T: 732-532-6148

                         By:    */s/ James J. Panzini*
                                 James J. Panzini

                                                   *Attorneys for Defendants*

Dated:  May 26, 2023
4892-7865-8917, v. 2