UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------X

| | |
|---|---|
| RESHMA ABELL,<br><br>                Plaintiff,<br><br>        v.<br><br>PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, and MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.,<br><br>                Defendants. | Civil Action No.:<br>2:18-cv-16509 (MCA) (AME) |

**DEFENDANTS' MOTION IN LIMINE AND MEMORANDUM OF LAW TO PRECLUDE FROM EVIDENCE THE DOCUMENTS AND TESTIMONY REGARDING PLAINTIFF'S PERFORMANCE AND/OR BY ANY NON-DECISIONMAKER FOR PLAINTIFF'S SEPARATION**

                                              **JACKSON LEWIS P.C.**
                                              766 Shrewsbury Avenue
                                              Tinton Falls, New Jersey 07724
                                              T: 732-532-6148
                                              *Attorneys for Defendants*

James J. Panzini, Esq.
John K. Bennett, Esq.,
      Of Counsel and
      On the Brief

Pooja Bhutani, Esq.
      On the Brief

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT .............................................................................................1

POINT I .....................................................................................................................................3

    PLAINTIFF SHOULD NOT BE PERMITTED TO INTRODUCE DOCUMENTS OR TESTIMONY REGARDING PLAINTIFF'S PERFORMANCE PURSUANT TO RULES 401, 402, AND 403 .........................3

        A.    Documents Or Testimony Regarding Plaintiff's Performance Is Irrelevant............................................................................3

        B.    Testimony And Exhibits Relating To Plaintiff's Performance Should Be Excluded Because Such Evidence Is Unfairly Prejudicial, Confusing, Misleading, And A Waste Of Time ...............................................................................................7

POINT II ....................................................................................................................................8

    PLAINTIFF SHOULD NOT BE PERMITTED TO OFFER ANY TESTIMONY BY ANY PERSON WHO WAS NOT A DECISIONMAKER FOR PLAINTIFF'S SEPARATION, INCLUDING BUT NOT LIMITED TO RONALD KERNA ...............................8

CONCLUSION..........................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Alam v. HSBC Bank USA, N.A.,
  2009 U.S. Dist. LEXIS 89303 (S.D.N.Y. Sept. 28, 2009)............................................................5

Alam v. HSBC Bank USA, N.A.,
  2009 U.S. Dist. LEXIS 89438 (S.D.N.Y. Aug. 13, 2009)..............................................................5

Bradley v. Pittsburgh Bd. of Educ.,
  913 F.2d 1064 (3d Cir. 1988)........................................................................................................4

Branch v. City of New Orleans,
  1994 U.S. Dist. LEXIS 17993 (E.D. La. Dec. 12, 1994)................................................................5

Brewer v. Quaker State Oil Ref. Corp.,
  72 F.3d 326 (3d Cir. 1995).............................................................................................................6

Furr v. Seagate Tech., Inc.,
  82 F.3d 980 (10th Cir. 1996), cert. denied, 519 U.S. 1056 (1997)...............................................7

Goetz v. City of Springfield,
  2010 U.S. Dist. LEXIS 61649 (D. IL. June 22, 2010)...................................................................5

Hawkins v. PepsiCo, Inc.,
  203 F.3d 274 (4th Cir. 2000) ........................................................................................................6

Jones v. Kearfott Guidance and Navigation Corp.,
  1998 U.S. Dist. LEXIS 21489 (D.N.J. 1998) ...............................................................................3

Koski v. Standex Int'l Corp.
  307 F.3d 672 (7th Cir. 2002) ........................................................................................................6

Schroder v. Boeing Commercial Airplane Co.,
  712 F. Supp. 39 (3d Cir. 1989) .....................................................................................................3

Swiatek v. Bemis Co., Inc.,
  2011 U.S. Dist. LEXIS 115946 (D.N.J. Oct. 7, 2011)...................................................................4

Veloso v. Western Bedding Supply Company, Inc.,
  281 F. Supp. 2d 743 (D.N.J. 2003) ...............................................................................................3

Warch v. Ohio Cas. Ins. Co.,
  435 F.3d 510 (4th Cir. 2006) ........................................................................................................6

**Statutes**

New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. .................................................1

**Other Authorities**

Federal Rules of Evidence ("Fed. R. Evid.") 102 ...........................................................................3

Fed. R. Evid. 401 ..................................................................................................... *passim*

Fed. R. Evid. 402 .........................................................................................................................1, 3

Fed. R. Evid. 403 ..................................................................................................................1, 2, 6, 7

**PRELIMINARY STATEMENT**

The remaining defendants, Pacira Pharmaceuticals, Inc. ("Pacira") and Richard Kahr (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, respectfully submit this motion in limine and memorandum of law to preclude from evidence documents and testimony regarding Plaintiff's general performance, including but not limited to documents addressing Plaintiff's performance and the testimony of Ronald Kerna regarding his interactions with Plaintiff. For the reasons set forth herein, Defendants respectfully request that their motion be granted.

Plaintiff commenced this action on or about November 28, 2018, asserting five employment-related claims against Pacira and several named individuals. After extensive discovery and motion practice over the course of nearly five years, the matter has been reduced to a single claim of retaliation under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, et seq. against two remaining Defendants, Pacira and Mr. Kahr.

In Section 10 of the Final Joint Pretrial Order (ECF No. 123) signed by the Honorable Andre M. Espinosa on May 17, 2023, Plaintiff indicated that she intends to introduce documents and testimony regarding Plaintiff's performance, including but not limited to the testimony of Ronald Kerna as to his interactions with Plaintiff during her tenure and several documents relating to Plaintiff's sales records and performance. Specifically with respect to Ronald Kerna, in Section 10(A), paragraph 13 of the Final Joint Pretrial Order, Plaintiff stated she intends to call Mr. Kerna as a witness to testify as to his "interactions and dealings with Plaintiff during her employment with Pacira." Additionally, in Plaintiff's Supplemental Witness Disclosure pursuant to Fed. R. Civ. P. 26 dated October 27, 2020, Plaintiff identified Mr. Kerna as having information regarding "Plaintiff's work history and performance." Thus, we surmise that Plaintiff

1

believes Mr. Kerna will provide insight as to Plaintiff's general performance and/or his observations of Plaintiff during a business dinner. During Plaintiff's employment with Pacira, Ronald Kerna was a trainer who worked for one of Pacira's industry partners. He has never been employed by Pacira or had *any* involvement in any employment decision made by Pacira. Additionally, Plaintiff's behavior at a business dinner that Mr. Kerna attended is not the reason for her termination. With respect to documentary evidence, in Section 15 of the Final Joint Pretrial Order Section, Plaintiff identified several documents that she intends to offer into evidence, Exhibits 3-15, 17, 19, 21, 23-25, 27, 30-35, relating to Plaintiff's positive performance. Defendants have already stipulated to the fact that "Plaintiff successfully performed the sales component of her role as SSAS." (See Section 5(B), paragraph 6 of the Pre-Trial Order). Defendants respectfully submit that introducing such evidence at trial is irrelevant, improper hearsay, not based on personal knowledge, and substantially and unfairly prejudicial, and likely to lead to confusion of issues for the jury resulting in undue delay.

      Accordingly, Defendants respectfully request this Court grant their motion seeking to preclude Plaintiff from introducing any documents relating to Plaintiff's performance and calling Mr. Kerna as a witness to testify about Plaintiff's general performance and/or his general interactions with her at trial.

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF SHOULD NOT BE PERMITTED TO INTRODUCE DOCUMENTS OR TESTIMONY REGARDING PLAINTIFF'S PERFORMANCE PURSUANT TO RULES 401, 402, AND 403.**

A.  **Documents or Testimony Regarding Plaintiff's Performance Is Irrelevant.**

As a threshold matter, evidence must be relevant to be admissible.  See Fed. R. Evid. 401, 402.  Rule 401 of the Federal Rules of Evidence provides that relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  To be relevant, therefore, the evidence must touch upon the issue(s) being litigated, whereby the evidence has the tendency to establish the proposition that it is offered to prove.  Evidence which does not serve to prove any fact that is of consequence to the action is irrelevant and should be excluded.  See Fed. R. Evid. 402.  Trial courts have broad discretion in determining the relevancy of evidence.  See, e.g., Veloso v. Western Bedding Supply Company, Inc., 281 F. Supp. 2d 743, 747 (D.N.J. 2003); Jones v. Kearfott Guidance and Navigation Corp., 1998 U.S. Dist. LEXIS 21489, at *8 (D.N.J. 1998).[1]  It is not new for courts to limit the introduction and exploration of irrelevant issues before trial.  See Schroder v. Boeing Commercial Airplane Co., 712 F. Supp. 39 (3d Cir. 1989).  Indeed, the exclusion of irrelevant evidence prior to trial comports with the purpose and construction of the Federal Rules of Evidence, which is "to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and

---

[1] A copy of this case is attached to the Declaration of James J. Panzini ("Panzini Decl.") at Exhibit 1.

proceedings justly determined." Fed. R. Evid. 102; see also Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1988).

Here, documents or testimony regarding Plaintiff's general performance are irrelevant as such information has no bearing on any fact at issue in the instant case. Pacira employed Plaintiff from April 2014 to March 2018 in the roles of Surgical Account Specialist and Senior Surgical Account Specialist. Pacira terminated Plaintiff on March 14, 2018. Presumably, Plaintiff intends to introduce documents and testimony regarding her positive performance to establish that her employment should not have been separated. First, as an initial matter, Defendants have already stipulated to the fact that "Plaintiff successfully performed the sales component of her role as SSAS" in an effort to streamline the introduction of exhibits and testimony at trial. (See Section 5(B), paragraph 6 of the Pre-Trial Order). Therefore, introducing any documents to further support this stipulated fact is unnecessary and will only serve to lengthen the trial for no real gain.

Moreover, at no point have Defendants asserted that Plaintiff's performance was a factor in the decision to terminate her employment. Indeed, discovery has revealed that Plaintiff's general performance and sales performance was not a factor in the decision to separate Plaintiff's employment. Rather, the decision was based on the fact that Plaintiff viewed and showed inappropriate, sexual images from the Kama Sutra at the National Sales Meeting in February 2018 which made others uncomfortable and which Pacira concluded was "unacceptable conduct and behavior that [they] cannot support at Pacira." (See HR Termination Notes identified as Pacira 000086 attached to the Panzini Decl. at Exhibit 2). Accordingly, documents and testimony concerning Plaintiff's general performance and sales performance are irrelevant. See, e.g., Swiatek v. Bemis Co., Inc., 2011 U.S. Dist. LEXIS 115946, at *13 (D.N.J. Oct. 7, 2011) (finding

4

evidence concerning plaintiffs' job performance "irrelevant" where decision to terminate plaintiffs' employment was based on cost control, centralization of duties, experience and seniority);[2] Branch v. City of New Orleans, 1994 U.S. Dist. LEXIS 17993, at *3-*4 (E.D. La. Dec. 12, 1994) (granting motion in limine to exclude evidence of plaintiff's job performance where job performance was not factor in the decision to terminate plaintiff's employment);[3] Goetz v. City of Springfield, 2010 U.S. Dist. LEXIS 61649, at *4 (D. IL. June 22, 2010) (finding plaintiff's job performance irrelevant where plaintiff's separation decision was wholly unrelated to performance);[4] Alam v. HSBC Bank USA, N.A., 2009 U.S. Dist. LEXIS 89438, *9 n.3 (S.D.N.Y. Aug. 13, 2009), adopted by Alam v. HSBC Bank USA, N.A., 2009 U.S. Dist. LEXIS 89303, *5 (S.D.N.Y. Sept. 28, 2009) (finding plaintiff's historic job performance irrelevant where reduction in force was based solely on most recent year's performance).[5]

Plaintiff's performance had no bearing on the decision to terminate Plaintiff's employment. As described above, the reason for terminating Plaintiff was solely due to her inappropriate conduct - there has been no testimony whatsoever attributing the reason for Plaintiff's termination to be based on her performance, and Pacira has at all times acknowledged that Plaintiff performed the sales component of her position well. Rather, the fact that Defendants made the decision to terminate one of its highest sales performers underscores how seriously Defendants considered Plaintiff's inappropriate conduct because it would defy logic for a pharmaceutical company to terminate a high performing salesperson unless there was a legitimate business reason to do so. Accordingly, any testimony or documents relating to Plaintiff's sales

---

[2] A copy of this case is attached to the Panzini Decl. at Exhibit 3.
[3] A copy of this case is attached to the Panzini Decl. at Exhibit 4.
[4] A copy of this case is attached to the Panzini Decl. at Exhibit 5.
[5] A copy of this case is attached to the Panzini Decl. at Exhibit 6.

performance are irrelevant, as they do not have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401.

Even assuming arguendo that Plaintiff's performance had been considered in the decision to separate her employment, which they were not, any testimony, comments, and opinions of Plaintiff and/or co-workers or professional contacts pertaining to Plaintiff's performance would nevertheless be irrelevant.  See, e.g., Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 331 (3d Cir. 1995) (finding that the only relevant perception in discrimination case is that of the decisionmaker); Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 518 (4th Cir. 2006) (affirming summary judgment in favor of employer because co-worker's statements lacked probative value as to whether plaintiff was meeting his employer's legitimate expectations when he was fired); Hawkins v. PepsiCo, Inc., 203 F.3d 274, 280 (4th Cir. 2000) (disregarding plaintiff's opinions of her own performance and finding opinions of her co-workers similarly irrelevant); Koski v. Standex Int'l Corp. 307 F.3d 672, 677 (7th Cir. 2002) (relevant inquiry is whether decision-makers, not plaintiff's fellow employees, believed that the plaintiff had performance problems).

Accordingly, the testimony, comments, and/or opinions of any person with respect to Plaintiff's performance and/or any documents relating to same are irrelevant to the issues in dispute in this matter.  If anything, the introduction of this evidence would only serve to lengthen the trial without adding anything substantive or probative.  Their testimony and any exhibits relating to Plaintiff's performance should therefore be excluded at trial.

**B.     Testimony and Exhibits Relating to Plaintiff's Performance Should Be Excluded Because Such Evidence Is Unfairly Prejudicial, Confusing, Misleading, And A Waste of Time.**

Even if this Court determines that there is marginal relevancy to any testimony or exhibits with respect to Plaintiff's performance, such testimony and exhibits still should be excluded on the grounds that any probative value is greatly outweighed by the danger of unfair prejudice, and because such evidence is confusing and a waste of time. See Fed. R. Evid. 403.

Rule 403 provides that even otherwise relevant evidence may be excluded if:

> its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. In applying the balancing test set forth in Rule 403 to the evidence at issue here, the probative value of the evidence of Plaintiff's job performance is substantially outweighed by the danger of unfair prejudice and confusion to the jury.

As a practical and evidentiary matter, the testimony, comments, and/or opinions of any such fact witnesses and any exhibits pertaining to Plaintiff's performance would distract the jury from the appropriate inquiry, i.e., whether the individuals who made the decision to separate Plaintiff's employment, namely, Defendant Kahr, did so because of Plaintiff's alleged complaint about gender discrimination to Defendant Kahr. Moreover, it is not proper for the jury to make its own assessment of Plaintiff's work performance. See Furr v. Seagate Tech., Inc., 82 F.3d 980, 986 (10th Cir. 1996), cert. denied, 519 U.S. 1056 (1997) (noting that business decisions are not for a "court or jury" to decide, and the relevant inquiry is how the manager assessed the plaintiff's job performance at the time of the decision). Therefore, if such testimony and/or exhibits were permitted, it could confuse the jury and lead them to believe that they should decide this action based on their own subjective evaluation of Defendants' business decision or consider whether

7

Plaintiff's positive sales performance should have excused Plaintiff from being terminated. This will also cause Defendants to call witnesses to put context around the sales reports. Clearly this is improper and creates a significant potential for unfair prejudice and confusion, which outweighs any minimal probative value. See Fed. R. Evid. 403. Such testimony is also an unnecessary waste of time. Accordingly, such testimony and exhibits concerning Plaintiff's sales performance should be excluded at trial.

**POINT II**

**PLAINTIFF SHOULD NOT BE PERMITTED TO OFFER ANY TESTIMONY FOR ANY PERSON WHO WAS NOT A DECISIONMAKER FOR PLAINTIFF'S SEPARATION, INCLUDING BUT NOT LIMITED TO RONALD KERNA**

Here, Plaintiff seeks to call Ronald Kerna as a fact witness to testify about his "interactions and dealings with Plaintiff during her employment with Pacira," and his knowledge (as a non-employee of Pacira) as to Plaintiff's "work history and performance." (See Section 10(A), paragraph 13 of the Final Joint Pretrial Order). The only time Mr. Kerna's name has been referenced in this lawsuit was during Plaintiff's deposition when Plaintiff explained that Mr. Kerna attended a business dinner with her and Steve Huddy, and Plaintiff claimed Mr. Kerna had a different perception as to Plaintiff's behavior at the business dinner than Mr. Huddy. We also anticipate that Plaintiff may seek Mr. Kerna's testimony as to his knowledge (as a non-Pacira employee) as to his perceptions of Plaintiff's performance in general. (See relevant excerpts of Plaintiff's R. 26(a) Supplemental Witness Disclosures dated October 27, 2020, No. 41, attached to the Panzini Decl. as Exhibit 7). Therefore, we surmise that Plaintiff seeks Mr. Kerna's testimony to testify about his interactions with Plaintiff, clarify the events of the business dinner, and Plaintiff's general performance.

8

As noted above, Mr. Kerna worked for one of Pacira's industry partners, not Pacira, and was a professional contact to Plaintiff. As he did not ever work for Pacira, he has no personal knowledge of the reasons for Defendants' decision to terminate Plaintiff. Further, as a non-Pacira employee, he did not have *any* role whatsoever in the decision. Nevertheless, the discovery has confirmed that the business dinner which Mr. Kerna may have attended with Plaintiff and Plaintiff's overall performance was not the basis of Defendants' decision to separate Plaintiff.

The only subject for which Plaintiff intends to call Mr. Kerna is irrelevant and has no bearing on the reason for Plaintiff's separation. Nor does he have any personal knowledge as to what the decision was based on. Accordingly, any testimony or documents relating to Plaintiff's behavior at this business dinner or general performance is irrelevant as it does not have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court preclude Plaintiff from introducing testimony or documents relating to Plaintiff's performance and/or by any non-decisionmaker for Plaintiff's separation.

Respectfully submitted,

**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
T: 732-532-6148

By:   */s/ James J. Panzini*
      James J. Panzini

      *Attorneys for Defendants*

Dated: May 26, 2023
4867-3350-6404, v. 5

9