**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------------x

| | |
|---|---|
| RESHMA ABELL,<br><br>          Plaintiff,<br><br>          v.<br><br>PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, AND MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.,<br><br>          Defendants. | Civil Action No.:<br>2:18-cv-16509 (MCA) (AME) |

---

**DEFENDANTS' MOTION <u>IN LIMINE</u> AND MEMORANDUM OF LAW TO PRECLUDE OR LIMIT PLAINTIFF'S BACK PAY AND FRONT PAY DAMAGES**

---

**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
T: 732-532-6148
*Attorneys for Defendants*

James J. Panzini, Esq.
John K. Bennett, Esq.,
      Of Counsel and
      On the Brief

Pooja Bhutani, Esq.
      On the Brief

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ........................................................................................................ iii

PRELIMINARY STATEMENT ................................................................................................1

POINT I ....................................................................................................................................2

       PLAINTIFF IS NOT ENTITLED TO ANY BACK PAY DUE TO
       HER FAILURE TO MITIGATE HER PURPORTED DAMAGES,
       THE FACT THAT SHE RESIGNED ONE OF HER
       SUBSEQUENT JOBS, AND SHE ULTIMATELY OBTAINED
       AN EQUIVALENTLY PAYING POSITION........................................................2

POINT II ...................................................................................................................................7

       PLAINTIFF IS NOT ENTITLED TO FRONT PAY AS SHE
       OBTAINED SIMILARLY AN ROUGHLY EQUIVALENT
       SUBSEQUENT EMPLOYMENT.........................................................................7

CONCLUSION.........................................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>Anastasio v. Schering Corp.</u>,
    838 F.2d 701 (3d Cir. 1988)...........................................................................7, 8

<u>Berndt v. Kaiser Aluminum & Chem. Sales, Inc.</u>,
    789 F.2d 253 (3d Cir. 1986).................................................................................8

<u>Booker v. Taylor Milk, Inc.</u>,
    64 F.3d 860 (3d Cir. 1995)...................................................................................2

<u>Caldwell v. Haynes</u>,
    136 N.J. 422 (1994) .........................................................................................7, 9

<u>Carter-Herman v. City of Philadelphia</u>,
    1996 U.S. Dist. LEXIS 19065 (D. Pa. 1996)......................................................8

<u>Feldman v. Phila. Hous. Auth.</u>,
    43 F.3d 823 (3d Cir. 1994)...............................................................................8, 10

<u>Goodman v. London Metals Exchange, Inc.</u>,
    86 N.J. 19 (1981) ...................................................................................2, 3, 6, 10

<u>Goss v. Exxon Office Sys. Co.</u>,
    747 F.2d 885 (3d Cir. 1984).................................................................................8

<u>Maxfield v. Sinclair International</u>,
    766 F.2d 788 (3d Cir. 1985).................................................................................8

<u>McKenna v. Pacific Rail Serv.</u>,
    817 F.Supp. 498 (D.N.J. 1993) ...........................................................................7

<u>Potter v. Village Bank of New Jersey</u>,
    225 N.J. Super. 547 (App. Div.), <u>cert. denied</u>, 113 N.J. 352 (1988) ........................8

<u>Preston v. Claridge Hotel & Casino, Ltd.</u>,
    231 N.J. Super. 81, 88 (App. Div. 1989) ............................................................8

<u>Quinlan v. Curtiss-Wright Corp.</u>,
    425 N.J. Super. 335 (App. Div. 2012) ...........................................................7, 8, 9

<u>Weiss v. Parker Hannifan Corp.</u>,
    747 F. Supp. 1118 (D.N.J. 1990) ...................................................................3, 6, 8, 9

Whittlesey v. Union Carbide Corp.,
    742 F.2d 724 (2d Cir. 1984)..................................................................................8

**Statutes**

New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, <u>et</u> <u>seq.</u> ................................................1

## <u>PRELIMINARY STATEMENT</u>

The remaining defendants, Pacira Pharmaceuticals, Inc. ("Pacira") and Richard Kahr (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this motion <u>in limine</u> and memorandum of law to preclude or limit Plaintiff's back pay and front pay damages. For the reasons set forth herein, Defendants respectfully request that their motion be granted.

Plaintiff commenced this action on or about November 28, 2018, asserting five employment-related claims against Pacira and several named individuals. After extensive discovery and motion practice over the course of nearly five years, the matter has been reduced to a single claim of retaliation under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, <u>et seq.</u> against two remaining Defendants, Pacira and Mr. Kahr.

In her Complaint and discovery responses, Plaintiff seeks to recover back pay and front pay damages, as well as other alleged economic damages. Defendants respectfully submit that Plaintiff's recovery of alleged back pay and front pay damages should be precluded, or in the alternative limited, as she failed to mitigate her damages. Moreover, Plaintiff's entitlement to any back pay damages is cut-off on the date she obtained comparable employment. Finally, Plaintiff should be precluded from recovering any of the other alleged economic damages she asserts.

For the reasons set forth herein, Defendants respectfully request that their motion be granted.

1

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF IS NOT ENTITLED TO ANY BACK PAY DUE TO HER FAILURE TO MITIGATE HER PURPORTED DAMAGES, THE FACT THAT SHE RESIGNED ONE OF HER SUBSEQUENT JOBS, AND SHE ULTIMATELY OBTAINED AN EQUIVALENTLY PAYING POSITION.**

Any back pay awarded to Plaintiff must be limited due to: (1) her failure to use reasonable efforts to obtain employment after Pacira terminated her employment, and; (2) her acceptance of comparable employment on May 13, 2019.

Although a plaintiff who prevails on a wrongful termination claim is generally permitted to recover back pay from the date of termination through the date of final judgment, the law requires a plaintiff to mitigate damages by using reasonable efforts to secure comparable alternative employment during this period. See Goodman v. London Metals Exchange, Inc., 86 N.J. 19, 34-35 (1981). Thus, a back pay award must be precluded if the plaintiff fails to mitigate alleged damages or fails to make reasonably diligent efforts to secure comparable subsequent employment. Id. at 40; Booker v. Taylor Milk, Inc., 64 F.3d 860, 865 (3d Cir. 1995). The reasonable diligence requirement is met "by demonstrating a continuing commitment to be a member of the work force and by remaining ready, willing and available to accept employment." Booker, 64 F.3d at 865; see also Goodman, 86 N.J. at 37 (holding that a plaintiff must show he used reasonable and diligent efforts and was still unable to secure a comparable job"). While the plaintiff's efforts need not be successful, she must attempt to secure a substantially-equivalent position in good faith. Id. at 865-66. Moreover, if a plaintiff is unable to secure comparable employment despite diligent efforts, she cannot reject otherwise available employment merely

2

because it: (1) is of a different nature; (2) offers a lower salary; or (3) is located in a different geographic area.  Goodman, 86 N.J. at 40.

Furthermore, a plaintiff's right to back pay is terminated when she obtains "an equivalently paying position" to the one lost.  Id. at 42; see also Weiss v. Parker Hannifin Corp., 747 F. Supp. 1118, 1132 (D.N.J. 1990) (holding that "once a plaintiff assumes a position which provides approximately the same remuneration and opportunity as the plaintiff's former position, he can no longer recover damages from the defendant.").  Back pay similarly must be reduced if the plaintiff leaves subsequent employment without good cause.  See Model Jury Charge (Civil) 2.33(C)(2).  In the event a plaintiff leaves subsequent employment without good cause, any entitlement to damages ceases upon the cessation of that subsequent employment.  These mitigation principles incentivize the "socially desirable goal" of "encouraging the unemployed to seek employment."  Goodman, 86 N.J. 34.

Plaintiff has not met her obligation of making reasonably diligent efforts to secure employment following her separation from Pacira.  At the outset of this matter in 2019, Defendants served Plaintiff with discovery requests seeking information concerning Plaintiff's mitigation efforts[1].  Specifically, in Interrogatory Nos. 7-8, Defendants requested Plaintiff to "identify each and every employer by whom you have been employed since March 14, 2018 to the present" including a summary of the contact information for each employer, the dates of such employment, job titles held, rates of pay, nature and value of any employee benefits received, and the reasons for any termination of such employment (Interrogatory No. 7), and to "identify each and every

---

[1] For purposes of brevity, we attached relevant portions of Plaintiff's discovery responses which encapsulate the discovery requests by Defendants to which Plaintiff responded to. We intentionally omitted inclusion of Defendants' discovery requests to Plaintiff as separate exhibits to avoid duplication.

employer or potential employer that was contacted by you and any other efforts made by you to obtain employment subsequent to your separation from Defendants, and for each such employer or potential employer," to state the date of each contact, nature of the job, rate/range of pay, and whether she was offered or rejected any work (Interrogatory No. 8).  Further, in Document Request No. 6, Defendants requested Plaintiff to produce any documents outlining her "attempts to obtain employment subsequent to the cessation of her employment with Pacira."

At the time of her separation with Pacira, Plaintiff earned a base salary of $157,000[2].  Following her separation, Plaintiff's subsequent job history (as gleaned from her discovery responses) is as follows:

- **March 14, 2018:** Plaintiff's employment with Pacira separated.

- Following Plaintiff's separation from Pacira, Plaintiff worked for Zipline Medical for approximately six months on an independent contractor basis, earning $1,800 in total.  Plaintiff voluntarily resigned from this position to pursue more "lucrative opportunities.[3]

- **July 18, 2018 – August 27, 2018:** Plaintiff worked for Livanova USA earning a base salary of $80,002.00.  Plaintiff voluntarily resigned from this position to pursue more "lucrative opportunities."[4]

---

[2] See Plaintiff's Compensation Statement demarcated Pacira 001634, attached as Exhibit 1 to the Declaration of James Panzini, Esq. ("Panzini Decl.")

[3] See Plaintiff's Interrogatory Responses dated January 22, 2019, Response to Interrogatory No. 7, attached as Exhibit 2 to the Panzini Decl.

[4] It is unclear from the record what lucrative opportunities Plaintiff resigned to pursue as there are no records indicating that she resigned her role with Livanova for any subsequent job.  See Plaintiff's Interrogatory Responses, Response to Interrogatory No. 7, attached as Exhibit 2 to the Panzini Decl.; Plaintiff's Livanova Paystubs demarcated Abell 000211-000215, attached as Exhibit 3 to the Panzini Decl.; Livanova employment records demarcated Livanova-0001 to Livanova-0005, attached as Exhibit 4 to the Panzini Decl.

- **September 2018-May 2019:** Plaintiff was unemployed.

- **May 13, 2019-January 18, 2022:** Plaintiff worked for Flexion Therapeutics, Inc. ("Flexion").  At the time of her hire, Plaintiff earned a base salary of $150,000[5], and at the time of her separation, Plaintiff earned a base salary of $156,694.46. Plaintiff's employment ended due to a company-wide layoff.

- **January 19, 2022-present**: Plaintiff is unemployed.

With respect to Plaintiff's efforts to mitigate from the date of her job loss from Pacira in March 2018 to the time she obtained her employment with Zipline Medical, despite stating in response to Interrogatory No. 7 that Plaintiff "worked with recruiters, applied for more positions than she can quantify and during her periods of unemployment or underemployment, she fielded as many as 6 to 7 interviews per week" and referring to documents demarcated "ABELL-1 through ABELL-69" in response to Document Request No. 8, Plaintiff has not produced any documentation showing any communication with recruiters, job applications, or interview confirmations. (See Plaintiff's Interrogatory Responses, Response to Interrogatory No. 8, attached as Exhibit 2 to the Panzini Decl.; see also Plaintiff's Document Request Responses, Response to Request No. 6, attached as Exhibit 5 to the Panzini Decl.).  Plaintiff also has not provided any such documents in any supplemental production.  This is insufficient to meet Plaintiff's burden to prove that she made reasonable attempts to mitigate her damages during this time-period.  Further, based on Plaintiff's failure to provide any proof of her mitigation attempts, she should be precluded from seeking any back pay for any such period of time.

---

[5] See Plaintiff's Interrogatory Responses, Response to Interrogatory No. 7, attached as Exhibit 2 to the Panzini Decl.

Thereafter, Plaintiff became employed with Livanova USA from July 2018 to August 27, 2018, at which point she voluntarily resigned. (See Livanova employment records demarcated Livanova-0001 to Livanova-0005, attached as Exhibit 4 to the Panzini Decl.).  She was then unemployed for a period of approximately nine months until she obtained employment with Flexion on or about May 13, 2019.  For the nine month period of unemployment between Livanova and Flexion, there are also no documents to support Plaintiff's attempt to seek employment.  This is also insufficient to meet Plaintiff's burden to prove that she made reasonable attempts to mitigate her damages during this time period.  Moreover, pursuant to the principles set forth in Goodman, Plaintiff was not entitled to reject her available employment with Livanova and "resign to pursue more lucrative opportunities" when she did not have any other job lined up or simply because it offered a lower salary than her prior employment. Goodman, 86 N.J. at 40.

Thus, Plaintiff should be barred from recovering any back pay damages for the period of March 14, 2018 through May 13, 2019, which is the period during which Plaintiff failed to provide any proof of her attempts to mitigate her damages and resigned a job voluntarily which offered her at least an $80,000 salary.  Further, Plaintiff's back pay damages should be cut off as of May 13, 2019, the date Plaintiff obtained employment with Flexion because this constituted an equivalently paying position to that of her role with Pacira.  The fact that Plaintiff's employment with Flexion ultimately ended due to a layoff is irrelevant as once Plaintiff obtained comparable employment, her back pay claim is rightfully cut off. Weiss, 747 F. Supp. at 1135.

**POINT II**

**PLAINTIFF IS NOT ENTITLED TO FRONT PAY AS SHE
OBTAINED SIMILARLY AND ROUGHLY EQUIVALENT
SUBSEQUENT EMPLOYMENT**

Plaintiff has the burden of proving her claimed damages by a preponderance of evidence, and in order to prove entitlement to front pay in an LAD case, Plaintiff must present evidence "to prove what she would have earned had she not suffered the wrong committed by defendant, how long she would have continued to receive those earnings, and a reasonable likelihood that she will not be able to earn that amount in the future, such as through alternative employment. Quinlan v. Curtiss-Wright Corp., 425 N.J. Super. 335, 364 (App. Div. 2012).

As to the first element, Plaintiff must prove what she would have earned had she not suffered the wrong allegedly committed by Defendant. Caldwell v. Haynes, 136 N.H. 422, 436 (1994).

As to the second element, it cannot be "automatically" presumed that the plaintiff would have been employed by defendant for the remainder of her life if the discrimination or improper conduct had not occurred. Id. at 352; see also Anastasio v. Schering Corp., 838 F.2d 701, 709 (3d Cir. 1988) (finding that the purpose of front pay is "to ensure that a person who has been discriminated against . . is made whole, not to guarantee every claimant who cannot mitigate damages by finding comparable work an annuity to age 70"). It has also been held that a plaintiff seeking front pay must establish evidence of a reasonable probability that she would continue to employed with the defendant but for the alleged wrongful act. McKenna v. Pacific Rail Serv., 817 F.Supp. 498, 517-518 (D.N.J. 1993).

As to the third element, the plaintiff must prove that she will not be able to earn that amount in the future due to Defendant's alleged unlawful conduct and there is a probability that

7

damages will either be permanent or law for a reasonably determinable time. Quinlan, 425 N.J. Super. at 362. Thus, a calculation of front pay must factor the probability that the plaintiff will obtain comparable employment in the future.  See, e.g., Berndt v. Kaiser Aluminum & Chem. Sales, Inc., 789 F.2d 253, 255 (3d Cir. 1986) (affirming award of six months of front pay to former sales executive); Goss v. Exxon Office Sys. Co., 747 F.2d 885, 890-91 (3d Cir. 1984) (affirming an award of four months of front pay).

Where front pay is awarded, it must be limited to a brief, discrete period of time to avoid speculation and provide an incentive to mitigate. See generally, Preston v. Claridge Hotel & Casino, Ltd., 231 N.J. Super. 81, 88 (App. Div. 1989); Potter v. Village Bank of New Jersey, 225 N.J. Super. 547, 562 (App. Div.), cert. denied, 113 N.J. 352 (1988); Weiss v. Parker Hannifin Corp, 747 F. Supp. 1118, 1135 (D.N.J. 1990) ("front pay may only be awarded for a reasonable period required for the victim to reestablish his rightful place in the job market."); Carter-Herman v. City of Philadelphia, 1996 U.S. Dist. LEXIS 19065, at *9 (D. Pa. 1996) ("Front pay is only intended to fill the financial void which exists from the time the plaintiff is wrongfully discharged to the time she can find comparable employment.")[6]; see also Anastasio, 838 F.2d at 709.

In considering front pay, relevant factors include the plaintiff's "work and life expectancy," and his or her anticipated efforts to mitigate damages. Quinlan, 425 N.J. Super. at 353 (citing Anastasio, 838 F.2d at 709).  Indeed, "just as it is a plaintiff's duty to mitigate [her] damages prior to trial, it is expected that [she] will continue to mitigate [her] damages into the future. Feldman v. Phila. Hous. Auth., 43 F.3d 823, 840 (3d Cir. 1994); see also Maxfield v. Sinclair International, 766 F.2d 788, 796 (3d Cir. 1985) (recognizing that plaintiff's duty to mitigate serves as a control on front pay damage awards); Whittlesey v. Union Carbide Corp., 742

---

[6] A copy of this case is attached to the Panzini Decl. as Exhibit 6.

F.2d 724, 728 (2d Cir. 1984) (noting that an award of front pay "does not contemplate that a plaintiff will sit idly by and be compensated for doing nothing.").  If Plaintiff failed to undertake reasonable measures to mitigate alleged backpay damages, then front pay should also be reduced to consider the amount that Plaintiff would have earned if she had used reasonable measures to obtain replacement employment. Quinlan, 425 N.J. Super. at 369; see also Model Jury Charge (Civil) 2.34 "Mitigation of Economic Damages – Front Pay" (2014).

      Significantly, there are no front pay damages where a plaintiff has obtained employment similar to or much better than that previously held.  See Weiss, 747 F. Supp. at 1135 (denying front pay because the plaintiff obtained a position in the job market "roughly equal" to where he had been before).

      Here, Plaintiff obtained subsequent employment with Flexion in or around May 13, 2019 earning a base salary of $150,000.  Such employment was similar and roughly equal to the employment Plaintiff held with Pacira during which Plaintiff earned a base salary of $157,000. Further, Plaintiff's ability to secure this comparable employment undermines her claim for front pay, and an award for front pay is inappropriate as a result.  Therefore, Plaintiff's claim for front pay damages should be barred for this reason alone.

      Even if Plaintiff were to argue that Plaintiff subsequently lost her job with Flexion as of January 18, 2022, which was nearly **five years** after her employment with Pacira ended, and therefore Plaintiff has an ongoing "future loss," such an argument would fail.

      First, Plaintiff has not established any evidence proving that she would have continued to be employed with Pacira but for the alleged wrongful act, and it is inappropriate to assume she would have been employed with Pacira indefinitely.  Damages cannot be calculated based on mere speculation.  Caldwell, 136 N.J. at 442 (stating that "law abhors damages based on

9

mere speculation." Indeed, "common sense dictates that the farther into the future a front pay award reaches, the more speculative it becomes." Feldman, 43 F.3d at 839-840 (stating that "in those cases in which the plaintiff is not close to retirement age, the expectation that [she] will continue working tempers the need for front pay-to-retirement, the award of which might constitute a windfall for the plaintiff."

Second, Plaintiff has not yet produced any documentation supporting her attempts to mitigate her damages from the date of her job loss with Flexion in January 2022 to now, nearly one and a half year later.[7] This is Plaintiff's burden. Notably, Plaintiff previously obtained three jobs from the date of her separation with Pacira in March 2018 to the date she obtained comparable employment with Flexion in May 2019, a fourteen month period. Further emphasizing Plaintiff's lack of mitigation is the fact that she learned she would be laid off from Flexion in November 2021 and has not obtained *any* subsequent employment from then to present, over a year and a half later[8].

Third, even if Plaintiff ultimately produces such documentation and is considered to have satisfied her duty to mitigate, the fact Plaintiff obtained comparable employment in the first place with Flexion within fourteen months of her separation from Pacira is sufficient to cut off any claim for front pay. Plaintiff's subsequent job loss from Flexion is simply irrelevant as the fact that Plaintiff was laid off from the comparable employment cannot be Pacira's financial responsibility. To hold Pacira liable for front pay *after* Plaintiff found comparable employment and for damages stemming from that job joss suggests that Pacira would be financially responsible

---

[7] Pursuant to an agreement directed to be made by Judge Espinosa during the pre-trial conference on May 2, 2023, Plaintiff has agreed to produce such documentation on or before June 10, 2023.

[8] Notably, a plaintiff who has used diligent efforts over a reasonable period of time and has still been unable to obtain a position which is comparable, then she is also required to lower her sights, which Plaintiff likewise has not proven she has done. Goodman, 86 N.J. at 38.

for Plaintiff's subsequent earnings in perpetuity which is not the law or what front pay is intended to compensate.   Moreover, Plaintiff's subsequent job loss from Flexion is nearly five years from the date of her separation with Pacira.   Five years is significantly longer than what could be considered reasonable in light of the fact that Plaintiff previously found comparable employment within a fourteen month period.

Accordingly, Plaintiff is not entitled to any front pay damages.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court should preclude or limit Plaintiff from recovering any back pay or front pay award.

Respectfully submitted,

**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
T: 732-532-6148

Dated: May 26, 2023          By:    <u>*/s/ James J. Panzini*</u>
James J. Panzini

*Attorneys for Defendants*

4889-4114-3142, v. 1

11