UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------x

| | |
|---|---|
| RESHMA ABELL,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS AND MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.,<br><br>    Defendants. | Civil Action No.:<br>2:18-cv-16509 (MCA) (AME) |

---------------------------------------------------------------x

**DEFENDANTS' MOTION IN LIMINE AND MEMORANDUM OF LAW TO PRECLUDE FROM EVIDENCE THE DOCUMENTS AND TESTIMONY REGARDING PLAINTIFF'S DISMISSED AND/OR UNASSERTED CLAIMS**

                 **JACKSON LEWIS P.C.**
                 766 Shrewsbury Avenue
                 Tinton Falls, New Jersey 07724
                 T: 732-532-6148
                 *Attorneys for Defendants*

James J. Panzini, Esq.
John K. Bennett, Esq.,
  Of Counsel and
  On the Brief

Pooja Bhutani, Esq.
  On the Brief

# **TABLE OF CONTENTS**

                                                            **PAGE**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................1

POINT I .......................................................................................................................................2

        PLAINTIFF MUST BE PRECLUDED FROM OFFERING ANY TESTIMONY OR DOCUMENTS RELATING TO PLAINTIFF'S DISMISSED CLAIMS INTO EVIDENCE ..............................................................2

POINT II .....................................................................................................................................8

        PLAINTIFF MUST BE PRECLUDED FROM OFFERING ANY TESTIMONY OR DOCUMENTS RELATING TO ANY OF PLAINTIFF'S UNASSERTED CLAIMS INTO EVIDENCE ................................8

        A.    Plaintiff Must Be Precluded From Offering Any Testimony Or Documents Relating To Plaintiff's Claimed "Continuing Retaliation" Theory Which Was The Subject Of Plaintiff's Motion For Leave To Amend Her Complaint Denied By Judge Espinosa ..........................................................................................8

        B.    Plaintiff Must Be Precluded From Offering Any Testimony Or Documents Relating To Any Claims Of Religious, National Origin Or Race Discrimination Claims Which Were Never Asserted In This Lawsuit ........................................................10

CONCLUSION ..........................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Arizona v. California,
   460 U.S. 605 (1983) ........................................................................................................... 3

Bradley v. Pittsburgh Bd. of Educ.,
   913 F.2d 1064 (3d Cir. 1988) ............................................................................................ 5

Doe v. University of Connecticut,
   2013 U.S. Dist. LEXIS 119251 (D. Conn. Aug. 22, 2013) ............................................... 4

Greenfield v. Sears, Roebuck & Co.,
   2006 U.S. Dist. LEXIS 74299 (E.D. Mich. Oct. 12, 2006) ........................................... 5, 6

Hamza v. Saks Fifth Avenue, Inc.,
   2011 U.S. Dist. LEXIS 139132 (S.D.N.Y. Dec. 5, 2011) ................................................. 6

Hannah v. Wal-Mart Stores, Inc.,
   2017 U.S. Dist. LEXIS 23681 (D. Conn. Feb. 21, 2017) ................................................ 4

Jones v. Kearfott Guidance and Navigation Corp.,
   Civ. No. 93-64, 1998 U.S. Dist. LEXIS 21489 (D.N.J. 1998) ......................................... 5

Redd v. New York State Division of Parole,
   2013 U.S. Dist. LEXIS 34361 (E.D.N.Y. Jan. 24, 2013) ................................................. 4

Schneck v. IBM,
   1996 U.S. Dist. LEXIS 17486 (D.N.J. June 25, 1996) .................................................... 7

Schroeder v. Boeing Commercial Airplane Co.,
   712 F. Supp. 39 (3d Cir. 1989) ......................................................................................... 5

Snodgrass v. Ford Motor Co.,
   2002 U.S. Dist. LEXIS 13421 (D.N.J. Mar. 28, 2002) .................................................... 7

State v. Hale,
   127 N.J. Super. 407 (App. Div. 1974) .......................................................................... 3, 9

Veloso v. West Bedding Supply Company, Inc.,
   281 F. Supp. 2d 743 (D.N.J. 2003) .................................................................................. 5

Wallace v. UPS,
   2007 U.S. App LEXIS 24155 (3d Cir. Oct. 15, 2007) ..................................................... 4

Washington Commons v. City of Jersey City,
    416 N.J. Super. 555 (App. Div. 2010) .................................................................................3, 9

**Statutes**

New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ........................................5, 6, 12

New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19, et seq. ................................6

Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C § 78u-
    6(h)(1)(B)(1) ...................................................................................................................6

**Other Authorities**

Federal Rules of Evidence ("Fed. R. Evid.") 102 ...........................................................................5

Fed. R. Evid. 401 ................................................................................................................ passim

Fed. R. Evid. 402 ...............................................................................................................1, 5

Fed. R. Evid. 403 ................................................................................................................ passim

**PRELIMINARY STATEMENT**

The remaining defendants, Pacira Pharmaceuticals, Inc. ("Pacira") and Richard Kahr (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, respectfully submit this motion in limine to preclude Plaintiff Reshma Abell ("Plaintiff") from offering any testimony or documents relating to Plaintiff's dismissed and/or unasserted claims into evidence, including but not limited to:

(1) Plaintiff's dismissed claims of sex discrimination and sexual harassment hostile work environment under the New Jersey Law Against Discrimination ("NJLAD");

(2) Plaintiff's unasserted claims of "continuing retaliation" under the NJLAD based on Pacira's acquisitions of Flexion Therapeutics, Inc. ("Flexion") and Myoscience, Inc./Iovera ("Myoscience"), Plaintiff's layoff from Flexion and relatedly that the layoff occurred because Flexion was acquired by Pacira, and Plaintiff's alleged failure to hire by Myoscience, which Plaintiff sought to assert in this action by way of a motion to amend the Complaint and which was denied by Judge Espinosa (ECF No. 116), and;

(3) Any references to the Kama Sutra being "religious" and/or related to Plaintiff's "national origin," "ethnicity," "race," "heritage" or "culture" as Plaintiff has not asserted any claim for religious, race, or national origin discrimination in this lawsuit.

For the reasons set forth herein, Defendants respectfully request that their motion be granted.

1

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF MUST BE PRECLUDED FROM OFFERING ANY TESTIMONY OR DOCUMENTS RELATING TO PLAINTIFF'S DISMISSED CLAIMS INTO EVIDENCE**

On November 28, 2015, Plaintiff filed a Five Count Complaint in the United States District Court, District of New Jersey against Pacira, and individuals, Dave Stack, Rich Kahr, Peter Murphy, Dennis McLoughlin, Paul Ciavolella, Glenn Reiser, Joyce Davis, and Matt Lehmann, alleging: (1) sex discrimination under the NJLAD; (2) sexual harassment hostile work environment under the NJLAD; (3) retaliation under the NJLAD; (4) retaliation under CEPA, and; (5) retaliation under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd Frank Act"). (See Complaint attached as Exhibit 1 to the Declaration of James J. Panzini, Esq. ("Panzini Decl.")). Following motion practice and/or Plaintiff's own voluntary dismissals, Plaintiff's claims against all individuals except for Mr. Kahr, and Plaintiff's NJLAD claims for sex discrimination and sexual harassment hostile work environment, retaliation claims under CEPA, and retaliation under the Dodd Frank Act were dismissed.[1] The sex discrimination and sexual harassment claims under the NJLAD were dismissed on summary judgment by Judge Arleo in the form of a Letter Order dated December 28, 2021 (ECF No. 95).

Defendants anticipate that at trial, Plaintiff will attempt to introduce testimony and/or documents concerning Plaintiff's dismissed claims into evidence. Specifically, in Section 8 of the Final Pre-Trial Order, Plaintiff states that she intends to prove facts regarding her

---

[1] To the extent Plaintiff seeks to introduce evidence or testimony regarding the voluntary dismissed claims under the Dodd Frank Act or CEPA, Defendants also reserve their right to seek to preclude such evidence for the same reasons as those identified herein. Presently, it does not appear based on the statements outlined in Plaintiff's Pre-Trial Order that she intends to introduce any such evidence relating to these claims.

2

dismissed sex discrimination and sexual harassment hostile work environment claims as set forth in paragraphs 1, 4, 7, 9, 33, 51, 65, and 75.  Generally, these paragraphs relate to Plaintiff's beliefs that she was subjected to a "toxic workplace culture" due to gender discrimination and sexual harassment, and Kahr having a "history of discriminating against women and especially against women above a certain age."

Plaintiff already attempted to pursue her claims of sex discrimination and a hostile work environment based on sexual harassment, and even in viewing all facts and allegations in the light most favorable to Plaintiff, this Court dismissed such claims as a matter of law on summary judgment.  The very purpose of summary judgment motions is to narrow the issues before the Court for trial.  The Court's prior decision dismissing Plaintiff's claims are now "law of the case," and these claims cannot now be relitigated.  Under the long-standing "law of the case" principle, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983); Washington Commons v. City of Jersey City, 416 N.J. Super. 555, 563 (App. Div. 2010) ("Under the doctrine of the law of the case, a party cannot relitigate a previously resolved issue."); State v. Hale, 127 N.J. Super. 407, 410 (App. Div. 1974) (the law of the case "may be applied in a situation where one judge decides a pretrial motion to suppress, but another judge conducts the trial. In such a case, the decision rendered at the pretrial hearing may be said to be the 'law of the case' during the subsequent trial.").  Further, the claimed theory of "Kahr having a history of discriminating against women and women of a certain age" is brand new as there is no such allegations were included in the Complaint, Plaintiff has never asserted an age discrimination claim, and there is no record of discovery whatsoever on such a topic.  Therefore, any testimony or documents on these

3

subjects is irrelevant because these allegations involve dismissed claims and would be unfairly prejudicial, confusing, misleading, and a waste of time.

Moreover, as a matter of well-settled law, parties are precluded from offering any evidence on claims that have been dismissed from the lawsuit. See Ramirez v. UPS, 2010 U.S. Dist. LEXIS 48351, at *4 (D.N.J. May 17, 2010) (finding that evidence related to Plaintiff's claims dismissed on summary judgment are not relevant to the remaining claims, and it "would now be improper to allow Plaintiff to introduce evidence, testimonial or otherwise, regarding the previously dismissed" claims)[2]; Wallace v. UPS, 2007 U.S. App LEXIS 24155, at **5-6 (3d Cir. Oct. 15, 2007) (stating "we can find no error on the part of the District Court, however, in barring the introduction of evidence related to the discrimination claims which it had previously concluded lacked sufficient evidentiary support and which had no particularly relevance") (citing cases)[3]; Hannah v. Wal-Mart Stores, Inc., 2017 U.S. Dist. LEXIS 23681, at *5-6 (D. Conn. Feb. 21, 2017) (holding that "where claims have been dismissed on summary judgment, therefore, it is generally appropriate to preclude testimony or evidence regarding those same previously dismissed claims during a jury trial" because "the Court is generally bound by its own prior rulings, such evidence would be irrelevant and unnecessary, and any potential probative value is substantially outweighed by the risk of unfair prejudice, confusion and delay") (citing cases)[4]; Doe v. University of Connecticut, 2013 U.S. Dist. LEXIS 119251, at *64 n.33 (D. Conn. Aug. 22, 2013) ("It goes without saying that because retaliation is no longer part of this lawsuit, both parties are precluded from offering any evidence on that topic.");[5] Redd v. New York State Division of Parole, 2013 U.S. Dist. LEXIS 34361, at *34 (E.D.N.Y. Jan. 24, 2013) (parties are precluded from introducing

---

[2] A copy of this case is attached to the Panzini Decl. at Exhibit 2.
[3] A copy of this case is attached to the Panzini Decl. at Exhibit 3.
[4] A copy of this case is attached to the Panzini Decl. at Exhibit 4.
[5] A copy of this case is attached to the Panzini Decl. at Exhibit 5.

4

evidence relating to dismissed claims);[6] Greenfield v. Sears, Roebuck & Co., 2006 U.S. Dist. LEXIS 74299, at *14 (E.D. Mich. Oct. 12, 2006) (granting defendant's motion in limine to preclude testimony regarding plaintiff's abandoned and dismissed failure to promote claims).[7]

Additionally, as a threshold matter, evidence must be relevant to be admissible. See Fed. R. Evid. 401, 402. Rule 401 of the Federal Rules of Evidence provides that relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Trial courts have broad discretion in determining the relevancy of evidence. See, e.g., Veloso v. West Bedding Supply Company, Inc., 281 F. Supp. 2d 743, 747 (D.N.J. 2003); Jones v. Kearfott Guidance and Navigation Corp., Civ. No. 93-64, 1998 U.S. Dist. LEXIS 21489, at *8 (D.N.J. 1998).[8] It is not new for courts in this Circuit and District to limit the introduction and exploration of irrelevant issues before trial. See Schroeder v. Boeing Commercial Airplane Co., 712 F. Supp. 39 (3d Cir. 1989). Indeed, the exclusion of irrelevant evidence prior to trial comports with the purpose and construction of the Federal Rules of Evidence, which is "to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." Fed. R. Evid. 102; see also Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1988).

Here, Plaintiff's remaining claim arises out of her alleged complaint about one incident of gender discrimination by Rob Rock which occurred during the February 2018 National Sales Meeting ("NSM"), and Defendants' decision to terminate her employment effective March

---

[6] A copy of this case is attached to the Panzini Decl. at Exhibit 6.
[7] A copy of this case is attached to the Panzini Decl. at Exhibit 7.
[8] A copy of this case is attached to the Panzini Decl. at Exhibit 8.

14, 2018. Plaintiff contends that the decision to terminate her was retaliatory for the complaint she asserted about Mr. Rock, and the reason for her termination (i.e., her viewing sexually inappropriate images from the Kama Sutra also while at the NSM) was pretextual. Plaintiff's allegations concerning an alleged "history" of gender discrimination and/or sexual harassment hostile work environment by various claimed bad actors were dismissed by the Court. Any references to these dismissed allegations concerning "sex discrimination" and "sexual harassment" by Plaintiff's other coworkers (i.e., not Rob Rock or any of the decisionmakers for her termination) are irrelevant as they do not relate to the alleged complaint she made about Rob Rock arising from the February 2018 NSM or her termination, and such allegations would have no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401; see Greenfield, 2006 U.S. Dist. LEXIS 74299, at *14; Hamza v. Saks Fifth Avenue, Inc., 2011 U.S. Dist. LEXIS 139132, at *21-*22 (S.D.N.Y. Dec. 5, 2011) (testimony and evidence relating to plaintiff's dismissed claims were "wholly irrelevant," and plaintiff was precluded from introducing such evidence at trial).[9] As such, any such references should be excluded at trial.

Even if this Court were to determine that there is some marginal relevancy to references to Plaintiff's dismissed claims for gender discrimination and sexual harassment hostile work environment, such references still should be excluded on the grounds that any probative value is greatly outweighed by the danger of unfair prejudice, and because such evidence is confusing and a waste of time. See Fed. R. Evid. 403.

Rule 403 provides that even otherwise relevant evidence may be excluded if:

> its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or

---

[9] A copy of this case is attached to the Panzini Decl. at Exhibit 9.

> by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. In applying the balancing test set forth in Rule 403 to the evidence at issue here, the probative value of Plaintiff's proffered evidence regarding her dismissed gender discrimination and sexual harassment claims are substantially outweighed by the danger of unfair prejudice and confusion to the jury. Indeed, the record is abundantly clear that Plaintiff never raised the issue of sex discrimination or a hostile work environment during her employment, and the Court saw fit to summarily dismiss these claims. To allow Plaintiff to attempt to re-litigate the dismissed claims in an effort to somehow mislead or influence the jury would be patently unfair and highly prejudicial while having no probative value.

Indeed, as a practical and evidentiary matter, such references would distract the jury from the appropriate inquiry, i.e., whether the individual who made the decision to separate Plaintiff's employment, namely, Defendant Kahr, did so because of Plaintiff's alleged complaint about gender discrimination. Permitting the jury to hear about Plaintiff's beliefs that she was discriminated against and sexually harassed by other male employees at Pacira (who were not decisionmakers of her termination), are unnecessary collateral issues which this Court previously ruled are not active claims to be tried in this matter and would serve to confuse and/or mislead the jury. See Snodgrass v. Ford Motor Co., 2002 U.S. Dist. LEXIS 13421, at *12 (D.N.J. Mar. 28, 2002) ("evidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues").[10] Clearly this is improper and creates a significant potential for unfair prejudice and confusion, which outweighs any minimal probative value. See Fed. R. Evid. 403; Schneck v. IBM, 1996 U.S. Dist. LEXIS 17486, at *111 (D.N.J. June 25, 1996) (excluding evidence under Fed. R. Evid. 403 that would

---

[10] A copy of this case is attached to the Panzini Decl. at Exhibit 10.

7

"unfairly prejudice [the company], confuse the issues, mislead the jury, and waste valuable time in the trial of collateral matter").[11]  If Plaintiff were permitted to introduce this evidence, it would create a trial within a trial and also require Defendants to introduce several other witnesses to refute such claims and/or put some of the factual allegations into a larger context.  Therefore, the introduction of this testimony and evidence would mislead the jury, serve to lengthen the trial unnecessarily, and amount to nothing more than a waste of time.  See Fed. R. Evid. 403.

Accordingly, references to testimony or documents relating to Plaintiff's dismissed sex discrimination and sexual harassment claims should be excluded at trial.

## POINT II

**PLAINTIFF MUST BE PRECLUDED FROM OFFERING ANY TESTIMONY OR DOCUMENTS RELATING TO ANY OF PLAINTIFF'S UNASSERTED CLAIMS INTO EVIDENCE**

A.   **Plaintiff Must Be Precluded From Offering Any Testimony Or Documents Relating To Plaintiff's Claimed "Continuing Retaliation" Theory Which Was The Subject Of Plaintiff's Motion For Leave To Amend Her Complaint Denied By Judge Espinosa**

On November 29, 2022, Plaintiff filed a motion seeking leave to amend the complaint to assert a claim for "continuing retaliation" against Pacira and Kahr under the NJLAD which was premised on the allegations that: in or around April 2019, Plaintiff was denied a conditional job offer with Myoscience after Pacira acquired the company; in or around January 2022, Plaintiff was laid off as part of a company-wide layoff from her employment with Flexion after Pacira acquired the company in October 2021 and Plaintiff learned that she would be laid off as of November 2021 (ECF No. 110).  In an order dated January 31, 2023, Judge Espinosa denied Plaintiff's motion seeking leave to amend, reasoning that Plaintiff failed to meet the "threshold

---

[11] A copy of this case is attached to the Panzini Decl. at Exhibit 11.

8

demonstration of diligence" as Plaintiff did not raise the issue of amending her pleading until the day of the final pre-trial conference on November 4, 2022, despite being aware of the allegations in support of her "continuing retaliation" theory as early as April 2019 for the Myoscience allegations and November 2021 for the Flexion allegations (ECF No. 116).

Defendants anticipate that at trial, Plaintiff will attempt to introduce testimony and/or documents concerning these unasserted claims, and particularly emphasize that Plaintiff suffered a subsequent job loss in January 2022 after Pacira acquired Flexion. Specifically, in Sections 8 and 15 of the Final Pre-Trial Order, Plaintiff states that she intends to prove facts regarding these unasserted "continuing retaliation" theories in paragraphs 111-117 of Section 8 and introduce "documents related to Flexion termination and refusal to offer/pay severance" identified as Exhibit 69 of Section 15. However, such claims are not currently before the Court and Judge Espinosa previously ruled that these claims could not be added to Plaintiff's operative pleading on which the upcoming trial is based. To allow Plaintiff to do something indirectly that the Court has previously held they cannot do directly is prejudicial, unnecessary, and a waste of time.

First, as an initial matter, Judge Espinosa's decision denying Plaintiff's request for leave to add these allegations as a "continuing retaliation" theory is law of the case. Plaintiff should be barred from attempting to relitigate the issue of whether such theory can be pursued in this matter by introducing testimony or evidence of any alleged "continuing retaliation," and relatedly, that her subsequent job loss was due to Pacira's acquisition of Flexion. Washington, 416 N.J. Super. at 563; State v. Hale, 127 N.J. Super. 407 at 410 (App. Div. 1974).

Additionally, such evidence is irrelevant because these allegations involve claims that are not currently before the Court and would be unfairly prejudicial, confusing, misleading,

9

and a waste of time.  Indeed, introducing testimony or evidence as to the "continuing retaliation" theory which Judge Espinosa denied as being part of the case, and/or that her layoff occurred due to Pacira's acquisition of her subsequent employer Flexion, would have no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401.  For the jury to hear or see such evidence for unasserted claims previously denied Judge Espinosa, and relatedly that Plaintiff suffered a subsequent job loss as a result of a Pacira acquisition, would only serve to prejudice Defendants, confuse or mislead the jury, and constitute a waste of time, without having any probative value. Fed. R. Evid. 401, 403.

      **B.**    **Plaintiff Must Be Precluded From Offering Any Testimony Or Documents Relating To Any Claims Of Religious, National Origin Or Race Discrimination Claims Which Were Never Asserted In This Lawsuit**

Although Plaintiff's Complaint does not include any causes of action for religious, national origin, or race discrimination, Plaintiff has suggested throughout the lawsuit that she should have been excused from termination because the inappropriate conduct in which she engaged – viewing and showing graphics from the Kama Sutra which depict people engaged in various sexual positions (which other employees were offended by) – is not a terminable offense because she is of Indian descent and practices Hinduism, and the Kama Sutra is an ancient Hindu text originating from India.

Defendants anticipate that at trial, Plaintiff will attempt to introduce testimony about the origins of the Kama Sutra being related to her national origin, race, or religion. Specifically, in Sections 7 and 8 of the Final Pre-Trial Order, Plaintiff states that she intends to request to the Court to take judicial notice that the "Kama Sutra" is an "ancient Indian text" (see Section 7(A)) of the Pre-Trial Order) and prove facts that the "Kama Sutra is an ancient Hindu text

on sexuality, eroticism, and emotion fulfillment in life" (see Section 8, paragraph 72 of the Pre-Trial Order).

Such claims are merely a red herring and are completely irrelevant because there has never been any cause of action asserted in this lawsuit relating to national origin, race, or religion, and the introduction of this information would be unfairly prejudicial, confusing, misleading, and a waste of time. Fed. R. Evid. 401, 403.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court preclude Plaintiff from making reference to testimony or documents relating to Plaintiff's dismissed or unasserted claims, including but not limited to her dismissed sex/gender discrimination, sexual harassment claims, and the unasserted claims relating to the "continuing retaliation" theory, references to Pacira acquiring her subsequent employer which relates to the "continuing retaliation theory," and any allegations supporting any religious, national origin, and/or race claims.

Respectfully submitted,

**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
T: 732-532-6148

Dated: May 26, 2023        By:    */s/ James J. Panzini*
                                  James J. Panzini

                                  *Attorneys for Defendants*

4864-5077-9493, v. 3

11