# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

---------------------------------------------------------------x

RESHMA ABELL,

          Plaintiff,

v.

PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, AND MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.,

          Defendants.

---------------------------------------------------------------x

Civil Action No.:
2:18-cv-16509 (MCA) (AME)

---

**DEFENDANTS' MOTION IN LIMINE AND MEMORANDUM OF LAW TO PRECLUDE FROM EVIDENCE DOCUMENTS AND TESTIMONY REGARDING ALLEGED DISCRIMINATION AND/OR RETALIATION AGAINST OTHER PACIRA EMPLOYEES**

---

                                            **JACKSON LEWIS P.C.**
                                            766 Shrewsbury Avenue
                                            Tinton Falls, New Jersey 07724
                                            T: 732-532-6148
                                            *Attorneys for Defendants*

James J. Panzini, Esq.
John K. Bennett, Esq.,
    Of Counsel and
    On the Brief

Pooja Bhutani, Esq.
    On the Brief

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................. 1

POINT I ................................................................................................................................... 4

        PLAINTIFF SHOULD NOT BE PERMITTED TO OFFER DOCUMENTS OR TESTIMONY REGARDING ALLEGED DISCRIMINATION AGAINST OTHER PACIRA EMPLOYEES PURSUANT TO RULES 401, 402, AND 403 .......................................................... 4

        A.    "Me Too" Documents and Testimony Unrelated To Plaintiff's Own Claims Is Irrelevant ............................................................. 4

        B.    Such Evidence Should Be Excluded Because It Is Unfairly Prejudicial, Confusing, Misleading, and A Waste of Time ......................... 7

POINT II ................................................................................................................................ 10

        ANTICIPATED TESTIMONY OF MS. SCHAFFER AND MS. HYMAN'S ALLEGED EXPERIENCES AND/OR PERSONAL KNOWLEDGE OF DISCRIMINATION AND RETALIATION ARE IRRELEVANT HEARSAY AND SHOULD THEREFORE BE PRECLUDED .............................................................................................. 10

CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Bradley v. Pittsburgh Bd. of Educ.,
   913 F.2d 1064 (3d Cir. 1988)..................................................................................5

Coletti v. Cudd Pressure Control,
   165 F.3d 767 (10th Cir. 1999) .................................................................................5

Curtis v. Oklahoma City Pub. Schs. Bd. Of Educ.,
   147 F. 3d 1200 (10th Cir. 1998) .............................................................................6

Garraghty v. Jordan,
   630 F.2d 1295 (4th Cir. 1987) ............................................................................5, 7

Heno v. Sprint/United Mgmt. Co.,
   208 F.3d 847 (10th Cir. 2000) .................................................................................5

Jones v. Kearfott Guidance and Navigation Corp.,
   1998 U.S. Dist. LEXIS 21489 (D.N.J. 1998) .........................................................4

Lockhart v. Westinghouse Credit Corp.,
   879 F.2d 43, 53 (3d Cir. 1989)..............................................................................10

Schneck v. IBM,
   1996 U.S. Dist. LEXIS 17486 (D.N.J. June 25, 1996) ...........................................9

Schroder v. Boeing Commercial Airplane Co.,
   712 F. Supp. 39 (3d Cir. 1989) ................................................................................5

Sims v. Mulchay,
   902 F.2d 524 (7th Cir. 1990) ...................................................................................9

Snodgrass v. Ford Motor Co.,
   2002 U.S. Dist. LEXIS 13421 (D.N.J. Mar. 28, 2002)............................................9

Stair v. Lehigh Valley Carpenters Local Union No. 600,
   813 F. Supp. 1116 (E.D. Pa. 1993) ..........................................................................5

U.S. v. Benavidez,
   217 F.3d 720 (9th Cir. 2000) ...................................................................................8

Veloso v. Western Bedding Supply Company, Inc.,
   281 F. Supp. 2d 743 (D.N.J. 2003) .........................................................................4

Wyvill v. United Life Ins. Co.,
    212 F.3d 296 (5th Cir. 2000) ...................................................................................................9

**Statutes**

New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq ...................................................1

**Other Authorities**

Federal Rules of Evidence ("Fed. R. Evid.") 102 ...........................................................................5

Fed. R. Evid. 401 ......................................................................................................................4, 7

Fed. R. Evid. 402 ...................................................................................................................1, 4, 7

Fed. R. Evid. 403 ................................................................................................................ *passim*

Fed. R. Evid. 801 .....................................................................................................................1, 10

**PRELIMINARY STATEMENT**

The remaining defendants, Pacira Pharmaceuticals, Inc. ("Pacira") and Richard Kahr (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Rules 401, 402, 403, 404, and 801, of the Federal Rules of Evidence, respectfully submit this motion in limine and memorandum of law to preclude from evidence testimony regarding alleged discrimination and retaliation against other Pacira employees, including but not limited to Christy Schaffer and Leslie Hyman. For the reasons set forth herein, Defendants respectfully request that their motion be granted.

Plaintiff commenced this action on or about November 28, 2018, asserting five employment-related claims against Pacira and several named individuals. After extensive discovery and motion practice over the course of nearly five years, the matter has been reduced to a single claim of retaliation under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq. against two remaining Defendants, Pacira and Mr. Kahr.

In Section 10 of the Final Joint Pretrial Order (ECF No. 123) signed by the Honorable Andre M. Espinosa on May 17, 2023, Plaintiff indicated that she intends to call two former Pacira employees, Christy Schaffer and Leslie Hyman, as fact witnesses to testify about Ms. Schaffer's alleged "experience as a Pacira employee and her experience of being discriminated and retaliated against by Pacira and Pacira's HR department," and Ms. Hyman's "knowledge of Richard Kahr's competency as a Human Resources professional."[1]

---

[1] Ms. Hyman is also sought as a witness for other topics, such as her knowledge of Pacira's Human Resources processes and procedures, what was reported to her regarding the incident which occurred at the TopGolf event, and the allegation that Plaintiff shared inappropriate Kamasutra content while at the NSM. Defendants do not object to Ms. Hyman being called as a witness to testify as to these topics but note that what was reported to her about the TopGolf incident and her knowledge of the Kama Sutra content incident are likely limited, and she was not a decisionmaker for any employment action regarding Plaintiff. Therefore, calling her as a witness may serve to unnecessarily extend the length of the trial.

With respect to Plaintiff's summary regarding Ms. Schaffer's testimony topics, we understand Plaintiff's reference to Ms. Schaffer testifying about being "discriminated and retaliated against by . . . Pacira's HR department" to be referring to Mr. Kahr who was the Vice President of Human Resources during Ms. Schaffer's employment.  With respect to Plaintiff's summary regarding Ms. Hyman's testimony topics, we understand that Plaintiff seeks to introduce testimony concerning Ms. Hyman's personal beliefs that her supervisor Mr. Kahr lacked "competency as a Human Resources professional" because he discriminated and/or retaliated against her and other Pacira employees.  Specifically, at the pre-trial conference held on November 4, 2023 before Judge Espinosa, counsel elaborated that Ms. Hyman planned to testify about her beliefs that Mr. Kahr engaged in practices of age and gender discrimination against women of a certain age employed by Pacira; this was the first and only time in the litigation that such an allegation was ever raised.

Ms. Schaffer was a co-worker of Plaintiff's, and her employment with Pacira ended in or around May 2017, prior to Plaintiff's separation in March 2018.  Ms. Hyman was a Human Resources employee during Plaintiff's tenure.  She was not involved in the investigation that is the subject of this lawsuit and had no role in Defendants' decision to separate Plaintiff.  During Ms. Hyman's employment with Pacira, she reported to Kahr and voluntarily resigned in or around February 2018.  Notably, neither Ms. Schaffer nor Ms. Hyman were ever deposed in this matter. Additionally, there are no documents produced in this action concerning Ms. Schaffer and/or Ms. Hyman's employment with Pacira, their experiences as Pacira employees, any such claims of discrimination and/or retaliation by Ms. Schaffer or Ms. Hyman, or any other allegations concerning Ms. Schaffer or Ms. Hyman having any issues with Mr. Kahr during their respective employment with Pacira.  Rather, Ms. Schaffer and Ms. Hyman have rarely been involved or even mentioned in

this litigation[2]. It is also vague as to what specifically Ms. Schaffer and Ms. Hyman would testify to and how such testimony relates in any way to Plaintiff's retaliation claim. Of note, Plaintiff testified that she did not know if Ms. Schaffer ever made a complaint to Human Resources so she herself admits not having direct knowledge of any such "retaliation" claim, and any discrimination claim Ms. Schaffer would have asserted is irrelevant because the Court dismissed Plaintiff's discrimination claim on summary judgment. Nevertheless, we presume for purposes of this motion that Plaintiff seeks to call them as witnesses to testify about being "me too" victims of discrimination and retaliation by Pacira generally and/or Mr. Kahr specifically.

Defendants respectfully submit that such anticipated testimony is inadmissible as irrelevant, improper hearsay, not based on personal knowledge, substantially and unfairly prejudicial, and likely to lead to confusion of issues for the jury resulting in undue delay. Accordingly, Defendants respectfully request this Court grant their motion seeking to preclude Plaintiff from calling Ms. Schaffer and Ms. Hyman as witnesses to testify concerning any "me too" claims in this regard at trial.

---

[2] Ms. Schaffer is referenced in passing in Plaintiff's deposition, but she has otherwise not been mentioned in this litigation. Ms. Hyman is referenced a few times in this lawsuit because she attended the February 2018 National Sales Meeting ("NSM") where the incidents which led to Plaintiff's separation occurred, and a couple reports of the incident had been made to her while she was at the NSM which were escalated to Mr. Kahr. However, Ms. Hyman did not conduct the Human Resources investigation arising out of the NSM incidents or otherwise participate in the employment decisions that are in issue in this lawsuit. Therefore, as noted above, Defendants have no objection to Ms. Hyman being called as a witness to testify about her personal knowledge as to what she learned during her attendance at the NSM but seek to preclude any "me too" testimony that Plaintiff claims she may have.

3

## **LEGAL ARGUMENT**

## **POINT I**

### **PLAINTIFF SHOULD NOT BE PERMITTED TO OFFER DOCUMENTS OR TESTIMONY REGARDING ALLEGED DISCRIMINATION AGAINST OTHER PACIRA EMPLOYEES PURSUANT TO RULES 401, 402, AND 403.**

**A.**   **"Me Too" Documents and Testimony Unrelated To Plaintiff's Own Claims Is Irrelevant.**

The remaining claim to be tried in this lawsuit rests upon Plaintiff's allegation that she complained about gender/sex discrimination to Mr. Kahr during the course of a Human Resources investigation being conducted in response to complaints asserted about Plaintiff's conduct, and Mr. Kahr terminated her in retaliation for asserting such complaint in violation of the NJLAD. Because Plaintiff lacks evidentiary support for her sole-remaining retaliation claim under the NJLAD, she is attempting to bring in "me too" documents and testimony by witnesses who have no relationship to her claim in an effort to bolster her case. It is well-established that this testimony is inadmissible at Plaintiff's trial because any such documents or testimony would lack a sufficient (or indeed, any) link to Plaintiff's separation from Pacira.

As a threshold matter, evidence must be relevant to be admissible. See Fed. R. Evid. 401, 402. Rule 401 of the Federal Rules of Evidence provides that relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Trial courts have broad discretion in determining the relevancy of evidence. See, e.g., Veloso v. Western Bedding Supply Company, Inc., 281 F. Supp. 2d 743, 747 (D.N.J. 2003); Jones v. Kearfott Guidance and Navigation Corp., 1998 U.S. Dist. LEXIS 21489, at *8 (D.N.J.

1998).³  It is not new for courts in this Circuit and District to limit the introduction and exploration of irrelevant issues before trial.  See Schroder v. Boeing Commercial Airplane Co., 712 F. Supp. 39 (3d Cir. 1989).  Indeed, the exclusion of irrelevant evidence prior to trial comports with the purpose and construction of the Federal Rules of Evidence, which is "to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined."  Fed. R. Evid. 102; see also Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1988).

In fact, courts have properly excluded evidence where allegations of discrimination by individuals other than the plaintiff have been offered at trial to prove the plaintiff's claims.  The Federal Rules of evidence generally exclude evidence of other acts for the purpose of proving a person (or entity) acted similarly on other occasions.  See Fed. R. Evid. 404(b); see also Stair v. Lehigh Valley Carpenters Local Union No. 600, 813 F. Supp. 1116, 1119 (E.D. Pa. 1993) (incidents that are too remote in time or too dissimilar from plaintiff's situation are not relevant.); Heno v. Sprint/United Mgmt. Co., 208 F.3d 847, 856 (10th Cir. 2000) ("[A]necdotal evidence of discrimination should only be admitted if the prior incidences of alleged discrimination can somehow be tied to the employment actions disputed in the case at hand."); Coletti v. Cudd Pressure Control, 165 F.3d 767, 776 (10th Cir. 1999) (affirming exclusion of testimony from two employees regarding circumstances of their terminations, stating such testimony was inadmissible to show defendant's improper motive or intent for firing plaintiff, since proposed testimony related to events after plaintiff's discharge and was of limited probative value); Garraghty v. Jordan, 630 F.2d 1295,

---

³ A copy of this case is attached to the Declaration of James J. Panzini ("Panzini Decl.") at Exhibit 1.

1298 (4th Cir. 1987) (testimony from current and former employees of corporate defendant regarding their terminations and/or alleged mistreatment at work was unrelated to plaintiff and, therefore, was irrelevant and inadmissible at trial); Curtis v. Oklahoma City Pub. Schs. Bd. Of Educ., 147 F. 3d 1200, 1217-18 (10th Cir. 1998) (there was insufficient similarity between plaintiff's allegations and those of proffered witness such that they were irrelevant and would have confused the jury, and admission of that evidence would have required court to conduct separate trial of other claims).

Ms. Schaffer and Ms. Hyman's relationship to Plaintiff's sole remaining claim in this matter is unknown, and Plaintiff's summaries as to the topic of their anticipated testimony set forth in the Pre-Trial Order is vague. To the best of our knowledge, we surmise that Plaintiff intends to call Ms. Schaffer and Ms. Hyman, two women, to provide testimony concerning their beliefs that Pacira, and specifically Mr. Kahr, subjected them to discrimination and/or retaliation on the basis of their gender and/or alleged protected activity. During Plaintiff's employment, Ms. Schaffer was Plaintiff's colleague, and Ms. Hyman was a Human Resources professional whom Plaintiff had minimal, if any, contact with during her employment. Neither Ms. Schaffer nor Ms. Hyman were involved in any decisions with respect to Plaintiff's separation as Ms. Schaffer's employment ended nearly a year prior, Ms. Hyman's separation occurred a month prior, and Ms. Hyman did not participate in the investigation for any incident arising at the NSM. Further, there has been no discovery produced in this matter relating to Ms. Schaffer and Ms. Hyman's allegations, and it is unknown what Mr. Kahr's involvement would have been with respect to Ms. Schaffer and Ms. Hyman's separations, if at all. Notably, Ms. Hyman voluntarily resigned her employment. Additionally, Plaintiff herself admitted that she did not know whether Ms. Schaffer made any complaint that would be the basis of a retaliation claim. (See relevant excerpts of Plaintiff Reshma

Abell's deposition transcript at 85:24-86:9, attached to the Panzini Declaration as Exhibit 2). Thus, there does not appear to be *any* connection between Ms. Schaffer, Ms. Hyman, and Plaintiff's claim of retaliation that will be tried. See Garraghty, 530 F.2d 1295.

Plaintiff's subjective speculation of Ms. Schaffer and Ms. Hyman regarding their own work experiences at Pacira and/or personal perceptions of Mr. Kahr as a Human Resources professional does not shed light on the reasons as to Plaintiff's employment was separated. Accordingly, documents and testimony in this regard should be precluded at trial on the basis of irrelevance. Fed. R. Evid. 401, 402.

### B. Such Evidence Should Be Excluded Because It Is Unfairly Prejudicial, Confusing, Misleading, and a Waste of Time.

Even assuming, arguendo, that there is some marginal relevancy to Ms. Schaffer and Ms. Hyman's anticipated testimony concerning totally unrelated allegations of gender discrimination, retaliation, and/or experiences with Mr. Kahr, such evidence should nevertheless be excluded on the grounds that any probative value of this evidence is greatly outweighed by the danger of unfair prejudice to Pacira. See Fed. R. Evid. 403. Moreover, admission of this evidence will undoubtedly confuse the jury with collateral issues and protract the trial by taking inquiries too far afield of Plaintiff's actual claims. Id. Rule 403 provides that even otherwise relevant evidence may be excluded if:

> its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. Exclusion under Fed. R. Evid. 403 is absolute. "Once the probative value of a piece of evidence is found to be outweighed by the danger of unfair prejudice, there is no other

7

evidentiary rule that can operate to make that same evidence admissible." U.S. v. Benavidez, 217 F.3d 720, 725 (9th Cir. 2000).

As discussed above, the anticipated testimony of Ms. Schaffer and Ms. Hyman's self-serving claims that they experienced and/or witnessed gender discrimination or retaliation by Pacira and/or Mr. Kahr during their employment has no probative value to Plaintiff's actual retaliation claim. As an initial matter, this Court summarily dismissed Plaintiff's discrimination claims and no such claim is pending in this lawsuit. Moreover, any connection between the discrimination and/or retaliation allegedly suffered by Ms. Schaffer and Ms. Hyman (for which it is unknown what Mr. Kahr's role would have been in any event) are far too attenuated and remote in time to the facts and claims of this case for Plaintiff's proffered evidence to be relevant to Defendants decision to separate Plaintiff as the distinctive, fact-specific circumstances leading to the separation of Plaintiff's employment were particular to her employment only. Additionally, there is nothing in the record to suggest that any "me too" allegations by Ms. Schaffer and Ms. Hyman are in similar Plaintiff's pending claim, especially where Plaintiff admitted she did not know whether Ms. Schaffer ever made a complaint to Human Resources, and Ms. Hyman voluntarily resigned her employment. (See Exhibit 2). It is known, however, that neither were involved in the decision to separate Plaintiff which is the primary issue at the crux of her sole-remaining retaliation claim.

Permitting Ms. Schaffer and Ms. Hyman, who had no role whatsoever in Plaintiff's separation, to testify regarding their alleged experiences of discrimination and retaliation during their employment with Pacira will undoubtedly and substantially prejudice Pacira, confuse the issues in this case, mislead the jury, and create a trial within a trial for no reason. It would force Defendants to defend the separation of Ms. Schaffer and discuss the details of Ms. Schaffer and Ms. Human's respective employment with Pacira as well. As such, these are unnecessary collateral

maters that should be excluded from trial. See Snodgrass v. Ford Motor Co., 2002 U.S. Dist. LEXIS 13421, at *12 (D.N.J. Mar. 28, 2002) ("evidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues").[4] This is improper and creates a significant potential for unfair prejudice and confusion, which outweighs any minimal probative value. See Fed. R. Evid. 403; Schneck v. IBM, 1996 U.S. Dist. LEXIS 17486, at *111 (D.N.J. June 25, 1996) (excluding evidence under Fed. R. Evid. 403 that would "unfairly prejudice [the company], confuse the issues, mislead the jury, and waste valuable time in the trial of collateral matter").[5]

Moreover, if Ms. Schaffer and Ms. Hyman were permitted to testify before the jury, the cumulative impact of the evidence could not only evoke undue sympathy for Plaintiff, but a distinct danger would exist that the jury would assume a connection that was never proven between the claims of alleged discrimination and/or retaliation by Ms. Schaffer and Ms. Hyman, and those of the Plaintiff. The jury would be misled into believing that the allegedly discriminatory and/or retaliatory experiences of Ms. Schaffer and Ms. Hyman would somehow reflect the experiences of the Plaintiff.

This type of evidence is routinely excluded as "me too" witness or anecdotal evidence. See, e.g., Sims v. Mulchay, 902 F.2d 524, 531 (7th Cir. 1990) (affirming decision to exclude evidence of alleged discriminatory acts with no relation to discrimination claimed by plaintiff, because it creates "mini-trials" with no probative value); Wyvill v. United Life Ins. Co., 212 F.3d 296, 303-04 (5th Cir. 2000) (it was reversible error to permit plaintiff to introduce a "parade of anecdotal witnesses, each recounting his own, unrelated contention of age discrimination at the

---

[4] A copy of this case is attached to the Panzini Decl. as Exhibit 3.
[5] A copy of this case is attached to the Panzini Decl. as Exhibit 4.

9

hands of the defendant"). Plaintiff should not be permitted to divert the jury's attention from her own claims of discrimination by placing before the jury other unrelated claims of gender discrimination. See Lockhart v. Westinghouse Credit Corp., 879 F.2d 43, 53 (3d Cir. 1989) (evidence of testimony from "non-party witnesses about the circumstances surrounding their discharge from employment is irrelevant or, if relevant, its probative value is outweighed by undue prejudice"), overruled in part on other grounds, 54 F.3d 1089 (3d Cir. 1995). Such evidence is an unnecessary waste of time.

In applying the balancing test set forth in Rule 403 to the evidence at issue here, the substantial risk of unfair prejudice to Pacira, when combined with the evidence's likelihood of confusing the issues and misleading the jury, greatly outweighs the limited probative value of such evidence. Similarly, as Ms. Schaffer and Ms. Hyman's statements have no bearing on, and provide no support for, Plaintiff's claim in this matter, permitting them as evidence at trial would be a waste of time and cause undue delay. Ms. Schaffer and Ms. Hyman should therefore be precluded from providing testimony about any alleged claims or experiences of discrimination or retaliation by Pacira and/or Mr. Kahr, as well as their alleged personal beliefs about Mr. Kahr's "competencies" as a Human Resources professional.

## POINT II

### ANTICIPATED TESTIMONY OF MS. SCHAFFER AND MS. HYMAN'S ALLEGED EXPERIENCES AND/OR PERSONAL KNOWLEDGE OF DISCRIMINATION AND RETALIATION ARE IRRELEVANT HEARSAY AND SHOULD THEREFORE BE PRECLUDED.

Any anticipated testimony of Ms. Schaffer and Ms. Hyman's alleged experiences and/or personal knowledge of discrimination and retaliation by Defendants are also properly excluded as the facts recited therein are generally held to be inadmissible under the hearsay rule.

Fed. R. Evid. 801 defines "hearsay" as:

10

> A statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

To the extent Ms. Schaffer and Ms. Hyman's testimony would be offered for the truth of the matters they assert, they are textbook hearsay, and cannot be put into evidence by Plaintiff to prove a fact.

Fed. R. Evid. 802 prohibits the introduction of hearsay at trial:

> Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

While the Federal Rules of Evidence do allow hearsay in certain situations where there are sufficient indicia of the statements' trustworthiness, no such circumstantial guarantees of trustworthiness have been provided by Plaintiff, and no other hearsay exceptions are applicable here. Plaintiff has failed to show how Ms. Schaffer and Ms. Hyman's testimony would be admissible under the Federal Rules of Evidence's hearsay rules, and therefore these documents should be precluded from trial.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court should preclude testimony regarding alleged discrimination and/or retaliation against other Pacira employees and/or testimony regarding any personal opinions as to Mr. Kahr's competencies as a Human Resources professional, including but not limited to the testimony of Ms. Schaffer and Ms. Hyman.

Respectfully submitted,

**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
T: 732-532-6148

Dated: May 26, 2023        By:    */s/ James J. Panzini*
James J. Panzini

*Attorneys for Defendants*

4871-5077-1812, v. 4