John K. Bennett, Esq. (Bar ID: 024201980)
James J. Panzini, Esq. (Bar ID: 022101990)
Pooja Bhutani, Esq. (Bar ID: 169592016)
**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
East Tower, Suite 101
Tinton Falls, New Jersey 07724
T: 732-532-6148
F: 732-842-0301
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RESHMA ABELL,<br><br>Plaintiff,<br><br>v.<br><br>PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, and MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No.:<br>2:18-cv-16509 (MCA) (AME) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO PRECLUDE DEFENDANTS FROM PROVIDING ANY EVIDENCE OR TESTIMONY WHICH DESCRIBES THE KAMASUTRA AS "PORNOGRAPHIC," "PORNOGRAPHY" OR "OFFENSIVE**

Of Counsel:
John K. Bennett, Esq.
James J. Panzini, Esq.

On the Brief:
Pooja Bhutani, Esq.

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .......... iii

PRELIMINARY STATEMENT .......... 1

BACKGROUND .......... 2

LEGAL ARGUMENT .......... 2

PLAINTIFF'S MOTION NUMBER TWO TO PRECLUDE DEFENDANTS FROM PROVIDING ANY EVIDENCE OR TESTIMONY WHICH DESCRIES THE KAMASUTRA AS "PORNOGRAPHIC," "PORNOGRAPHY" OR "OFFENSIVE" SHOULD BE DENIED .......... 2

A. Plaintiff's Motion Is Speculative and Premature .......... 2

B. Plaintiff Cannot Restrict Kahr from Testifying As to His Personal Knowledge of Reports Made to Him and the Decision-Making Process for Plaintiff's Separation .......... 3

C. Plaintiff Does Not Assert Any Race, National Origin or Religious Discrimination Claim .......... 4

CONCLUSION .......... 6

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

Doe v. Stephen,
2022 U.S. Dist. LEXIS 166786 (I.A.D.C. July 27, 2022) ........................................................4

Hydentra HLP Int., Ltd. v. Luchian,
2016 U.S. Dist. LEXIS 145573 (F.S.D.C. May 27, 2016) ........................................................4

**Other Authorities**

Federal Rules of Evidence 602 ........................................................................................................3

## PRELIMINARY STATEMENT

The remaining Defendants, Pacira Pharmaceuticals, Inc. ("Pacira"), and Rich Kahr (collectively, "Defendants"), respectfully submit this opposition to the motion in limine submitted by Plaintiff Reshma Abell ("Plaintiff") to preclude Defendants from providing any evidence or testimony which describes the Kama Sutra as "pornographic," "pornography," or "offensive" ("Motion" or "Motion No. 2"). Plaintiff's Motion is based on two arguments: first, that because Defendant Kahr did not specifically view the Kama Sutra graphics depicting various sexual positions, he has no "personal knowledge" to characterize the images as "pornographic," "pornography," or "offensive," and; second, that any characterization of the images as "pornographic" or "pornography" offends the Plaintiff because the images are "part of her religious text and script." (See Plaintiff's moving brief ("Pl. Br.") [ECF No. 126-1], pps. 4-5).

First, Plaintiff's Motion is entirely speculative as Plaintiff has not pointed to any specific testimony regarding the improper use of the word "pornographic," "pornography," or "offensive" that she seeks to preclude, and premature as it is improper (as well as logistically impractical) to restrict future, live testimony. Second, contrary to Plaintiff's claims, Defendant Kahr has personal knowledge as to what is contained in the Kama Sutra and what was reported to him by employees regarding Plaintiff's conduct in viewing and/or showing the sexual images. Third, there has never been a race, national origin, or religious discrimination cause of action in this lawsuit, and Plaintiff's conduct – religious, related to her national origin/race, or cultural, or not – was inappropriate for the workplace. Indeed, Plaintiff has admitted understanding that her conduct in viewing and/or showing the sexual images could offend others, and it is impermissible to restrict how counsel, the parties, or any witnesses may describe the images based on their own personal beliefs and/or knowledge. As Plaintiff acknowledges in quoting Justice Stewart's famous words

on pornography, and we agree, what constitutes pornography can be subjective in nature. (See Pl. Br., p. 4). Thus, to prohibit Defendants from using certain words limits Defendants' ability to defend this matter.

Therefore, for the reasons set forth herein, Plaintiff's motion must be denied.

## BACKGROUND

For purposes of this Motion and brevity, while Defendants object to Plaintiff's characterization of the "background" facts asserted in her moving papers (See Pl. Br. pps. 1-3), Defendants do not address the details as it is not of consequence to the foregoing motion.

## LEGAL ARGUMENT

### I. PLAINTIFF'S MOTION NUMBER TWO TO PRECLUDE DEFENDANTS FROM PROVIDING ANY EVIDENCE OR TESTIMONY WHICH DESCRIBES THE KAMASUTRA AS "PORNOGRAPHIC," "PORNOGRAPHY," OR "OFFENSIVE" SHOULD BE DENIED

#### A. Plaintiff's Motion Is Speculative and Premature

As an initial matter, Plaintiff's Motion is entirely speculative as Plaintiff has not pointed to any specific testimony regarding the improper use of the word "pornographic," "pornography," or "offensive" that she seeks to preclude. Rather, it seems Plaintiff is seeking to control how defense counsel, the parties, and any trial witnesses may personally characterize the sexual images from the Kama Sutra. Such request is premature and patently improper as Defendants cannot reasonably restrict how any witness may testify in the future.

Further, just as Plaintiff may choose to characterize the sexual images from the Kama Sutra, as "cartoons," any witness may in their personal belief characterize the same graphics as "pornographic," "pornography," or "offensive." To prevent the use of such words will diminish Defendants' ability to articulate and describe the events leading up to Plaintiff's termination.

**B. Plaintiff Cannot Restrict Kahr from Testifying As to His Personal Knowledge of Reports Made to Him and the Decision-Making Process for Plaintiff's Separation**

Plaintiff's argument that Kahr specifically should not permitted to use such words to describe the Kama Sutra because he did not see the images in question or lacks personal knowledge also misses the point as it is immaterial whether he actually viewed the images or not. Plaintiff's reliance on Federal Rule of Evidence 602 is also misplaced as Kahr has personal knowledge and will testify to same. Specifically, Kahr received complaints by employees who described the images to him and explained that they were offended and/or made uncomfortable by Plaintiff's conduct in showing the sexual images during a work event. Kahr has personal knowledge generally as to what is contained in the Kama Sutra and as to what was specifically reported to him.

Kahr also testified that he made the decision to terminate Plaintiff based on the reports he received from employees who were offended by Plaintiff displaying the sexually explicit images. (See relevant excerpts of Kahr's deposition testimony at Kahr Dep., at 190:15-191:13 attached as Exhibit A to the accompanying Declaration of James J. Panzini ("Panzini Decl."). There is no debate that these images depicted people engaged in various sexual positions. This is entirely inappropriate at a work event, regardless of any religious or cultural significance Plaintiff may afford to the Kama Sutra. Plaintiff also admitted the conduct in question to Kahr, as well as her understanding that her behavior could have offended others. (See Kahr's interview notes demarcated Pacira 000084-85 and relevant excerpts of Abell's deposition testimony at Abell Dep., at 231:19-21, attached as Exhibits F and G, respectively, to the Panzini Decl.). This constituted a legitimate, business reason to terminate, which Plaintiff is unable to rebut. Thus, Kahr as a decisionmaker may testify as to his state of mind and rationale for the employment decisions at

issue in this matter, and his state of mind may include his own characterizations of what he understood Plaintiff's inappropriate conduct to be. See Hydentra HLP Int., Ltd. v. Luchian, 2016 U.S. Dist. LEXIS 145573, at *11 (F.S.D.C. May 27, 2016) (denying plaintiff's motion to exclude defendants' use of the words "pornographic" or similar terms to describe plaintiff's business, finding that "if plaintiff wishes to mask this activity under the guise of 'adult content,' that is plaintiff's prerogative, but the Court sees no reason to similarly constrain defendant and prevent it from describing to the jury what is truly involved in this case. Plaintiff cannot claim prejudice in defendants' use of the words when plaintiff was the entity that filed suit and placed its pornographic material at issue."); see also Doe v. Stephen, 2022 U.S. Dist. LEXIS 166786 (I.A.D.C. July 27, 2022) (denying motion in limine to limit a witness' word choice, reasoning is "court is unwilling to prevent counsel and witnesses from using that word or variations thereof").[1]

### C. Plaintiff Does Not Assert Any Race, National Origin, or Religious Discrimination Claim

As addressed many times throughout this litigation, Plaintiff attempts to excuse or minimize her behavior of viewing images of people engaged in various sexual positions, by claiming that the graphics are "religious text and script." (See Pl. Br., p. 4). These statements continue to be a red herring intended to distract the Court and jury because:

First, there has never been any race, national origin, or religious discrimination claim asserted in this lawsuit.

Second, the issue in this lawsuit is not that Plaintiff quietly and personally viewed the Kama Sutra for any religious observation while at work but rather that employees reported being offended and/or uncomfortable by Plaintiff's conduct in touting the sexual graphics from the Kama

---

[1] True and correct copies of these unpublished cases are attached as Exhibits J and K to the Panzini Decl., respectively.

Sutra, stating “this is how I get through these meetings” and boasting that “Indians invented sex.” (See Ex. D to Panzini Decl.). Regardless of whether the Kama Sutra has religious or cultural significance to Plaintiff is immaterial because displaying sexual images at a work event is patently inappropriate. The fact that multiple employees were made to feel uncomfortable and/or offended by the conduct, and Plaintiff admitted understanding that others could be offended, underscores this universal point. (See Exs. F-G to Panzini Decl.).

Further, just as Plaintiff may argue that the images were not offensive or considered to be pornographic to her, any other witness may testify that such images were offensive or considered to be pornographic to them[2]. Defendants do not seek to limit from Plaintiff from testifying as to her personal beliefs and perceptions, and likewise, neither the attorneys, parties, or witnesses should be limited from the same. Moreover, it is logistically impractical to restrict any person’s word choices in any future, live testimony.

---

[2] Notably, Merriam Webster defines the word “pornography” as “the depiction of erotic behavior (as in pictures or writing) intended to cause sexual excitement,” and “material (such as books or a photograph) that depicts erotic behavior and is intended to cause sexual excitement.” See https://www.merriam-webster.com/dictionary/pornography. Indeed, in Plaintiff’s own motion, the Kama Sutra is described by Wikipedia as being “an ancient Indian Sanskrit text on sexuality, eroticism, and emotional fulfilment on life . . . [which is written as a guide to, among other things,] other aspects pertaining to pleasure-oriented faculties of human life.” See https://en.wikipedia.org/wiki/Kama_Sutra. (See Pl. Br., p. 6, n. 5).

Reasonable minds could certainly differ as to whether sexual graphics depicting images of people engaged in various sexual positions derived from an ancient text is “pornography” under these two definitions.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion in limine No. 2 seeking to preclude Defendants from providing any evidence or testimony which describes the Kama Sutra as "pornographic," "pornography," or "offensive."

Respectfully submitted,

**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
T: 732-532-6148

By: */s/ James J. Panzini*
James J. Panzini
*Attorneys for Defendants*

Dated: June 6, 2023

4887-3715-2616, v. 4