John K. Bennett, Esq. (Bar ID: 024201980)
James J. Panzini, Esq. (Bar ID: 022101990)
Pooja Bhutani, Esq. (Bar ID: 169592016)
**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
East Tower, Suite 101
Tinton Falls, New Jersey 07724
T: 732-532-6148
F: 732-842-0301
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RESHMA ABELL,<br><br>Plaintiff,<br><br>v.<br><br>PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, and MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No.:<br>2:18-cv-16509 (MCA) (AME) |

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO PRECLUDE DEFENDANTS FROM OFFERING INTO EVIDENCE KAHR'S "INVESTIGATIVE NOTES" IDENTIFIED AS PACIRA 000071-97**

---

Of Counsel:
John K. Bennett, Esq.
James J. Panzini, Esq.

On the Brief:
Pooja Bhutani, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....... 1

BACKGROUND ....... 2

LEGAL ARGUMENT ....... 2

PLAINTIFF'S MOTION NUMBER FOUR TO PRECLUDE DEFENDANTS FROM OFFERING KAHR'S INVESTIGATIVE NOTES INTO EVIDENCE SHOULD BE DENIED AS MOOT AS PLAINTIFF ACKNOWLEDGES SUCH NOTES CAN BE USED TO SHOW DECISIONMAKER'S STATE OF MIND AND DEFENDANTS DO NOT PLAN TO USE THE NOTES TO PROVE THE "TRUTH OF THE MATTER" ....... 2

CONCLUSION ....... 3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Carmona v. Resorts Int'l Hotel, Inc.,
189 N.J. 354 (N.J. 2007) .......... 2

Harie v. Cotter & Co.,
849 F.2d 1097 (8th Cir. 1988) .......... 1

Jones v. Univ. of PA.,
2003 WL 21652083 (E.D.P.A. Mar. 20, 2023) .......... 1

Lowe v. Medco Health Solutions of Willingboro, LLC,
2012 WL 1495440 (D.N.J. Apr. 27, 2012) .......... 1

Sunkett v. National Gypsum Co.,
2011 WL 6719776 (D.N.J. Dec. 21, 2011) .......... 1

**Rules**

Federal Rules of Evidence 403 .......... 2

Federal Rules of Evidence 801 .......... 1, 2

## PRELIMINARY STATEMENT

The remaining Defendants, Pacira Pharmaceuticals, Inc., and Rich Kahr (collectively, "Defendants"), respectfully submit this opposition to the motion in limine submitted by Plaintiff Reshma Abell ("Plaintiff") to preclude Defendants from offering Kahr's investigative notes (demarcated Pacira 000071-97 and identified as Defendants' Exhibit No. 49 on the Pre-Trial Order) into evidence ("Motion" or "Motion No. 4"). Plaintiff's Motion rests on the argument that the notes are "inadmissible hearsay" under Federal Rules of Evidence ("F.R.E.") 801(c) because they represent "out-of-court" statements offered in evidence "to prove the truth of the matter asserted in the statement." (See Plaintiff's moving papers ("Pl. Br.") [ECF No. 128-1], p. 4 (citing Federal Rules of Evidence 801(c)). Plaintiff admits in the Motion that investigative reports may be "offered to show the state of mind of the person making the employment decision." (See Pl. Br., p. 4 (citing Lowe v. Medco Health Solutions of Willingboro, LLC, 2012 WL 1495440 (D.N.J. Apr. 27, 2012); Sunkett v. National Gypsum Co., 2011 WL 6719776 (D.N.J. Dec. 21, 2011); Jones v. Univ. of PA., 2003 WL 21652083 (E.D.P.A. Mar. 20, 2023); Harie v. Cotter & Co., 849 F.2d 1097 (8th Cir. 1988)). Moreover, Plaintiff's request for a jury instruction regarding such notes is premature and should be denied as such concern will be handled at the appropriate time.

Here, Defendants do not intend to use the investigative notes "for the truth of the matter" so there is no hearsay concern; Defendants plan only for the notes to support Kahr's state of mind when making the employment decision, which as Plaintiff acknowledges, is a proper use of the investigative notes. (See Pl. Br., p. 4). As there is no dispute between what Plaintiff asserts in her motion, and the manner in which Defendants plan to use such notes, Plaintiff's motion must be denied as moot. Additionally, Plaintiff's request for a jury instruction regarding such notes is premature and should be denied until the appropriate time.

## BACKGROUND

For purposes of this Motion and brevity, while Defendants object to Plaintiff's characterization of the "background" facts asserted in her moving papers (See Pl. Br., pps. 1-3), Defendants do not address the details as it is not of consequence to the foregoing motion.

## LEGAL ARGUMENT

### I. PLAINTIFF'S MOTION NUMBER FOUR TO PRECLUDE DEFENDANTS FROM OFFERING KAHR'S INVESTIGATIVE NOTES INTO EVIDENCE SHOULD BE DENIED AS MOOT AS PLAINTIFF ACKNOWLEDGES SUCH NOTES CAN BE USED TO SHOW DECISIONMAKER'S STATE OF MIND AND DEFENDANTS DO NOT PLAN TO USE THE NOTES TO PROVE THE "TRUTH OF THE MATTER"

As addressed supra, Plaintiff's motion seeking to preclude Defendants from offering Kahr's investigative notes (demarcated Pacira 000071-97) into evidence on the basis of "hearsay" should be denied as moot as Defendants do not intend to offer the notes in evidence to prove "the truth of the matter." (See Pl. Br., p. 4 (citing F.R.E. 801(c)). Plaintiff cites several cases acknowledging that "in the employment discrimination context, documents, such as an investigative report" may be offered "to show the state of the mind of the person making the employment decision." (See Pl. Br., p. 4 (citing cases referenced supra); see also Carmona v. Resorts Int'l Hotel, Inc., 189 N.J. 354, 376-77 (N.J. 2007) (finding that the trial court abused its discretion in excluding an investigative report in an employment retaliation matter, reasoning that it is not hearsay if used to demonstrate non-retaliatory reason for employee's termination and not for the truthfulness of its contents).

As Kahr was the decisionmaker for Plaintiff's termination which is the subject of this trial, and this is exactly the reason Defendants plan to offer these notes, Plaintiff's Motion should be denied as moot. Such notes are squarely relevant under F.R.E. 403 as the notes provide context and insight as to the investigative process which led to the decision, who had been interviewed in connection with the investigation, and what Kahr considered when making the decision to separate Plaintiff's employment.

To the extent Plaintiff seeks a jury instruction explaining that the notes should not be viewed as

"evidence offered for the truth of the matter asserted," such issue is premature as it will be addressed when the parties submit the proposed jury instructions, at the time of the jury charging conference, and/or when the jury is permitted to hear testimony from Kahr and the other witnesses who were interviewed as part of the investigation if they are called at trial to testify regarding what they advised Kahr during the course of the investigation. (See Pl. Br., pps. 4-5).

Therefore, Defendants respectfully request that Plaintiff's Motion No. 4 seeking to preclude Defendants from offering Kahr's investigative notes (demarcated Pacira 000071-97), be denied as moot, and any issue concerning the jury instructions pertaining such investigative notes to be reserved until the appropriate time.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion in limine No. 4 seeking to preclude Defendants from offering Kahr's investigative notes (demarcated Pacira 000071-97) and/or for any premature jury instruction.

Respectfully submitted,

**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
T: 732-532-6148

By: */s/ James J. Panzini*
James J. Panzini
*Attorneys for Defendants*

Dated: June 6, 2023
4889-9180-3495, v. 4