John K. Bennett, Esq. (Bar ID: 024201980)
James J. Panzini, Esq. (Bar ID: 022101990)
Pooja Bhutani, Esq. (Bar ID: 169592016)
**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
East Tower, Suite 101
Tinton Falls, New Jersey 07724
T: 732-532-6148
F: 732-842-0301
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RESHMA ABELL,<br><br>Plaintiff,<br><br>v.<br><br>PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, and MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No.:<br>2:18-cv-16509 (MCA) (AME) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO PERMIT NON-PARTY WITNESS STEVEN HUDDY TO TESTIFY REMOTELY VIA ELECTRONIC MEANS**

Of Counsel:
John K. Bennett, Esq.
James J. Panzini, Esq.

On the Brief:
Pooja Bhutani, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................ 1

BACKGROUND ........................................ 1

LEGAL ARGUMENT ........................................ 1

PLAINTIFF'S MOTION NUMBER FIVE TO PERMIT THE VIRTUAL TESTIMONY OF NON-PARTY WITNESS STEVEN HUDDY IS IMPROPER AND UNFAIRLY PREJUDICIAL ........................................ 1

CONCLUSION ........................................ 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Bradley v. Pittsburgh Bd. of Educ.,
913 F.2d 1064 (3d Cir. 1990) .......... 2

## PRELIMINARY STATEMENT

The remaining Defendants, Pacira Pharmaceuticals, Inc., and Rich Kahr (collectively, "Defendants"), respectfully submit this opposition to the motion in limine submitted by Plaintiff Reshma Abell ("Plaintiff") to permit non-party witness Steven Huddy to testify remotely via electronic means ("Motion" or "Motion No. 5"). As an initial matter, Plaintiff's Motion seeking to permit virtual testimony is improper for two reasons: first, the relief requested in Plaintiff's Motion does not relate to any evidentiary rulings or the Federal Rules of Evidence, and; second, even if the Court is to consider this improper motion, Plaintiff's Motion is premature as she acknowledges "it has not yet been ascertained one way or another if Huddy will be able to travel to New Jersey during the recently promulgated trial dates in this matter." (See Plaintiff's moving papers ("Pl. Br."), [ECF No. 129-1[, p. 4). Additionally, Defendants object to Mr. Huddy being provided with any special privileges to testify at the trial remotely, when the proceedings are expected to be held in person, with the Judge, jury, parties, and other witnesses in personal attendance.

Thus, for the reasons set forth herein, Plaintiff's motion must be denied.

## BACKGROUND

For purposes of this Motion and brevity, while Defendants object to Plaintiff's characterization of the "background" facts asserted in her moving papers (see Pl. Br., pps. 1-3), Defendants do not address the details as it is not of consequence to the foregoing motion.

## LEGAL ARGUMENT

### I. PLAINTIFF'S MOTION NUMBER FIVE TO PERMIT THE VIRTUAL TESTIMONY OF NON-PARTY WITNESS STEVEN HUDDY IS IMPROPER AND UNFAIRLY PREJUDICIAL

As addressed supra, Plaintiff's motion seeking to permit virtual testimony of non-party witness Steven Huddy is improper for two reasons.

First, Plaintiff's Motion No. 5 is improper because motions in limine are used to address the

admissibility of evidence at trial. Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (finding that "[A] motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."). Plaintiff is not technically addressing the "admissibility" of any evidence pursuant to any evidentiary rule but rather seeking an alternate method as to how a non-party witness may appear for his testimony. This is not the purpose of a motion in limine.

Nevertheless, even if the Court is to consider this improper motion, Plaintiff's motion is premature because she acknowledges "it has not yet been ascertained one way or another if Huddy will be able to travel to New Jersey during the recently promulgated trial dates in this matter." (see Pl. Br., p. 4). As such, other than the fact Mr. Huddy resides in the State of Alabama and the trial will occur in the State of New Jersey, Plaintiff is not aware of any specific hardship by Mr. Huddy to appear to testify personally in this trial yet. Rather, she is simply using this motion as a vehicle to attempt to guarantee Mr. Huddy's testimony for her and his convenience.

Additionally, Mr. Huddy is not the only out-of-state witness whose attendance is expected at the trial. Without any detailed explanation of a current hardship, Plaintiff's request set forth in Motion No. 5 is not only premature but also prejudicial to all of the other Court personnel, members of the jury, parties, and other witnesses who are expected to attend the trial in this matter in person and make arrangements for travel, as well as other work or personal commitments. Defendants acknowledge that coordinating witnesses for trial and attending the long days of trial may be inconvenient and costly for all involved, however, it is patently unfair to provide one out-of-state witness with an opportunity to attend virtually, while requiring all others to make arrangements and attend in person, or one party with an opportunity to reduce the costs and expense associates with trial, while requiring another to shoulder the same for its witnesses.

Moreover, Plaintiff admits that "in-person live testimony is far preferable" than electronic and remote appearances, especially so for trial. (See Pl. Br., p. 3). As the COVID-19 protocols for this Court

have been lifted, and all parties share in the belief that in-person live testimony is preferable, Defendants respectfully request that Plaintiff's Motion No. 5 seeking to have non-party witness Steven Huddy testify at trial, remotely via electronic means, be denied in its entirety.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion in limine No. 5 seeking permission to have non-party witness Steven Huddy attend the trial via electronic means.

Respectfully submitted,

**JACKSON LEWIS P.C.**
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
T: 732-532-6148

By: */s/ James J. Panzini*
James J. Panzini
*Attorneys for Defendants*

Dated: June 6, 2023
4886-0192-8295, v. 2