Jason A. Stewart, Esq. (BAR ID # 324322019)
Neal Brickman, Esq. (*Pro Hac Vice*)
The Law Offices of Neal Brickman, P.C.
420 Lexington Avenue, Suite 2811
New York, New York 10170
(212) 986-6840
Jason@Brickmanlaw.com
Neal@Brickmanlaw.com
*Attorneys for Plaintiff Reshma Abell*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------X

RESHMA ABELL,

Plaintiff,

-against-

Civ. Action No.
**2:18-cv-16509-MCA-AME**

PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, and MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.

Defendants.

-----------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE REGARDING EMOTIONAL HARM

Of Counsel:
Jason A. Stewart, Esq.
Neal Brickman, Esq.

On the Brief:
Jason A. Stewart, Esq.
Neal Brickman, Esq.

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ........................................................................................................ iii

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................. 2

1. PLAINTIFF SHOULD BE PERMITED TO OFFER EVIDENCE OF EMOTIONAL HARM AND THE JURY SHOULD BE PERMITTED TO AWARD EMOTIONAL DAMAGES IF THE JURY DEEMS IT APPROPRIATE ........................................................................................................ 2

CONCLUSION…………………………………………………………………........................ 4

## TABLE OF AUTHORITIES

**Cases** **Page(s)**


Gilmore v. Macy's Retail Holdings
2009 WL 305073 (D.N.J. 2009) .......... 3

Goodman v. London Metals Exchange, Inc.
86 N.J. 194 (1981) .......... 2

Kancherla v. Lincoln Technical Institute, Inc.
2018 WL 922126 (D.N.J. 2018) .......... 3

Klawitter v. City of Trenton
395 N.J.Super. 302 (App. Div. 2007) .......... 2

Lehmann v. Toys R Us, Inc.
132 N.J. 587 (1993) .......... 3

Strenkoski v. Apex Chemical Inc.
2014 WL 2573266 (D.N.J. 2014) .......... 2

Tarr v. Ciasulli
181 N.J. 708 (2004) .......... 2


**Statutes** **Page(s)**


N.J.S.A. §§ 10:5-12.......... 1

Plaintiff Reshma Abel ("Abell" or "the Plaintiff"), by and through her attorneys, The Law Offices of Neal Brickman, P.C., respectfully submits this Memorandum of Law in Opposition to Defendants' motion *in limine* which seeks to preclude the Plaintiff from offering evidence, by document and/or testimony, regarding Plaintiff's alleged emotional harm (ECF 132).

## PRELIMINARY STATEMENT

This is an action for damages arising from Defendants' illegal retaliation against, and wrongful termination of, Plaintiff, in violation of the New Jersey Laws Against Discrimination ("NJLAD," N.J.S.A. §§ 10:5-12, et al.). The Plaintiff, a now 49-year-old female of Indian descent, was subjected to workplace harassment and illegal gender discrimination when she was accosted by a male co-worker, Rob Rock ("Rock"), on the evening of February 13, 2018 (the "TopGolf Occurrence"). She was then retaliated against when she was fired approximately three weeks later as a direct result of the investigation stemming from the TopGolf Occurrence.

Defendants' primary litigation strategy has sought to tarnish and defame the Plaintiff so as to justify her retaliatory termination. In that regard, Defendants brazenly maintain that Plaintiff's termination was justified due to Defendants'—admittedly incomplete—"investigation" of alleged harassment against her. Defendants have the temerity to argue that it was proper, and not retaliatory, to terminate the victim of the alleged harassment. Defendants now seek to improperly limit the Plaintiff's presentation of evidence in a further effort to distort the facts, present only a small fraction of the relevant facts, and limit the jury's ability to understand what actually transpired vis-à-vis Plaintiff's unlawful termination. To that end, Defendants here seek to preclude the Plaintiff from offering evidence regarding Plaintiff's alleged emotional harm.

## LEGAL ARGUMENT

### PLAINTIFF SHOULD BE PERMITED TO OFFER EVIDENCE OF EMOTIONAL HARM AND THE JURY SHOULD BE PERMITTED TO AWARD EMOTIONAL DAMAGES IF THE JURY DEEMS IT APPROPRIATE

The NJLAD requires a lesser showing than a conventional tort claim in order to support recovery for emotional distress. Tarr v. Ciasulli, 181 N.J. 70, 853 A.2d 921, 928 (N.J.2004). "We hold that in discrimination cases, which by definition involve willful conduct, the victim may recover all natural consequences of that wrongful conduct, including emotional distress and mental anguish damages arising out of embarrassment, humiliation, and other intangible injuries." Id. at 928. The New Jersey Supreme Court has counseled that victims of discrimination are entitled under the NJLAD to "obtain redress for mental anguish, embarrassment, and the like, without limitation to severe emotional or physical ailments." *Id*.

The NJLAD does not require expert testimony to support emotional distress damages. *Id.* at 926. Moreover, even a short period of depression could convince a jury to award emotional damages under the NJLAD, as Courts have held that embarrassment and humiliation are enough to make such a finding. Klawitter v. City of Trenton, 395 N.J.Super. 302, 928 A.2d 900, 913 (N.J.Super.Ct.App.Div.2007) (affirming jury finding of NJLAD emotional damages under Tarr.) Again, it is beyond dispute that emotional distress damages are recoverable under the NJLAD. Goodman v. London Metals Exchange, 86 N.J. 19, 34, 429 A.2d 341 (1981); Strenkoski v. Apex Chem. Inc., C.A. No. 13-2201(WJM), 2014 WL 2573266, *1, 2014 U.S. Dist. LEXIS 116133, *3 (D.N.J. June 9, 2014) ("Under the NJLAD, a victim of discrimination can recover emotional damages."). The only question posed by Defendants' motion, and it is a question that need be determined by the finder of fact, is whether the Plaintiff sustained sufficient emotion harm to warrant the awarding of emotional damages.

Here, Plaintiff seeks, in part, compensatory damages on her NJLAD count in the form of emotional damages. Defendants, in its instant motion argues that Plaintiff is not "entitled" emotional damages due to a lack of supporting evidence. However, emotional damages under the NJLAD is among the forms of "equitable damages" available to the aggrieved. *Lehmann v. Toys 'R' Us, Inc.*, 132 N.J. 587, 617 (1993). *See also* N.J. Stat. Ann. § 10:5–13 (stating, in part, "[a]ll remedies available in common law tort actions shall be available to prevailing plaintiffs. These remedies are in addition to any provided by this act or any other statute."). Defendants' motion in limine only serves to announce that Defendants failed to sufficiently inquire as to the extent of the Plaintiff's emotion harm as the record cites within the motion point to an Interrogatory which inquiries about the extent of Plaintiff's psychological treatment and an opening question of the deposition as to whether the Plaintiff is taking any medication. See Panzini Decl. Exhibits 3 and 4. Contrary to the assertions of Defendants' motion, the record does not establish a basis for preclusion and as such, any determination as the Plaintiff's entitlement to emotional damages, we submit, must be made upon a more fulsome and conclusive record as developed at trial.

At this pre-trial stage, it is respectfully submitted that the question as to whether Plaintiff can recover emotional damages, is more appropriately submitted to the jury, as in the event that Plaintiff prevails on her NJLAD claim, she might be entitled to some measure of emotional damages. The issues of emotional damages must be determined with the benefit of a factual record and fact finding, and thus it is not ripe for decision now. *See Gilmore v. Macy's Retail Holdings*, 2009 WL 305073 (D.N.J. 2009) (finding that the jury should determine liability and compensatory damages under NJLAD, after which the Court would decide whether to award equitable remedies). Kancherla v. Lincoln Tech. Inst., Inc., No. CV 14-7784 (KM), 2018 WL 922126, at *18 (D.N.J. Feb. 15, 2018).

Notwithstanding the foregoing, Plaintiff specifically reserves its right to argue in favor of the admissibility of evidence of emotional harm and as to whether the jury is entitled to render a verdict on the issue of emotional harm either at oral argument, if any, and/or at the time of trial.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion *in limine* filed as ECF 132 should be denied in its entirety along with such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE LAW OFFICE OF NEAL BRICKMAN, P.C.

By: /s/ *Jason A. Stewart*
Jason A. Stewart
Neal Brickman

Dated: June 6, 2023