Jason A. Stewart, Esq. (BAR ID # 324322019)
Neal Brickman, Esq. (*Pro Hac Vice*)
The Law Offices of Neal Brickman, P.C.
420 Lexington Avenue, Suite 2811
New York, New York 10170
(212) 986-6840
Jason@Brickmanlaw.com
Neal@Brickmanlaw.com
*Attorneys for Plaintiff Reshma Abell*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------X
RESHMA ABELL,

Plaintiff,

-against-

Civ. Action No.
**2:18-cv-16509-MCA-AME**

PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, and MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.

Defendants.
-----------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE FROM EVIDENCE THE DOCUMENTS AND TESTIMONY REGARDING PLAINTIFF'S PERFORMANCE AND/OR BY ANY NON-DECISIONMAKER FOR PLAINTIFF'S SEPARATION**

Of Counsel:
Jason A. Stewart, Esq.
Neal Brickman, Esq.

On the Brief:
Jason A. Stewart, Esq.
Neal Brickman, Esq.

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ........................................ iii

PRELIMINARY STATEMENT ........................................ 1

LEGAL ARGUMENT ........................................ 3

1. PLAINTIFF SHOULD BE PERMITTED TO OFFER ALL ADMISSIBLE EVIDENCE AS TO HER PAST EMPLOYMENT PERFORMANCE ........................................ 3

CONCLUSION........................................ 5

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Abrams v. Lightolier, Inc.*,
50 F.3d 1204, 1213 (3d Cir. 1995)........................................................................ 4

*Bhaya v. Westinghouse Elec. Corp.*,
922 F.2d 184, 187 (3d Cir. 1990)........................................................................ 4

*Spain v. Gallegos*,
26 F.3d 439, 452 (3d Cir. 1994) ........................................................................ 3

**Rule and Statutes** **Page(s)**

Federal Rule of Evidence 401 ........................................................................ 3

Federal Rule of Evidence 401 (a) and (b)........................................................................ 3

Federal Rule of Evidence 402 ........................................................................ 3

Federal Rule of Evidence 403 ........................................................................ 3, 4

N.J.S.A. §§ 10:5-12........................................................................ 1

Plaintiff Reshma Abel ("Abell" or "the Plaintiff"), by and through her attorneys, The Law Offices of Neal Brickman, P.C., respectfully submits this Memorandum of Law in Opposition to Defendants' motion *in limine* which seeks to preclude the Plaintiff from offering evidence, by document and/or testimony, regarding Plaintiff's performance and/or by any non-decision maker for Plaintiff's separation (ECF 133).

## PRELIMINARY STATEMENT

This is an action for damages arising from Defendants' illegal retaliation against, and wrongful termination of, Plaintiff, in violation of the New Jersey Laws Against Discrimination ("NJLAD," N.J.S.A. §§ 10:5-12, et al.). The Plaintiff, a now 49-year-old female of Indian descent, was subjected to workplace harassment and illegal gender discrimination when she was accosted by a male co-worker, Rob Rock ("Rock"), on the evening of February 13, 2018 (the "TopGolf Occurrence"). She was then retaliated against when she was fired approximately three weeks later as a direct result of the investigation stemming from the TopGolf Occurrence.

Defendants' primary litigation strategy has sought to tarnish and defame the Plaintiff so as to justify her retaliatory termination. In that regard, Defendants brazenly maintain that Plaintiff's termination was justified due to Defendants'—admittedly incomplete—"investigation" of alleged harassment against her. Defendants have the temerity to argue that it was proper, and not retaliatory, to terminate the victim of the alleged harassment. Defendants now seek to improperly limit the Plaintiff's presentation of evidence in a further effort to distort the facts, present only a small fraction of the relevant facts, and limit the jury's ability to understand what actually transpired vis-à-vis Plaintiff's unlawful termination. To that end, Defendants here seek to preclude the Plaintiff from offering evidence, by document and/or testimony, regarding Plaintiff's

exemplary job performance and/or by any non-decision maker for Plaintiff's separation.[1] At this pre-trial stage of the case, to widely preclude the Plaintiff from offering evidence regarding her past performance in the workplace serves to undermine the Plaintiff's ability to develop the narrative necessary for the jury to understand what the Plaintiff had accomplished during her relatively short, approximately four year, tenure with Pacira Pharmaceutical Inc. ("Pacira") and the track of ascendancy that the Plaintiff was on. Additionally, Plaintiff's workplace performance not only gives context to her damages, but also gives context as to the work environment and workplace culture which Plaintiff endured and overcame before falling victim to the retaliation at Defendants' hands.

Simply put, it is Plaintiff's position that a man performing as well as Plaintiff, would never have been the subject of summary dismissal under like circumstances. It is respectfully submitted that all evidence of past performance sought to be precluded by the motion is and should be deemed admissible. In any event, should the Court entertain such challenges of admissibility, a measured objection-by-objection approach would prove far more appropriate than any blanket-ruling at this pre-trial stage. As such, it is respectfully submitted that any ruling as to the admissibility of these categories of evidence, can, and should, be dealt with at the time of trial.

[1] Defendants' motion argues broadly in Point II that Plaintiff should not be permitted to offer any testimony from any person who was not a decision maker regarding Plaintiff's separation, then narrows that request and all argument in support of that proposition to the preclusion of a single fact witness, Ronald Kerna. At this stage, Plaintiff, consents to the preclusion of any testimony from Mr. Kerna. In the absence of preclusion being sought as to any other specifical individual in the instant motion, it is respectfully submitted that the broader request of the motion to preclude any unnamed or unidentified persons must be denied and that the preclusion of any other witness not identified in this or other motions *in limine* be dealt with at the time of trial. Non-decision makers who witnessed relevant events cannot be precluded from testifying as to what they saw and heard.

## LEGAL ARGUMENT

### PLAINTIFF SHOULD BE PERMITTED TO OFFER ALL ADMISSIBLE EVIDENCE AS TO HER PAST EMPLOYMENT PERFORMANCE

As a general rule, all relevant evidence is admissible. F.R.E. 402. Evidence is "relevant" if its existence simply has "any tendency to make a fact more or less probable than it would be without the evidence" and the fact is of consequence in determining the action." F.R.E. 401(a) and (b). However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." F.R.E. 403. Before a Rule 403 analysis can begin, however, evidence must meet the relevancy requirements of Rules 402 and 401. Evidence is irrelevant when it has "no tendency" to prove any consequential fact in the case. *Spain v. Gallegos*, 26 F.3d 439, 452 (3d Cir. 1994)(emphasis in original). Relevant evidence is broadly defined as evidence "[having] any tendency to make a fact more or less probable than it would be without the evidence, " with that fact being "of consequence in determining the action." F.R.E. 401.

Here, Defendants incorrectly argue that Plaintiff should not be permitted to offer documents or testimony regarding Plaintiff's sales performance pursuant to Rules 401, 402 and 403, thus depriving the jury the opportunity of hearing about the conditions she endured and overcame in meeting those accomplishments, the circumstances she faced while being a successful performer, the path of ascendancy the Plaintiff was on, the promised but not yet awarded promotion which Plaintiff was awaiting and the larger context which gave rise to Plaintiff's alleged mistreatment and retaliation at Defendants' hands. Entirely and blanketly precluding the Plaintiff from being able to speak about her performance at Pacira Pharmaceuticals, Inc. ("Pacira") and all of the adversity she overcame in the process strips away all context to the controversy before the Court. Moreover, depriving the Plaintiff from being able to offer evidence concerning her track

record, her pilot program, the promotions and awards she received, and the promotions and awards her supervisors received would serve to prevent the Plaintiff from being able to demonstrate the full scope of her damages and how her theory of damages in this case was arrived at.

Defendants attempt to preclude evidence of her past performance is particularly inappropriate when read in conjunction with Defendant's motion in limine filed under ECF 130, wherein Defendants seek to preclude Plaintiff's expert economist from testifying and/or offering her expert report on the basis of the report being "too speculative". It is upon the Plaintiff's (and her supervisor's) past performances, promotions received and anticipated, and the career arch of similarly situated men at Pacira, upon which Plaintiff premises, in part, her damages theory. The jury must be able to hear about Plaintiff's track record to understand where she was headed, but for her being wrongfully terminated in retaliation after engaging in protected conduct.

It is respectfully submitted that the evidence relating to historical workplace performance pertaining to Plaintiff is plainly relevant, and Plaintiff asks the Court to consider the admissibility of such evidence based upon the balancing test under F.R.E. 403, which provides that relevant evidence may be excluded only if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or waste of time. A Rule 403 analysis requires the court to balance the evidence against the risks it may pose at trial. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (quoting *Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 187 (3d Cir. 1990)). Any prejudicial value alleged by Defendants as to Plaintiff's historical workplace performance in this case would be minimal, at best. Plaintiff's historical workplace history gives context to Plaintiff's claim of retaliation and supports Plaintiff's damages theory. Barring the evidence would therefore, have a far more prejudicial effect against the Plaintiff than permitting it. The real basis/purported justification is the nonsensical notion that the evidence of Plaintiff's

outstanding job performance is damaging to Defendants' case. That is not a basis to exclude evidence.

As to Point II of Defendants' motion, Plaintiff consents to the preclusion of any testimony from Ronald Kerna and submits that in the absence of Defendants identifying any other individual to be precluded in the motion, the balance of the motion should be denied with regard to this request. Non-decision makers who witnessed relevant events, should not be precluded.

Notwithstanding the foregoing, Plaintiff specifically reserves its right to discuss and argue in support of the admissibility of any and all evidence as to Plaintiff's past work place performance and/or the preclusion of "any testimony for any person who was not a decisionmaker for Plaintiff's separation, either, at oral argument of this motion, if any, and/or at the time of trial.

**CONCLUSION**

For all the foregoing reasons, Defendants' Motion *in limine* filed as ECF 133 should be granted only in part, as to precluding the testimony of Ronald Kerna, and denied in all other regards, along with such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE LAW OFFICE OF NEAL BRICKMAN, P.C.

By: /s/ *Jason A. Stewart*
Jason A. Stewart
Neal Brickman

Dated: June 6, 2023