Jason A. Stewart, Esq. (BAR ID # 324322019)
Neal Brickman, Esq. (*Pro Hac Vice*)
The Law Offices of Neal Brickman, P.C.
420 Lexington Avenue, Suite 2811
New York, New York 10170
(212) 986-6840
Jason@Brickmanlaw.com
Neal@Brickmanlaw.com
*Attorneys for Plaintiff Reshma Abell*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------------------X

RESHMA ABELL,

Plaintiff,

-against-

Civ. Action No.
**2:18-cv-16509-MCA-AME**

PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, and MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.

Defendants.

----------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE OR LIMIT PLAINTIFF'S BACK PAY AND FRONT PAY DAMAGES

Of Counsel:
Jason A. Stewart, Esq.
Neal Brickman, Esq.

On the Brief:
Jason A. Stewart, Esq.
Neal Brickman, Esq.

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ........................................................................................................ iii

PRELIMINARY STATEMENT ................................................................................................. 1

LEGAL ARGUMENT ............................................................................................................... 3

1. WHETHER OR NOT PLAINTIFF IS ENTITELD TO AN AWARD OF BACK PAY AND/OR FRONT PAY SHOULD BE A QUESTION FOR THE JURY TO DECIDE........................................................................................... 3

CONCLUSION…………………………………………………………………........................ 6

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

Andujar v. General Nutrition Corporation
2018 WL 1087494 (D.N.J. 2018) .... 4

Andujar v. General Nutrition Corporation
767 Fed.Appx. 2382019 (3d Cir. 2019) .... 4

Crabtree v. Baptist Hosp. of Gadsden, Inc.
749 F.2d 150 (11th Cir. 1985) .... 4

Gilmore v. Macy's Retail Holdings
2009 WL 305073 (D.N.J. 2009) .... 5

Goodman v. London Metals Exchange, Inc.
86 N.J. 194 (1981) .... 3

Goss v. Exxon Office Systems Co.
747 F.2d 885 (3d. Cir. 1984) .... 4

Horn v. Duke Homes, Div. of Windsor Mobile Homes, Inc.
755 F.2d 599 (7th Cir. 1985) .... 4

Kancherla v. Lincoln Technical Institute, Inc.
2018 WL 922126 (D.N.J. 2018) .... 5

Lehmann v. Toys R Us, Inc.
132 N.J. 587 (1993) .... 5

Pedreyra v. Cornell Prescription Pharmacies, Inc.
465 F.Supp. 93 (D. Co. 1979) .... 4

Quinlan v. Curtiss-Wright Corp.
204 N.J. 239 (2010) .... 4

Rios v. Enterprise Ass'n Steamfitters Local 638 of U. A.
501 F.2d 622 (2d Cir. 1974) .... 4

Robinson v. City of Lake Station
630 F.Supp. 105 (N.D. Ind. 1986) .... 4

Strenkoski v. Apex Chemical Inc.
2014 WL 2573266 (D.N.J. 2014) .................................................................... 3, 4

Weiss v. Parker Hannifan Corp.
747 F.Supp. 111 (D.N.J. 1990) ........................................................................ 4

Whatley v. Skaggs Companies, Inc.
707 F.2d 112 (10th Cir. 1983) ........................................................................ 4

**Statutes** **Page(s)**

N.J.S.A. §§ 10:5-12.................................................................................................. 1

Plaintiff Reshma Abel ("Abell" or "the Plaintiff"), by and through her attorneys, The Law Offices of Neal Brickman, P.C., respectfully submits this Memorandum of Law in Opposition to Defendants' motion *in limine* which seeks to preclude or limit Plaintiff's Back Pay and Front Pay damages. (ECF 134).

**PRELIMINARY STATEMENT**

This is an action for damages arising from Defendants' illegal retaliation against, and wrongful termination of, Plaintiff, in violation of the New Jersey Laws Against Discrimination ("NJLAD," N.J.S.A. §§ 10:5-12, et al.). The Plaintiff, a now 49-year-old female of Indian descent, was subjected to workplace harassment and illegal gender discrimination when she was accosted by a male co-worker, Rob Rock ("Rock") on the evening of February 13, 2018 (the "TopGolf Occurrence"). She was then retaliated against when she was fired approximately three weeks later as a direct result of the investigation stemming from the TopGolf Occurrence.

Defendants' primary litigation strategy has sought to tarnish and defame the Plaintiff so as to justify her retaliatory termination. In that regard, Defendants brazenly maintain that Plaintiff's termination was justified due to Defendants'—admittedly incomplete—"investigation" of alleged harassment against her. Defendants have the temerity to argue that it was proper, and not retaliatory, to terminate the victim of the alleged harassment. Defendants now seek to improperly limit the Plaintiff's presentation of evidence in a further effort to distort the facts, present only a small fraction of the relevant facts, and limit the jury's ability to understand what actually transpired vis-à-vis Plaintiff's unlawful termination. To that end Defendants here seek to preclude or limit Plaintiff's Back Pay and Front Pay damages.

Defendants incorrectly argue that the jury should not be permitted to award the Plaintiff Back Pay and/or Front Pay damages because they allege that the Plaintiff a) failed to mitigate her damages, b) because she resigned from a position of employment and c) because she, for a period of time, held a position that Defendants contend was equivalent.[1] While Defendants are, of course, entitled to ask the Court for the relief sought in the instant motion, it is respectfully submitted that the request fails under its own weight. The Defendants argue in one breath that Plaintiff should be punished for not mitigating her damages by failing to procure employment, in another breath Defendants argue that the Plaintiff should be punished for accepting and then leaving an opportunity that did not work out to be as economically beneficial as Plaintiff was lead to believe it would be and then Defendants argue that the Plaintiff should be punished for accepting a position of "equivalent" pay—which she was ultimately terminated from by Pacira upper management after Pacira acquired the company employing the Plaintiff.

All of these arguments made by Defendant wholly ignoring the fact that the Plaintiff was a top performing sales representative at Pacira and that she had been promised an imminent promotion to a Director level position at Pacira, a position which would have offer Plaintiff upperward ascendancy and which would have paid Plaintiff significantly more than she was making had she not been wrongfully and illegally terminated. Defendants, in the instant application are seeking to strip away the context and realities of real life which exist when it comes to seeking and accepting employment and argue that the Plaintiff's mitigation efforts can be reduced to a two-dimensional accounting of dates and sums of money, when the realities of finding, procuring and keeping a job, especially after being repeatedly terminated by Defendants are far more nuanced,

[1] Defendants fail to mention and seek to preclude in its motion in limine filed as ECF 135, the undisputed fact that Plaintiff's employment from the purportedly "equivalent" position was terminated following Defendant Pacira Pharmaceutical, Inc. ("Pacira")'s acquisition of the company which was employing the Plaintiff at the time of the acquisition.

especially so when the Plaintiff is seeking to obtain employment that puts her in the same or similar place, both in regards to pay and opportunity, as she was at when she was wrongfully terminated.

In short, the Plaintiff, as demonstrated through her pursuit of and acceptance of multiple positions of employment since being terminated as will be established through the evidence at trial, has effectively and meaningfully mitigated her damages. In fact Plaintiff's mitigation efforts were directly interfered with by Defendants when Pacira acquired Plaintiff's then-employer Flexion Therapeutics, Inc. ("Flexion") and chose to terminate her and deprive her of contractually provided for severance pay. Defendants have, at this stage, fallen well short of showing that the Plaintiff "failed to use reasonable efforts to secure comparable employment" and thus preclusion is not warranted. Goodman v. London Metals Exchange Inc., 86 N.J. 19, 34-35 (1981). As such, Defendants' motion must be denied. At a bare minimum the Court should permit the Plaintiff to present its case in chief and to put on its evidence in support of the damages claimed before entertaining the Defendant's arguments to foreclose on these two significant categories of damages, which as Defendants note in their brief, are generally permitted under the LAD.

## LEGAL ARGUMENT

### WHETHER OR NOT PLAINTIFF IS ENTITELD TO AN AWARD OF BACK PAY AND/OR FRONT PAY SHOULD BE A QUESTION FOR THE JURY TO DECIDE

Back pay, front pay and emotional distress damages are recoverable under the NJLAD. Goodman v. London Metals Exchange, 86 N.J. 19, 34, 429 A.2d 341 (1981) (back pay is an available remedy under the NJLAD); Strenkoski v. Apex Chem. Inc., C.A. No. 13-2201(WJM), 2014 WL 2573266, *1, 2014 U.S. Dist. LEXIS 116133, *3 (D.N.J. June 9, 2014) ("Under the NJLAD, a victim of discrimination can recover emotional damages, as well as front pay."). Back pay "is intended to eliminate all effects of discriminatory employment practices and make the

victims whole." Weiss v. Parker Hannifan Corp., 747 F.Supp. 1118, 1132 (D.N.J. 1990) (citing Rios v. Enterprise Ass'n Steamfitters Local 638 of U.A., 501 F.2d 622, 629 (2d Cir. 1974); Robinson v. City of Lake Station, 630 F.Supp. 1052, 1062 (N.D. Ind. 1986)). In order to calculate an appropriate back pay amount, a comparison must be made examining plaintiff's actual earnings between the time of discharge and the close of trial and what [s]he would have earned were he not discharged. Id. at 1132 (citing Horn v. Duke Homes, 755 F.2d 599, 606 (7th Cir. 1985)). An award of back pay should also include benefits plaintiff would have received absent the discrimination. Id. (citing Crabtree v. Baptist Hospital of Gadsden, Inc., 749 F.2d 1501, 1502 (11th Cir. 1985); Whatley v. Skaggs Companies, Inc., 707 F.2d 1129, 1140 (10th Cir.); Pedreyra v. Cornell Prescription Pharmacies, Inc., 465 F.Supp. 936, 951 (D.Colo. 1979)).

Front pay may also be awarded "in lieu of reinstatement when plaintiff's return to the work place would cause disharmony and acrimony." Id. (citing Goss v. Exxon Office Systems Co., 747 F.2d 885, 890 (3d Cir. 1984)). "Front pay is a concept that attempts to project and measure the ongoing economic harm, continuing after the final day of trial, that may be experienced by a plaintiff who has been wrongfully discharged in violation of anti-discrimination laws." Strenkoski, 2014 WL 2573266, *1, 2014 U.S. Dist. LEXIS 116133, *3–4 (citing Quinlan v. Curtiss–Wright Corp., 425 N.J. Super. 335, 350, 41 A.3d 739 (App. Div. 2012)). There are several factors to consider when determining front pay, including: 1) plaintiff's potential future in the position from which [s]he was terminated; 2) h[er] work and life expectancy; 3) h[er] obligation to mitigate damages; 4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment. Andujar v. Gen. Nutrition Corp., No. CV 14-7696(JS), 2018 WL 1087494, at *10 (D.N.J. Feb. 28, 2018), aff'd, 767 F. App'x 238 (3d Cir. 2019).

Here, Plaintiff seeks, in part, compensatory damages on her NJLAD count "in the form of back pay, front pay, and compensation for lost benefits[.]" Defendants, in its instant motion argues that Plaintiff is not "entitled" to back pay for certain periods of time because she failed to mitigate her damages and is not entitled to front pay due to her having accepted employment for certain limited periods of time. Back pay under the NJLAD is among the forms of "equitable damages" available to the aggrieved. *Lehmann v. Toys 'R' Us, Inc.*, 132 N.J. 587, 617 (1993). *See also* N.J. Stat. Ann. § 10:5–13 (stating, in part, "[a]ll remedies available in common law tort actions shall be available to prevailing plaintiffs. These remedies are in addition to any provided by this act or any other statute.").

At this pre-trial stage, it is respectfully submitted that the question as to whether Plaintiff can recover back pay, is more appropriately submitted to the jury, as in the event that Plaintiff prevails on her NJLAD claim, she might be entitled to back pay for at least some period and as to front pay given the circumstances of her termination, the role she was terminated from, the Defendants interference with Plaintiff's loss mitigation efforts and the totality of the circumstances. The issues of back pay and front pay must be determined with the benefit of a factual record and fact finding, and thus it is not ripe for decision now. *See Gilmore v. Macy's Retail Holdings*, 2009 WL 305073 (D.N.J. 2009) (finding that the jury should determine liability and compensatory damages under NJLAD, after which the Court would decide whether to award the equitable remedy of back pay). Kancherla v. Lincoln Tech. Inst., Inc., No. CV 14-7784 (KM), 2018 WL 922126, at *18 (D.N.J. Feb. 15, 2018).

**CONCLUSION**

For all the foregoing reasons, Defendants' Motion *in limine* filed as ECF 134 should be denied in its entirety along with such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE LAW OFFICE OF NEAL BRICKMAN, P.C.

By: /s/ *Jason A. Stewart*
Jason A. Stewart
Neal Brickman

Dated: June 6, 2023