Jason A. Stewart, Esq. (BAR ID # 324322019)
Neal Brickman, Esq. (*Pro Hac Vice*)
The Law Offices of Neal Brickman, P.C.
420 Lexington Avenue, Suite 2811
New York, New York 10170
(212) 986-6840
Jason@Brickmanlaw.com
Neal@Brickmanlaw.com
*Attorneys for Plaintiff Reshma Abell*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------X
RESHMA ABELL,

Plaintiff,

-against-

Civ. Action No.
**2:18-cv-16509-MCA-AME**

PACIRA PHARMACEUTICALS, INC., DAVE STACK, individually and in his capacity as Chief Executive Officer of PACIRA PHARMACEUTICALS, INC., and RICH KAHR, PETER MURPHY, DENNIS McLOUGHLIN, PAUL CIAVOLELLA, GLENN REISER, JOYCE DAVIS, and MATT LEHMANN, in their capacities as employees of PACIRA PHARMACEUTICALS, INC.

Defendants.
-----------------------------------------------------X

# **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE FROM EVIDENCE DOCUMENTS AND TESTIMONY REGARDING ALLEGED DISCRIMINATION AND/OR RETALIATION AGAINST OTHER PACIRA EMPLOYEES**

Of Counsel:
Jason A. Stewart, Esq.
Neal Brickman, Esq.

On the Brief:
Jason A. Stewart, Esq.
Neal Brickman, Esq.

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................ 1

LEGAL ARGUMENT ........................................................................................................ 2

1. PLAINTIFF SHOULD BE PERMITTED TO OFFER ALL RELEVANT AND ADMISSIBLE TESTIMONY FROM SCHAEFFER AND HYMAN.......................................................................................................2

CONCLUSION……………………………………………………………………...................... 6

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

Conway v. Electro Switch Corp.,
825 F.2d 593, 597–98 (1st Cir.1987) .................................................................... 3

Estes v. Dick Smith Ford, Inc.,
856 F.2d 1097, 1102–05 (8th Cir.1988) ................................................................ 3

Hunter v. Allis–Chalmers Corp.,
797 F.2d 1417, 1423–24 (7th Cir.1986) ................................................................ 3

Morris v. Washington Metro. Area Transit Auth.,
702 F.2d 1037, 1045–46 (D.C.Cir.1983)................................................................ 4

Phillips v. Smalley Maintenance Servs., Inc.,
711 F.2d 1524, 1532 (11th Cir.1983) .................................................................... 4

Spain v. Gallegos,
26 F.3d 439, 452 (3d Cir. 1994) ............................................................................ 3

Stumph v. Thomas & Skinner, Inc.,
770 F.2d 93, 97 (7th Cir.1985) .............................................................................. 4

Rendine v. Pantzer,
141 N.J. 292 (1995) ............................................................................................... 3

Spain v. Gallegos,
26 F.3d 439, 452 (3d Cir. 1994) ............................................................................ 3

Spulak v. K Mart Corp.,
894 F.2d 1150 (10th Cir.1990) .............................................................................. 3

**Rule and Statutes** **Page(s)**

Federal Rule of Evidence 401 ............................................................................... 3

Federal Rule of Evidence 401 (a) and (b)........................................................... 2, 5

Federal Rule of Evidence 402 ............................................................................ 2, 3

Federal Rule of Evidence 403 ............................................................................ 2, 3

N.J.S.A. §§ 10:5-12.................................................................................................. 1

Plaintiff Reshma Abel ("Abell" or "the Plaintiff"), by and through her attorneys, The Law Offices of Neal Brickman, P.C., respectfully submits this Memorandum of Law in Opposition to Defendants' motion *in limine* which seeks to preclude the Plaintiff from offering evidence documents and/or testimony regarding alleged discrimination and/or retaliation against other Pacira Pharmaceutical Inc. ("Pacira") employees. (ECF 136).

## PRELIMINARY STATEMENT

This is an action for damages arising from Defendants' illegal retaliation against, and wrongful termination of, Plaintiff, in violation of the New Jersey Laws Against Discrimination ("NJLAD," N.J.S.A. §§ 10:5-12, et al.). The Plaintiff, a now 49-year-old female of Indian descent, was subjected to workplace harassment and illegal gender discrimination when she was accosted by a male co-worker, Rob Rock ("Rock") on the evening of February 13, 2018 (the "TopGolf Occurrence"). She was then retaliated against when she was fired approximately three weeks later as a direct result of the investigation stemming from the TopGolf Occurrence.

Defendants' primary litigation strategy has sought to tarnish and defame the Plaintiff so as to justify her retaliatory termination. In that regard, Defendants brazenly maintain that Plaintiff's termination was justified due to Defendants'—admittedly incomplete—"investigation" of alleged harassment against her. Defendants have the temerity to argue that it was proper, and not retaliatory, to terminate the victim of the alleged harassment. Defendants now seek to improperly limit the Plaintiff's presentation of evidence in a further effort to distort the facts, present only a small fraction of the relevant facts, and limit the jury's ability to understand what actually transpired vis-à-vis Plaintiff's unlawful termination. To that end Defendants instant motion which seeks to preclude the Plaintiff from offering evidence--documents and/or testimony--regarding

alleged discrimination and/or retaliation against other Pacira Pharmaceutical Inc. ("Pacira") employees must be denied.

Defendants incorrectly argue that Plaintiff should not be permitted to offer documents or testimony regarding alleged discrimination and/or retaliation against other Pacira employees pursuant to Rules 401, 402 and 403, thus depriving the jury the opportunity of hearing about the conditions that Plaintiff and other Pacira employees endured, the circumstances Pacira employee's faced while employed and the context which gave rise to Plaintiff's alleged mistreatment and the retaliation suffered by Plaintiff at the hands of Defendants. Entirely and blanketly precluding the Plaintiff and other witnesses from being able to speak about their experiences at Pacira, and especially about instances of discrimination and retaliation strips away all context to the controversy before this Court, and as such is clearly highly prejudicial to the Plaintiff. There is undeniably some evidentiary value to evidence which speaks to other historical instances of discrimination at Pacira. Whether the evidence is more prejudicial than probative is aptly a question for the Court, however, at this pre-trial stage, it is respectfully submitted that determinations on the limited disputed evidentiary issues risen be the instant motion *in limine* should be handled on a case-by-case basis, if any when such issues arise at trial.

## LEGAL ARGUMENT

### <u>PLAINTIFF SHOULD BE PERMITTED TO OFFER ALL RELEVANT AND ADMISSIBLE TESTIMONY FROM SCHAEFFER AND HYMAN</u>

As a general rule, all relevant evidence is admissible. F.R.E. 402. Evidence is "relevant" if its existence simply has "any tendency to make a fact more or less probable than it would be without the evidence" and the fact is of consequence in determining the action." F.R.E. 401(a) and (b). However, relevant evidence may be excluded "if its probative value is substantially

outweighed by the danger of unfair prejudice." F.R.E. 403. Before a Rule 403 analysis can begin, however, evidence must meet the relevancy requirements of Rules 402 and 401. Evidence is irrelevant when it has "no tendency" to prove any consequential fact in the case. *Spain v. Gallegos*, 26 F.3d 439, 452 (3d Cir. 1994)(emphasis in original). Relevant evidence is broadly defined as evidence "[having] any tendency to make a fact more or less probable than it would be without the evidence, " with that fact being "of consequence in determining the action." F.R.E. 401.

Here, Defendants have sought to preclude testimony regarding alleged discrimination and retaliation against other Pacira employees, including but not limited to former Pacira employees, Christy Schaffer and Leslie Hyman. Defendants argue that the testimony of these two witnesses offer no probative value, however, as Defendants acknowledge, Plaintiff intends to call these witnesses to speak to, *inter alia*, acts of discrimination which occurred and/or which were witnessed during the tenure of Plaintiff's employment with Pacira. Not only do these witnesses have personal knowledge of occurrences of discrimination, as former employees, they also have unique knowledge and information as to the culture at Pacira. Moreover, the testimony of these witnesses may serve to evidence the discriminatory intent on the part of the Defendants and furthermore, the Defendants' propensity to a) discriminate and b) develop pretextual reasons for terminations. For all of these reasons, the testimony of these witnesses is wholly admissible. As noted by the Appellate Division in Rendine v. Pantzer, 141 N.J. 292, 309, 661 A.2d 1202 (1995), a number of federal courts have ruled that testimony by employees about discriminatory actions by the defendant-employer similar to those alleged by the plaintiff is admissible to prove the employer's motive or intent to discriminate. *See* Spulak v. K Mart Corp., 894 F.2d 1150, 1156 (10th Cir.1990); Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1102–05 (8th Cir.1988); Conway v. Electro Switch Corp., 825 F.2d 593, 597–98 (1st Cir.1987); Hunter v. Allis–Chalmers Corp.,

797 F.2d 1417, 1423–24 (7th Cir.1986); Stumph v. Thomas & Skinner, Inc., 770 F.2d 93, 97 (7th Cir.1985); Phillips v. Smalley Maintenance Servs., Inc., 711 F.2d 1524, 1532 (11th Cir.1983); Morris v. Washington Metro. Area Transit Auth., 702 F.2d 1037, 1045–46 (D.C.Cir.1983).

As to Leslie Hyman, she worked directly under Richard Kahr as a member of the Human Resources department, and as such, is uniquely qualified to speak to Mr. Kahr's practices and his competency as an HR professional. Ms. Hyman's knowledge of past dealings within the HR department speaks right to the central issues of this case—whether Kahr's purported investigation was genuine and competent or if it was a sham investigation orchestrated for the purposes of developing a pretext to retaliate against the Plaintiff. To the extent that any portion of Ms. Hyman's testimony borders on inadmissibility at the time of trial, Defendants will be fully afforded the opportunity to object and Your Honor will certainly be able to rule at that time. Anything short of that would deprive the jury of an opportunity to hear from Kahr's former colleague and would be highly prejudicial to the Plaintiff. To the extent permitted, and Plaintiff's argue it should be, Ms. Hyman can not only competently speak to Kahr's past practices and patterns, she can also speak to his general workplace conduct, his competency and his past handling of HR issues, including any which may have resulted in discrimination and/or retaliation as against a female employee. Ms. Schaffer, for her part, we submit is one such instance of, who after years of enduring Pacira's sordid culture, became a victim of the same discriminatory and retaliatory treatment endured by Plaintiff.

Furthermore, both Ms. Schaeffer and Ms. Hyman have been disclosed as witnesses since the initial disclosures and both could have been deposed by Defendants had they sought the testimony of these witnesses and contrary to the arguments in the instant *motion in limine* Ms. Schaeffer was mentioned in more than just passing during Plaintiff's deposition, as Plaintiff

pointed to her as a clear example of being a victim of retaliation and that Ms. Schaeffer's retaliatory discharge loomed large as a warning to any woman at Pacira who sought to speak up on her own behalf. Accordingly, Defendants' feigned arguments of surprise or prejudice by lack of discovery must be afforded no weight.

The gravamen of Plaintiff's claim is that she was wrongfully terminated after Defendants, and specifically Kahr, engaged in a sham investigation to arrive at a pre-determined outcome which punished Plaintiff for speaking out and making complaints of gender-based discrimination. The testimony of a similarly situated individual who experienced similar occurrences of retaliation can undoubtedly have the "tendency to make a fact more or less probable than it would be without the evidence" under Rule 401(a). The testimony of a former HR worker who witnessed years of Kahr's handling of HR issues, including occasions of discrimination and retaliation, equally offer probative value that, we submit, a jury must be permitted to hear.

Further as to the issues of relevance and prejudice, it is respectfully submitted that Defendants' invocation of these phrases is improper and constitutes nothing more than Defendants attempting to insulate itself from its prior bad and from those that have knowledge as to those bad acts. To bar the Plaintiff from offering this relevant and probative evidence would subject the Plaintiff to extreme prejudice. Contrary to the assertions of the Defendants, the only prejudice which could arise as it relates to the evidence which Defendants are asking to preclude, would be as against Plaintiff if this Court were to preclude as requested by Defendants. Respectfully, it is submitted that a party cannot preclude evidence simply because that evidence would support the claims against them.

Notwithstanding the foregoing, Plaintiff specifically reserves its right to discuss and further defend the admissibility of the testimony of Christy Schaffer and Leslie Hyman, either at oral argument of this motion, if any, and/or at the time of trial.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion *in limine* filed as ECF 136 should be denied in its entirety along with such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE LAW OFFICE OF NEAL BRICKMAN, P.C.

By: /s/ *Jason A. Stewart*
Jason A. Stewart
Neal Brickman

Dated: June 6, 2023