JacksonLewis

Jackson Lewis P.C.
766 Shrewsbury Avenue
Tinton Falls NJ 07724
(732) 532-6148 Main
(732) 842-0301 Fax
jacksonlewis.com
James J. Panzini – Resident Managing Principal

**JAMES J. PANZINI**
Direct Dial: 732-945-6025
Email: James.Panzini@jacksonlewis.com

June 16, 2023

**VIA ECF**
The Honorable Madeline Cox Arleo, U.S.D.J.
Martin Luther King, Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: *Reshma Abell v. Pacira Pharmaceuticals, Inc., et al.*
Docket No.: 18-cv-16509 (MCA)(AME)

Dear Judge Arleo:

Please accept this letter brief as the remaining Defendants Pacira Pharmaceuticals, Inc. and Rich Kahr (collectively as, "Defendants") reply in further support of their motion in limine to exclude the "Appraisal of Economic Loss to Reshma Abell" report and testimony of Kristin K. Kuscma, M.A. ("Kuscma"), who Plaintiff Reshma Abell ("Plaintiff"), designated as an economic expert.

## PRELIMINARY STATEMENT

In Plaintiff's opposition, she attempts to counter Defendants' arguments that Kuscma's report and testimony is reliable as she is a qualified expert with significant experience testifying as an economic expert. She further argues that Kuscma's report and testimony is not speculative because Kuscma relied on "data points" provided by Plaintiff which are not speculative, but rather are in dispute between the parties, and "speculation" is not a "legal disqualifying reason" to preclude expert testimony and opinion. These arguments are flawed as Defendants do not dispute

Kuscma's qualifications as an economic expert. Defendants argue that Kuscma's report and testimony lack reliability because she did not present "data points" to the expert. The expert makes assumptions based on Plaintiff's "subjective beliefs" and "unsupported speculation." This *is* a legal principle disqualifying an expert report and opinion, and a case cited by Plaintiff in her brief, In Re Niaspan Antitrust Litig., 464 F. Supp. 3d 678, 928 (E.D. Pa. 2020) (stating "the reliability requirement of Daubert means that the expert's opinion must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation"), stands for this very point.

Therefore, Defendants respectfully submit that Kuscma does not meet the standard imposed for admission of expert testimony under Rule 702. Defendants also respectfully submit that Kuscma report is too speculative, will only cause confusion on the issue of damages, and is based upon data and methodology that do not meet the standards of Rule 702. Accordingly, for the reasons set forth herein, Defendants respectfully request that this motion in limine precluding Kuscma's report and purported expert testimony as to any speculative employment scenarios at trial be granted.

## LEGAL ARGUMENT

## POINT I

### A. Plaintiff's Expert Report and Testimony Should be Excluded as it is Based on Speculation and Opinions Which Are Not Reliable and Will Not Assist or Will Confuse the Jury

Despite noting that it is the party offering the expert's responsibility to establish the requirements of the admissibility of their expert by a preponderance of the evidence, Plaintiff makes a conclusory statement that her expert has "scientific, technical, or other specialized knowledge" without identifying what scientific, technical, or specialized knowledge her expert used. (See Plaintiff's opposition brief, p. 6 ("Pl. Opp. Br.") [ECF No. 143]). Plaintiff also argues

that Defendants do not challenge the expert's qualifications. (Id.). This is true as Defendants do not dispute that Kuscma is a qualified economic expert. Defendants' argument is that Kuscma's report and testimony should be precluded because it is based on pure speculation, and she opines on issues outside of her expertise. It is therefore unreliable, and an unreliable or speculative report or testimony will cause prejudice, and/or confuse or mislead the jury, and warrants exclusion.

Specifically, in her expert report, Kuscma assumes that Plaintiff would have: (a) been promoted to the (non-existent) position of Director of Post-Op Pain Management, effective January 1, 2018, but for retaliation, and worked in that position through her statistical date of retirement at 67.5 years; (b) alternatively, that Plaintiff would have been promoted twice – first, to the (non-existent) position of Director of Post-Op Pain Management effective January 1, 2018, but for retaliation, and worked in that position through December 31, 2019 and second, to the position of Chief Commercial Officer effective January 1, 2020 (a position which no longer exists as of June 2020 and was not previously vacant). (See Exhibit 2 of the Declaration of James J. Panzini submitted with Defendants' moving brief [ECF No. 130-2]). The report assumes salary and compensation structures for each of these promotions and then calculates losses based on these assumptions. (Id.). To properly opine on such issues, Kuscma would be required to have expertise in areas such as employment vocation or pharmaceutical executive managerial compensation.

Plaintiff claims that these assumptions are reliable as they provide factual scenarios and "data points" on which the jury could rely to assess damages. (See Pl. Opp. Br., p. 7 [ECF No. 143]). However, the expert report does not calculate an appraisal of loss based on any factual scenario that actually existed. The only calculation which could arguably be based on facts or reality is the scenario in which Plaintiff retained the position she held at the time of her separation. Oddly enough, this is the only scenario that Kucsma failed to present. Kucsma's report and

testimony do not address Plaintiff's losses based on any real factual situation. It calculates an appraisal of losses based on possible far-fetched factual scenarios.

Plaintiff attempts to argue that these "factual scenarios" are not necessarily speculative but are rather "in dispute" between the parties as Plaintiff contends these scenarios could have occurred, while Defendants maintain these scenarios would not have occurred. (Id.). This argument is flawed as stating that something may or not occur in the future is speculative in and of itself. Moreover, Defendants' position that the scenarios would not have occurred are based on significant, undisputed evidence in the record proving that there was no solidified plan in which to promote Plaintiff to the Director of Post-Op Pain Management position, there was no compensation discussed for any possible future role, and the positions Plaintiff claims she would have been promoted to have either never been in existence, were never vacant, or no longer exist. Plaintiff's position to the contrary is based on pure fiction and hopeful aspirations that are not based in reality or evidence. There has been nothing produced through extensive discovery that even remotely supports Plaintiff's speculations. Kuscma simply ignores the probability of each scenario and relies on Plaintiff's far-fetched, wishful claims. To render expert conclusions on self-serving, speculative statements is not a reliable method that is appropriate for a jury to consider.

As noted in Defendants' moving brief, experts must assist the trier of fact and may not assume facts without some support for those assumptions in their expert report or elsewhere in the record. (See Defendants' moving brief [ECF No. 130-1], citing McNamara v. Kmart Corp., 2010 U.S. App. LEXIS 9946, *5-6 (3d Cir. May 14, 2010); Multimatic, Inc. v. Faurecia Interior Sys. USA, 2009 U.S. App. LEXIS 28156, *27 (6th Cir. Dec. 22, 2009))[1]. An expert opinion must be

[1] True and accurate copies of these unpublished cases are attached to the Declaration of James J. Panzini accompanies with the moving papers. [ECF No. 130-2].

"excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Nimely v. City of New York, 414 F.3d 381, 397 (2d Cir. 2005) (quoting Federal Rule of Evidence 403). Courts "have not hesitated to exclude an economic expert where their testimony is not supported by sufficient evidence or engaged in mere speculation." Total Containment, Inc. v. Dayco Prods., Inc., 2001 U.S. Dist. LEXIS 15838, *12 (E.D. Pa. Sept. 6, 2001). Further, "[T]o be reliable, the testimony must be based on "methods and procedures of science rather than on subjective belief or unsupported speculation." Robinson v. Midwest Folding Prods. Corp, 2009 U.S. Dist. LEXIS 30395, *23 (E.D. Pa. April 7, 2009) (citations omitted)[2]; see also In Re Niaspan Antitrust Litig., 464 F. Supp. 3d at 928.

Kuscma fails to provide the jury with information on the actual damages Plaintiff suffered as a result of Defendants' alleged wrongful acts, and her opinion fails to provide any clear or reliable understanding of the economic losses that would be appropriate for the jury to consider. Kucsma's testimony and opinion is designed solely to create a fictional narrative to mislead or inappropriately influence the jury. The introduction of Kuscma's expert report and testimony which calculates damages based on speculative scenarios will not assist the jury and will only cause confusion on the issue of economic damages. Therefore, Kuscma's opinion testimony should be excluded pursuant to Rules 403 and 702 of the Federal Rules of Evidence.

---

[2] True and accurate copies of the unpublished cases cited herein are attached as Exhibits to the Declaration of James J. Panzini submitted with Defendants' moving brief [ECF No. 130-2].

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court exclude Kuscma's report and testimony as it is too speculative and does not assist the trier of fact.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ James J. Panzini*
James J. Panzini

C: All Counsel of Record (*via ECF*)

4892-4576-4202, v. 2