JacksonLewis

**Jackson Lewis P.C.**
766 Shrewsbury Avenue
Tinton Falls NJ 07724
(732) 532-6148 Main
(732) 842-0301 Fax
jacksonlewis.com
James J. Panzini – Resident Managing Principal

**JAMES J. PANZINI**
Direct Dial: 732-945-6025
Email: James.Panzini@jacksonlewis.com

June 16, 2023

**VIA ECF**
The Honorable Madeline Cox Arleo, U.S.D.J.
Martin Luther King, Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: *Reshma Abell v. Pacira Pharmaceuticals, Inc., et al.*
Docket No.: 18-cv-16509 (MCA)(AME)

Dear Judge Arleo:

Please accept this letter brief as the remaining Defendants Pacira Pharmaceuticals, Inc. and Rich Kahr (collectively as, "Defendants") reply brief in further support of their motion in limine to bar Plaintiff Reshma Abell ("Plaintiff") from recovering punitive damages, or in the alternative, bifurcate the punitive damages phase of the trial in this matter from the liability and compensatory damages phase of trial, pursuant to the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9, *et seq*. (the "NJPDA").

## PRELIMINARY STATEMENT

Plaintiff's opposition does little more than describe what punitive damages are and that it is typically a jury who renders such damages award. Plaintiff's primary argument is that the pre-trial stage is an inappropriate time to seek to strike punitive damages, claiming instead that such issue should be presented to a jury, seemingly as a matter of course. Indeed, Plaintiff argues Defendants should have requested this relief at the summary judgment stage rather than now but

ignores the fact that Defendants did assert such argument in summary judgment briefing, and this Court noted it would "defer ruling on this issue until the parties have had an opportunity to submit pre-trial motions in limine on the matter." (See Plaintiff's opposition brief, p. 3 ("Pl. Opp. Br.") [ECF No. 144]; see also Letter Order, p. 10 [ECF No. 95]). Thus, contrary to Plaintiff's assertions that "precluding the Plaintiff, at this pre-trial stage, before Plaintiff has presented its evidence, from being able to seek punitive damages is wholly inappropriate and is unsupported both by equity and law," this Court has acknowledged that the pre-trial motion in limine period is an appropriate time to consider the question of punitive damages. The conduct alleged herein simply does not meet a level of "egregiousness" necessary to warrant punitive damages, and none of the cases cited by Plaintiff support that the facts here meet this standard.

Moreover, Plaintiff does not address the bifurcation component of Defendants' moving papers and therefore seemingly concedes that if the Court does not preclude Plaintiff from recovering punitive damages, the Court shall, in the alternative, bifurcate the punitive damages phase of the trial in this matter from the liability and compensatory damages phase of trial, pursuant to the New Jersey Punitive Damages Act.

For the reasons set forth herein, Defendants respectfully request that this motion in limine be granted.

## LEGAL ARGUMENT

## POINT I

### A. The Issue of Punitive Damages Should Not be Submitted to the Jury Because Plaintiff Fails to Meet the Necessary Standard for "Punitive Damages"

Plaintiff's "Legal Argument" section of the brief is dedicated to generally describing that punitive damages may be recoverable under the New Jersey Law Against Discrimination, and in factual circumstances warranting such damages, a jury typically determines the amount of punitive

damages. (See generally, Pl. Opp. Br. [ECF No. 144]). However, Plaintiff's brief fails to explain why this matter constitutes one of the exceptional employment cases that rise to the level of egregiousness warranting punitive damages.

Indeed, "[t]o warrant a punitive award, the defendant's conduct must have been wantonly reckless or malicious. **There must have been an intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and willful disregard of the rights of others**." Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 48 (1984) (citation omitted)(emphasis added). Even if there may be a basis for compensatory damages in an employment discrimination case, it does not follow that punitive damages are available. Delli Santi v. CNA Ins. Cos., 88 F.3d 192, 207 (3d Cir. 1996). In fact, "[punitive] damages are only to be awarded in exceptional cases even where the LAD has been violated." Catalane v. Gilian Instrument Corp., 271 N.J. Super. 476, 501 (App. Div. 1994). It is not enough that the defendant discriminated, and "[t]he mere finding of an intentional act of discrimination is insufficient to support a punitive damage award." Spragg v. Shore Care, 293 N.J. Super. 33, 60 (App. Div. 1996), the court held that it is In order for punitive damages to be warranted, "[t]here must be a finding that defendant discriminated with a reckless disregard for the rights of the plaintiff and that it was wanton and willful." Id. (finding that defendant's gender segregation policy applicable to its home healthcare workers was not egregious, malicious, evil-minded and exceptional); Murray v. Newark Housing Authority, 311 N.J. Super. 163, 181 (Law Div. 1998) (citing Turner v. Schering-Plough Corp., 901 F.2d 335, 346 (3d Cir.1990) ("The evidence necessary to support such a finding must go beyond that necessary to show that [the employer] intentionally discriminated against [plaintiff] because of his age; rather, there must be 'some additional evidence of outrageous conduct' that distinguishes this from the ordinary, though still reprehensible, case of age discrimination.").

Plaintiff did not distinguish any of the cases cited by Defendants. Plaintiff argues instead that she is entitled to punitive damages simply because Defendant Kahr was a "member of upper management," she should be permitted to prove the level of "egregiousness" by Kahr at trial when she has opportunity to prove that Kahr engaged in "an intentional wrongdoing" in the form of an evil-minded act, wanton or willful disregard for plaintiff's rights, or that he acted with actual malice. As addressed above, and the Court acknowledged in the summary judgment letter order, it is not a per se rule that Plaintiff is required an opportunity to demonstrate egregiousness at trial as whether the case warrants a punitive damages consideration by a jury may be determined, pre-trial. Therefore, Plaintiff's "timing" argument should be steadfastly disregarded.

With respect to the actual claims asserted in this action, it is clear that the allegations of the sole remaining retaliation matter do not rise to the level of "egregiousness" required to warrant punitive damages. Even considering the factors cited by Plaintiff, such as "the likelihood of harm from the conduct, the actor's awareness of the likelihood of harm, the behavior of the bad actor with knowledge of the potential harm, and efforts taken to conceal the harm," this is clearly not a punitive damages case. (See Pl. Opp. Br., p. 5 [ECF No. 144]). In the case at bar, there is one claim of retaliation remaining. Mr. Kahr testified that he did not understand Plaintiff's report about Mr. Rock to be gender or sex discrimination, but rather about Mr. Rock's professionalism in communicating with Plaintiff. Mr. Kahr's notes also reflect that Plaintiff stated during her interview that she was not playing the "woman card" and was not sure if her issue with Mr. Rock was a "guy thing or a Rob [Rock] thing." (See Panzini Decl., Exhibits 2-3 attached to Defendants' moving papers [ECF No. 144]). This provides support for Kahr's belief that he did not consider Plaintiff's report about Mr. Rock to be gender-based. Kahr never met Plaintiff personally or knew Plaintiff personally to have any "animus" towards her. (See Panzini Decl., Exhibits 4, attached to

Defendants' moving papers. [ECF No. 144]). There are no allegations of there being any such history of animus between Kahr and Plaintiff as the two were essentially strangers to one another. Kahr testified he made the decision to terminate Plaintiff based on reports that she engaged in sexually explicit conduct that he was made aware of through an unprompted employee complaint, which later she and other employees confirmed. At best, Plaintiff may not agree that her actions warranted termination or feel that Kahr handled the investigation well. However, there has been no evidence whatsoever suggesting that: Kahr's decision was "retaliatory," nor could there be where Kahr denied knowledge of Plaintiff asserting a gender-based complaint; Kahr behaved with any ill intent against Plaintiff, whom he did not know and never met; Kahr engaged in a level of "egregiousness," wanton or willful misconduct, actual malice, or concealment of anything in his investigative process or the decision to terminate Plaintiff.

Further, the cases Plaintiff cited wherein juries were permitted to assess the questions of punitive damages are inapposite to the case at bar. There are not multiple plaintiffs alleging any "pattern and practice" claim of pregnancy discrimination as in Rendine v. Pantzer, 141 N.J. 292, 315 (N.J. 1995). There is no testimony in the record alluding to the CEO regularly conducting male-only events, and the CEO creating a position for a male colleague which forced plaintiff into a subordinate role as in Quinlan v. Curtiss-Wright Corp., 204 N.J. 239 (2010). There are no allegations of any threats to retaliate against the plaintiff in response to the plaintiff engaging in protected activity as in Rusak v. Ryan Automotive, LLC, 418 N.J. Super 107, 119 (App. Div. 2011) and Kluzyck v. Tropicana Prods Inc., 368 N.J. Super 479, 497 (App. Div. 2004). Further, there are no allegations that plaintiff was described using vulgar language as in Lockley v. Dep't of Corr., 177 N.J. 413, 417 (N.J. 2003).

Moreover, Courts have held that punitive damages are not recoverable in more

significant factual scenarios than the instant case. For example, the issue in Spragg involved defendants' gender-based policy of assigning male home health aides to male patients, whereas female aides were permitted to care for patients of both genders. Spragg, 293 N.J. Super. 60. The court acknowledged that while defendants may have chose the "wrong way to correct a perceived problem" about patient care, the defendants' gender segregation policy was not egregious, malicious, evil-minded and exceptional to establish that defendants acted wantonly and willfully or with deliberate disregard, and plaintiff was entitled to punitive damages. Id. at 61. The Spragg decision demonstrates that not every case with an allegedly "wrong" method deployed by the employer warrants punitive damages. Indeed, even where the company policy at issue disparately impacts one gender in favor of another does not make the matter a punitive damages case if there is no showing of egregious, malicious, evil-minded or exceptional acts. As is the case here where Plaintiff may feel the investigative process or decision made by Kahr was in error, there is no evidence of egregious, malicious, evil-minded and exceptional acts by Kahr which warrant a jury to consider punitive damages.

## POINT II

## PLAINTIFF SEEMINGLY CONCEDES POINT II IN DEFENDANTS' MOVING BRIEF THAT IF THE COURT DOES NOT BAR PUNITIVE DAMAGES, THEN PUNITIVE DAMAGES SHOULD, AT MINIMUM, BE BIFURCATED

As addressed above, Defendants argued in their moving papers that if the Court does not bar punitive damages, then the punitive damages phase should be bifurcated pursuant to the New Jersey Punitive Damages Act ("NJPDA"). Plaintiff does not assert any defense to this portion of Defendants' brief and seemingly concedes it. Therefore, in the alternative, absent a Court ruling barring Plaintiff from recovering punitive damages, it is hereby respectfully submitted that such

analysis of damages should be handled in a bifurcated fashion if liability is established pursuant to the well-settled authority of the NJPDA. N.J.S.A. 2A:15-5.13.

**CONCLUSION**

For of the foregoing reasons, Defendants respectfully request that the Court grant this motion in limine and enter an Order precluding Plaintiff recovering any punitive damages, or in the alternative bifurcating the punitive damages phase of the trial in this matter from the liability and compensatory damages phase of trial if there is a finding of liability in this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ James J. Panzini*
James J. Panzini

C: All Counsel of Record (*via ECF*)

4863-9642-7114, v. 2