JacksonLewis

**Jackson Lewis P.C.**
766 Shrewsbury Avenue
Tinton Falls NJ 07724
(732) 532-6148 Main
(732) 842-0301 Fax
jacksonlewis.com
James J. Panzini – Resident Managing Principal

**JAMES J. PANZINI**
Direct Dial: 732-945-6025
Email: James.Panzini@jacksonlewis.com

June 16, 2023

**VIA ECF**
The Honorable Madeline Cox Arleo, U.S.D.J.
Martin Luther King, Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: *Reshma Abell v. Pacira Pharmaceuticals, Inc., et al.*
Docket No.: 18-cv-16509 (MCA)(AME)

Dear Judge Arleo:

Please accept this letter brief as the remaining Defendants Pacira Pharmaceuticals, Inc. and Rich Kahr (collectively as, "Defendants") reply brief in further support of their motion in limine to preclude or limit Plaintiff Reshma Abell ("Plaintiff") from offering evidence regarding emotional harm.

## PRELIMINARY STATEMENT

Plaintiff's opposition does little more than describe that emotional harm is typically recoverable under the New Jersey Law Against Discrimination and recite the same cases that Defendants cited in their moving papers. (See generally, Plaintiff's opposition brief ("Pl. Opp. Br.") [ECF No. 145]). Primarily, Plaintiff seemingly acknowledges she did not establish a "substantial basis for compensation" for emotional distress and argues she should permitted, for the first time, to create her record of emotional distress at trial. Such arguments should be disregarded as Plaintiff has nothing more than her own insubstantial, tenuous allegations to

establish any measure of emotional distress, and she failed to establish entitlement to any "substantial basis for compensation."

For the reasons set forth herein, Defendants respectfully request that this motion in limine be granted.

## LEGAL ARGUMENT

### A. Plaintiff Has Failed to Establish Any "Substantial Basis" to Warrant Emotional Distress and Any Testimony for the First Time at Trial Should be Precluded

Plaintiff's "Legal Argument" section of the brief is dedicated to generally describing that emotional distress damages are recoverable under the New Jersey Law Against Discrimination, and that a jury typically determines liability and damages. Defendants do not dispute these general legal principles. However, Plaintiff's brief fails to address the basis of Defendants' motion, which is that damages for emotional distress are only to be awarded where the plaintiff establishes a "substantial basis for compensation." Abrams v. Lightolier, Inc., 841 F. Supp. 584, 593 (D.N.J. 1994), aff'd, 50 F.3d 1204 (3d Cir. 1995); Castellano v. Linden Bd. of Ed., 79 N.J. 407 (1979). Indeed, Courts have declined emotional distress for plaintiff's allegations involving common workplace complaints. Moore v. Passaic County Technical Inst., 2006 N.J. Super. Unpub. LEXIS 1179, at *25-*26 (App. Div. June 12, 2006)[1]. Further, the New Jersey Supreme Court has denied such emotional distress awards where the evidence offered by the plaintiff was nebulous and/or tenuous. Castellano, 79 N.J. at 413; see also Spragg v. Shore Care, 293 N.J. Super. 33, 62-63 (App. Div. 1996).

---

[1] A true and correct copy of this unpublished case was attached to the Declaration of James J. Panzini as Exhibit 2 filed with the moving brief [ECF No. 132-2].

In the case at bar, Plaintiff has nothing more than her own insubstantial, tenuous allegations to establish any measure of emotional distress as she acknowledged she never treated with a professional for any emotional distress. There is minimal, if any, evidence regarding Plaintiff's emotional distress damages, and any such testimony she may offer at trial is self-serving and unsupported. Notably, neither in Plaintiff's opposition brief, nor at any time throughout this litigation, has Plaintiff ever described in fulsome detail as to what basis she has for any entitlement to any emotional distress damages, or that she experienced any substantial basis warranting same. Plaintiff seemingly acknowledges same in requesting that Plaintiff be permitted this opportunity for the first time at trial (see Pl. Opp. Br., at p. 3, stating that any determination as to Plaintiff's entitlement to emotional damages "must be made upon a more fulsome and conclusive record as developed at trial."). She has simply failed to prove she has a "substantial basis for compensation" for emotional distress.

Moreover, Defendants cited several cases with courts declining emotional distress for plaintiff's allegations involving common workplace complaints, or where the evidence offered by the plaintiff was nebulous and/or tenuous as is the case here. Plaintiff made no attempt to distinguish the cases Defendants cited for same and rather seeks a blanket denial of Defendants' forgoing motion without any relevant authority.

Plaintiff being permitted to introduce such evidence for the first time at trial, with no substantial basis for asserting same, is likely to mislead or prejudice a jury. Defendants submit that in order to avoid such prejudice and a verdict which is not supported by the evidence, this Court, pursuant to the Federal Rules of Evidence 403 should preclude the introduction of any evidence related to emotional harm.

**CONCLUSION**

For of the foregoing reasons, Defendants respectfully request that the Court grant this motion in limine and enter an Order precluding Plaintiff from offering evidence regarding any alleged emotional harm.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ James J. Panzini*
James J. Panzini

C: All Counsel of Record (*via ECF*)

4891-6758-7690, v. 1