JacksonLewis

**Jackson Lewis P.C.**
766 Shrewsbury Avenue
Tinton Falls NJ 07724
(732) 532-6148 Main
(732) 842-0301 Fax
jacksonlewis.com
James J. Panzini – Resident Managing Principal

**JAMES J. PANZINI**
Direct Dial: 732-945-6025
Email: James.Panzini@jacksonlewis.com

June 16, 2023

**VIA ECF**
The Honorable Madeline Cox Arleo, U.S.D.J.
Martin Luther King, Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: *Reshma Abell v. Pacira Pharmaceuticals, Inc., et al.*
Docket No.: 18-cv-16509 (MCA)(AME)

Dear Judge Arleo:

Please accept this letter brief as the remaining Defendants Pacira Pharmaceuticals, Inc. and Rich Kahr (collectively as, "Defendants") reply brief in further support of their motion in limine to preclude Plaintiff Reshma Abell ("Plaintiff") from introducing documents and testimony regarding Plaintiff's general performance, and any non-decisionmaker for Plaintiff's separation to testify about her general performance or speculative reasons for her separation.[1]

**PRELIMINARY STATEMENT**

Plaintiff's opposition rests on a single argument – that Plaintiff should be permitted to offer evidence regarding her past performance so that the jury may understand Plaintiff's "track of ascendancy" and "the work environment and workplace culture which Plaintiff endured and

[1] Defendants' moving brief also requested that Plaintiff be barred from introducing Mr. Ronald Kerna as a witness. However, Plaintiff has withdrawn the request to introduce Mr. Kerna as a witness at trial. (See Plaintiff's opposition brief ("Pl. Opp. Br."), p. 2, n. 1 and p. 5 [ECF No. 146]). Therefore, Defendants do not address the testimony of Mr. Kerna in the foregoing reply.

overcame before falling victim to the retaliation at Defendants' hands" to provide context to her damages claim. (See Pl. Opp. Br., p. 2, [ECF No. 146]). In other words, Plaintiff seeks opportunity to distract the jury from the sole-remaining retaliation claim which hinges on Plaintiff's inappropriate behavior, to discuss her positive sales performance and the alleged facts supporting her dismissed hostile work environment claims. As Plaintiff's termination was not related to her sales performance and her hostile work environment claim has been dismissed on summary judgment, such evidence is irrelevant.

Defendants have already stipulated in the Pre-Trial Order that Plaintiff performed the sales component of her position well. There is no dispute as to this, and Defendants did not terminate Plaintiff for her sales performance. For Plaintiff to argue she needs to present a detailed history of her sales awards, prior promotion, performance reviews, and various emails addressing her sales numbers anyway (i.e., Exhibits 3-15, 17, 19, 21, 23-25, 27, 30-35), is a simply a waste of time for an irrelevant issue. For Plaintiff to further argue she would be able to present this in the context of the alleged "workplace culture she endured," when her hostile work environment claim was dismissed, is a veiled effort to reintroduce evidence of a dismissed claim.[2]

Defendants respectfully submit that introducing such evidence at trial is irrelevant, improper hearsay, not based on personal knowledge, substantially and unfairly prejudicial, and likely to lead to confusion of issues for the jury resulting in undue delay. For the reasons set forth herein, Defendants respectfully request that this motion in limine be granted pursuant to Rules 401-403 of the Federal Rules of Evidence.

---

[2] The introduction of evidence as to Plaintiff's dismissed claims is also the subject of one of Defendants' other pending motions in limine [See ECF No. 135]. Plaintiff's attempts another "end run" to introduce evidence regarding an alleged "company culture" which seeks to revive her dismissed hostile work environment claims should be disregarded.

## LEGAL ARGUMENT

## POINT I

### A. Plaintiff Should Not Be Permitted to Introduce Evidence Regarding Her Sales Performance As Defendants Did Not Terminate Her Due to Sales Performance

Plaintiff's opposition is premised on the argument that evidence regarding her positive sales performance is relevant to provide "context" and to the issue of damages as it will highlight her possible career growth within the company. (See Pl. Opp. Br., p. 4 [ECF No. 146]).

Evidence of Plaintiff's general sales performance is of no consequence to her remaining retaliation claim as she was not terminated for sales performance. Fed. R. Evid. 401. Thus, there is no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Id. Defendants cited several cases for the principle that work performance is not relevant if the plaintiff is not terminated for performance. Plaintiff made no attempt to distinguish such cases.

Plaintiff also contends this evidence will support her damages theory. Her damages "theory" is indeed a theory as it is not based on any record evidence but rather, pure speculation. To that end, despite acknowledging that Plaintiff had a "short" tenure of four years with Pacira, her damages "theory" is based on speculative assumptions that she would have remained employed with Pacira for over twenty-five years through retirement and been promoted twice within a two year span from her current role to the C-Suite, a role which would have been five to six levels higher than the position she held at the time of her separation. [See also ECF No. 130-1, p. 9]. Plaintiff further argues that Defendants "attempt to preclude evidence of her past performance is particularly inappropriate" when considering Defendants' motion in limine to preclude Plaintiff's expert economist from testifying about these speculative factual scenarios. (See Pl. Opp. Br., p. 4 [ECF No. 146]).

While Plaintiff is conflating the issues that are the subject of another pending motion in limine, Defendants' arguments as to both motions are the same: it is improper for Plaintiff to offer evidence regarding her self-serving, speculative assertions. Even *assuming arguendo* Plaintiff's claim that this evidence is "relevant" to her damages theory, which it is not, any tangential probative value of the evidence of Plaintiff's sales performance is substantially outweighed by the danger of unfair prejudice and confusion to the jury. See Fed. R. Evid. 403. If anything, the introduction of this evidence would only serve to lengthen the trial without adding anything substantive or probative and require Defendants to call witnesses to rebut her theories. Thus, any testimony or exhibits relating to Plaintiff's performance should be excluded at trial as this is not a case which centers around performance. To that end, Defendants intentionally have stipulated to her positive sales performance in an effort to streamline the trial. (See Section 10(A), paragraph 13 of the Final Joint Pretrial Order). To permit such evidence in light of the stipulation would be a waste of time. See Fed. R. Evid. 403.

## POINT II

### B. Plaintiff Should Not Be Permitted to Offer Any Testimony By Non-Decisionmakers for Plaintiff's Separation

Plaintiff also argues that as they have conceded not to call Mr. Kerna as a witness at trial, and Defendants have not identified any other individuals to be precluded in the motion, Plaintiff should still be permitted to call any witness who was not a decisionmaker for Plaintiff's separation who witnessed relevant events to testify. (See Pl. Opp. Br., p. 5 [ECF No. 146]). Such request is vague.

To be clear, if Plaintiff seeks to introduce evidence of non-decisionmakers to testify about Plaintiff's sales performance or as to supposed reasons/opinions for her separation, Defendants maintain their position that only individuals who have first-hand knowledge regarding the decision

to separate Plaintiff's employment are relevant to her remaining retaliation claim. Any proposed testimony, comments, and/or opinions by a non-decisionmakers regarding Plaintiff's sales performance or the reasons for Plaintiff's termination are irrelevant as it does not have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401; see, e.g., Hamza v. Saks Fifth Ave., Inc., 2011 LEXIS 139132, at *9 (S.D.N.Y. Dec. 5, 2011) (excluding as irrelevant testimony by coworker not employed at time of alleged discrimination); Schaffner v. Glencoe Park Dist., 256 F.3d 616, 622 (7th Cir. 2001) ("It is the perception of the decision maker which is relevant.") (quoting Dale v. Chicago Tribune Co., 797 F.2d 458, 464-65 (7th Cir. 1986)); Bowman v. American Drug Stores, 2001 U.S. Dist. LEXIS 14046, at *7 (N.D. Ill. Sept. 7, 2001) ("[S]tatements by a non-decision maker that amount to mere speculation as to the thoughts of the decision-maker are irrelevant"); Hollimon v. Potter, 2009 U.S. Dist. LEXIS 57430, at *23-*24 (S.D. Miss. July 7, 2009) (disregarding plaintiff's former co-worker's opinion that plaintiff was terminated in retaliation for his prior EEO activity, as former co-worker was not involved in decision to terminate plaintiff); Lind v. UNC, Inc., 36 F. Supp. 2d 350, 358-59 (N.D. Tex. 1999) (disregarding opinion testimony from plaintiff's co-workers, who were not involved in termination decision and did not have any personal knowledge of reasons underlying termination decision); Butler v. Ill. DOT, 667 F. Supp. 2d 825, 832-33 (N.D. Ill. 2009) (granting summary judgment in favor of employer because non-decision maker's statements regarding alleged reason for plaintiff's termination were based on speculation, intuition, or rumor)[3]. To the extent Plaintiff seeks to introduce such testimony, comments, and/or opinions, this should be excluded at trial.

---

[3] True and correct copies of the unpublished cases cited herein are attached as Exhibits 1-3, respectively, to the accompanying Declaration of James J. Panzini. Defendants have also

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court preclude Plaintiff from introducing testimony or documents relating to Plaintiff's performance and/or by any non-decisionmaker for Plaintiff's separation to testify about her performance and/or supposed reasons for her separation.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ James J. Panzini*
James J. Panzini

C: All Counsel of Record (*via ECF*)

4859-7132-0938, v. 2

---

reiterated this position with respect to the introduction of the witnesses, Leslie Hyman and Christy Schaffer, as addressed in another pending motion in limine. [ECF No. 136].