JacksonLewis

**Jackson Lewis P.C.**
766 Shrewsbury Avenue
Tinton Falls NJ 07724
(732) 532-6148 Main
(732) 842-0301 Fax
jacksonlewis.com
James J. Panzini – Resident Managing Principal

**JAMES J. PANZINI**
Direct Dial: 732-945-6025
Email: James.Panzini@jacksonlewis.com

June 16, 2023

**VIA ECF**
The Honorable Madeline Cox Arleo, U.S.D.J.
Martin Luther King, Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: *Reshma Abell v. Pacira Pharmaceuticals, Inc., et al.*
Docket No.: 18-cv-16509 (MCA)(AME)

Dear Judge Arleo:

Please accept this letter brief as the remaining Defendants Pacira Pharmaceuticals, Inc. and Rich Kahr (collectively as, "Defendants") reply brief in further support of their motion in limine to preclude or limit Plaintiff Reshma Abell's ("Plaintiff") back pay and front pay damages.

## PRELIMINARY STATEMENT

As Plaintiff notes in her opposition, Defendants set forth various arguments detailing Plaintiff's subsequent employment history and lack of mitigation to support its position that her back pay and front damages should be cut off. However, Plaintiff's opposition does little more than describe what back pay and front pay is and that it is typically a jury who renders a damages award. Rather, Plaintiff's motion seeks to avoid the inconvertible fact that Plaintiff has failed to meet her duty to mitigate by placing blame on Pacira for her subsequent job loss, without addressing any of Defendants' arguments that Plaintiff's damages claim cuts off at the time she obtained comparable employment, and any subsequent job loss is not Pacira's obligation.

Moreover, Plaintiff seeks, yet again, to distract the Court with the argument that Plaintiff does not have current employment because Pacira "interfered" with her former position by acquiring her former employer which resulted in a layoff of nearly 90% of the company's sales force, knowing full well that Judge Espinosa denied Plaintiff's motion for leave to amend her complaint to include a "continuing retaliation" theory against Pacira. Plaintiff's back door attempt to recast the "retaliation" theory as "interference" and/or a "damages" argument should be disregarded by the Court.

For the reasons set forth herein, Defendants respectfully request that this motion in limine be granted.

## LEGAL ARGUMENT

### A. Plaintiff Has Presented No Justification for Defendants' Arguments Regarding Plaintiff's Front Pay and Back Pay Claims

Plaintiff's "Legal Argument" section of the brief is dedicated to generally describing that front pay and back pay is recoverable under the New Jersey Law Against Discrimination, the purpose of front pay and back pay, and that a jury typically determines liability and damages. (See generally, Plaintiff's opposition brief ("Pl. Opp. Br.") [ECF No. 147]). However, Plaintiff's brief does not analyze the factual scenario which is the basis of Defendant's motion in limine. Specifically, Defendants' motion seeks to preclude Plaintiff's claims for front pay and back pay due to the following facts: Plaintiff's job loss from Pacira occurred on March 14, 2018; in May 2018, Plaintiff obtained a subsequent job with Zipline Medical for approximately six months and voluntarily resigned; Plaintiff obtained another subsequent job with Livanova USA on July 18, 2018 earning a base salary of approximately $80,000 but voluntarily resigned as of August 27, 2018, without having other employment. Plaintiff was therefore *voluntarily unemployed* from September 2018 to May 2019 until she obtained comparable employment with Flexion

Therapeutics on May 13, 2019. She held that position until she was laid-off on January 18, 2022 and has been unemployed since. (See generally, Defendants' moving brief [ECF No. 134]).

First, although Plaintiff claims Defendants seek to "punish her" for resigning her employment with Livanova because it "did not work out to be as economically beneficial as Plaintiff was lead [sic] to believe it would be, Plaintiff's dramatized claim that Defendants seek to "punish" her misses the point – as a plaintiff in a lawsuit, Plaintiff has a duty to mitigate and the decision to resign a paying job to be voluntarily unemployed for nine months has legal consequences from a mitigation perspective. (See Pl. Opp. Br., p. 2 [ECF No. 147]). Having a job that was not "as economically beneficial as Plaintiff" believed is certainly more economically beneficial than being unemployed.

Second, Defendants maintain that Plaintiff obtaining a comparable job with Flexion cuts off her claim for damages as of May 13, 2019. Defendants cited legal authority for this. Weiss v. Parker Hannifan Corp., 747 F. Supp. 1118, 1132 (D.N.J. 1990) (holding that "once a plaintiff assumes a position which provides approximately the same remuneration and opportunity as the plaintiff's former position, he can no longer recover damages from the defendant" and denying front pay because the plaintiff obtained a position in the job market "roughly equal" to where he had been before). Plaintiff neither makes any argument in response nor cites any authority for her position.

Third, Defendants have established that Plaintiff has failed to meet her duty to mitigate. As an initial matter, Plaintiff failed to show her efforts to mitigate damages when she voluntarily resigned from Livanova, opting to be unemployed for nine months. Additionally, although Defendants maintain that Plaintiff's subsequent job loss from Flexion is irrelevant because the fact she obtained comparable employment ends the inquiry of whether she is entitled to front or back

pay, if this Court is to consider any alleged damages stemming from her layoff from Flexion, Plaintiff has failed to meet her duty to mitigate with this job as well. Specifically, Plaintiff's employment with Flexion ended in January 2022, and she learned she would be laid off in November 2021. Plaintiff has been unemployed since, and she has also failed to identify her efforts to mitigate or offer any evidence of her efforts to mitigate during this period of time, which is nearing two years now. Other than blanketly stating she applied for "more positions than she can quantify or fully recall," fielded 6-7 interviews per week, and identifying seven total employers that she contacted from March 14, 2018 to present (a period of over five years), Plaintiff has not provided any details of same by way of job applications, emails, or other records. Nor has Plaintiff indicated that she has ever lowered her sights as is required. This is plainly insufficient to show that she made diligent efforts to seek subsequent employment.

**B. Plaintiff's Alleged "Interference" Claims Against Pacira Should be Disregarded**

Throughout Plaintiff's brief, Plaintiff again seeks to distract the Court with the argument that Pacira "interfered" with Plaintiff's mitigation efforts because it acquired Plaintiff's subsequent employer, Flexion. While Plaintiff has argued Defendants "fail[ed] to mention" that Pacira acquired Flexion with some elusive purpose in its briefing, such claim is misleading. (See Pl. Opp. Br."), p. 3, 5 [ECF No. 147]). Defendants intentionally do not reference the Pacira acquisition because in another motion in limine [ECF No. 135], Defendants request that Plaintiff not be permitted to disclose the Pacira acquisition to the jury on the basis of prejudice and relevancy. Such allegations are irrelevant because Judge Espinosa denied Plaintiff's motion for leave to amend the Complaint to include a theory of "continuing retaliation" against Pacira due to Plaintiff's layoff from Flexion after Pacira acquired Flexion. In a misleading attempt to re-assert this claim after Judge Espinosa denied it, Plaintiff now argues Pacira "interfered" with her

employment with Flexion. This is simply a game of semantics as "interference" is essentially akin to claiming "retaliation." Moreover, being permitted to introduce evidence about her subsequent job loss from Flexion as a "damages" argument is also a back door attempt to pursue this claim which the Court previously barred from Plaintiff from asserting. Plaintiff should not be permitted to disregard a prior Court order denying her ability to assert a retaliation claim by recasting it as "interference" and or as a "damages" argument.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court should preclude or limit Plaintiff from recovering any back pay or front pay award. Defendants also request that this Court should preclude Plaintiff from introducing evidence regarding Pacira's acquisition of Flexion to the jury.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ James J. Panzini*
James J. Panzini

C: All Counsel of Record (*via ECF*)

4865-9697-3417, v. 3