JacksonLewis

Jackson Lewis P.C.
766 Shrewsbury Avenue
Tinton Falls NJ 07724
(732) 532-6148 Main
(732) 842-0301 Fax
jacksonlewis.com
James J. Panzini – Resident Managing Principal

**JAMES J. PANZINI**
Direct Dial: 732-945-6025
Email: James.Panzini@jacksonlewis.com

June 16, 2023

**VIA ECF**
The Honorable Madeline Cox Arleo, U.S.D.J.
Martin Luther King, Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: *Reshma Abell v. Pacira Pharmaceuticals, Inc., et al.*
Docket No.: 18-cv-16509 (MCA)(AME)

Dear Judge Arleo:

Please accept this letter brief as the remaining Defendants Pacira Pharmaceuticals, Inc. ("Pacira") and Rich Kahr (collectively as, "Defendants") reply brief in further support of their motion in limine to preclude or limit Plaintiff Reshma Abell ("Plaintiff") from introducing evidence regarding any dismissed or unasserted claims.

## PRELIMINARY STATEMENT

There can be no dispute that Plaintiff's sex/gender discrimination and sexual harassment claims were dismissed summarily, and Plaintiff never asserted any "continuing retaliation," age, race, national origin, or religious discrimination claims against Pacira. With respect to the

"continuing retaliation[1]" theory specifically, Plaintiff requested leave to amend her complaint to include this claim, which Judge Espinosa denied.

Plaintiff's opposition makes three primary arguments: one, that she should permitted to introduce evidence regarding "Pacira's toxic workplace culture" and "Kahr having a history of discrimination against women and especially against women above a certain age;" two, that even though Judge Espinosa denied Plaintiff leave to amend to include a "continuing retaliation" count, she should be permitted to introduce evidence concerning her damages stemming from the alleged continued retaliation, and; three, that the Kama Sutra images are not "offensive" because they are derived from a religious and spiritual Indian text.

As to the first point, there has been no evidence suggesting a "toxic" environment or Kahr having any such "history of discrimination." The Court summarily dismissed Plaintiff's gender/sex discrimination claims on summary judgment as there is no such evidence, and Plaintiff has never asserted an age claim. Second, it does reasonably follow that Plaintiff being barred from asserting a continuing retaliation theory in this lawsuit also bars Plaintiff from alleging any damages sustained from such claimed retaliation. To circumvent Judge Espinosa's order by recasting her "continuing retaliation" claim as "interference" or a damages argument is disingenuous. There is a Court order limiting Plaintiff from asserting such claim, and she should likewise be barred from introducing any evidence as to such claim. Third, and as Defendants have reiterated in other motions currently pending before this Court, the fact that the Kama Sutra may have cultural or religious significance to Plaintiff is immaterial because viewing and displaying sexual graphics which makes others uncomfortable does not make it acceptable for the workplace,

[1] This claim is based on the inaccurate premise that Pacira subjected Plaintiff to additional retaliation when it acquired Plaintiff's subsequent employer, Flexion Therapeutics, Inc., and Flexion laid off Plaintiff, along with 90% of Flexion's sales team.

nor does Plaintiff assert any race, national origin, or religious discrimination claim. The only "evidence" Plaintiff has as to support any claims of a "toxic culture," "history of discrimination," continuing retaliation theory, and cultural/religious significance of the Kama Sutra to herself specifically are self-serving and irrelevant to the sole-remaining retaliation claim before the Court. Any introduction of same will serve to mislead or confuse the jury or waste time and should be barred pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.

For the reasons set forth herein, Defendants respectfully request that their motion in limine be granted.

## LEGAL ARGUMENT

### A. Plaintiff Should Be Barred from Introducing New Evidence At Trial Which Relates to Dismissed Claims

As noted above, Plaintiff seeks to introduce evidence regarding "Pacira's toxic workplace culture" and "Kahr having a history of discrimination against women and especially against women above a certain age." (See Plaintiff's opposition brief, p. 4 ("Pl. Opp. Br.") [ECF No. 148]).

First, such allegations relate to Plaintiff's prior sex/gender discrimination and sexual harassment claims. While Plaintiff may argue Defendants are "incorrect" in stating that Court's decision on "summary judgment which narrowed the claims permitted at trial should also serve to narrow the evidence that the Plaintiff can submit," Plaintiff cites no authority for this position. (See Pl. Opp. Br., p. 4 [ECF No. 148]). To the contrary, it is well-settled that Plaintiff should be barred from introducing allegations pertaining to dismissed claims that are not currently before the Court. Ramirez v. UPS, 2010 U.S. Dist. LEXIS 48351, at *4 (D.N.J. May 17, 2010); Wallace v. UPS, 2007 U.S. App LEXIS 24155, at **5-6 (3d Cir. Oct. 15, 2007); Hannah v. Wal-Mart Stores, Inc., 2017 U.S. Dist. LEXIS 23681, at *5-6 (D. Conn. Feb. 21, 2017); Doe v. University of Connecticut, 2013 U.S. Dist. LEXIS 119251, at *64 n.33 (D. Conn. Aug. 22, 2013); Redd v. New

York State Division of Parole, 2013 U.S. Dist. LEXIS 34361, at *34 (E.D.N.Y. Jan. 24, 2013); Greenfield v. Sears, Roebuck & Co., 2006 U.S. Dist. LEXIS 74299, at *14 (E.D. Mich. Oct. 12, 2006)[2]. The very purpose of summary judgment is to narrow the issues to be tried. To permit Plaintiff to introduce evidence relating to dismissed claims is irrelevant and will serve to unnecessary lengthen the trial, while confusing or misleading the jury.

Further, Plaintiff's position on the introduction of such information is contradictory as she further argues that Plaintiff should be permitted to "speak to specific work place occurrences and instances which occurred prior to the TopGolf occurrence." (See Pl. Opp. Br., p. 4 [ECF No. 148]). However, in prior motions, Plaintiff sought to bar Defendants from introducing evidence which predated the TopGolf incident. (See ECF No. 125). Yet in the instant motion, Plaintiff argues that the incidents prior to the TopGolf occurrence, when they suit her narrative, are relevant. Defendants have at all times maintained that if Plaintiff is permitted to broaden the scope of evidence to incidents which predate the TopGolf occurrence, then Defendants should likewise be permitted to introduce evidence from that time period. (See ECF No. 128). Plaintiff, on the other hand, seeks to introduce this evidence only when the evidence is suitable to helping her paint an image of a "history" of a toxic workplace culture with a broad stroke. She cannot have it both ways.

Additionally, there is no such evidence produced in the discovery record regarding any such history within Pacira or by Kahr. Plaintiff seeks to assert this evidence for the first time at trial through witnesses that were not deposed. Such argument is also ironic as Plaintiff continually claims in motion practice that it is Defendants' strategy to "tarnish" Plaintiff's reputation and

---

[2] True and correct copies of the unpublished cases cited herein are attached to the Declaration of James J. Panzini filed with the moving brief [ECF No. 135-2].

character while simultaneously attempting to gather evidence now at the brink of trial to support a theory that "Kahr has a history of discriminating against women of a certain age." (See Pl. Opp. Br., p. 4 [ECF No. 148]). Whether the evidence Plaintiff seeks to introduce are related to dismissed claims or not, it is impermissible for Plaintiff to use the trial to create a record of a "history" of discrimination by Pacira or Kahr, when no such evidence exists in the record, and the issue to be tried involves retaliation. Plaintiff had ample opportunity during discovery to develop such claim if it existed but did not do so. To attempt to do so during trial is patently improper.

### B. Plaintiff Should Be Barred from Introducing Evidence for the First Time At Trial Which Relate to Claims that the Magistrate Judge Barred Plaintiff from Asserting

Plaintiff argues that "Defendants seek to misappropriate an earlier ruling in this case regarding Plaintiff's efforts to amend its Complaint to argue that Judge Espinosa's ruling to deny Plaintiff' motion for leave to amend on timeliness grounds serves to preclude the Plaintiff's evidence," but an earlier ruling cannot preclude "Plaintiff from offering evidence establishing her damages." (See Pl. Opp. Br., p. 5 [ECF No. 148]). Moreover, Plaintiff claims that any confusion to the jury regarding Pacira's impact on Plaintiff's loss could be cured by a lesser remedy than preclusion, such as through the verdict form. (Id.).

The possible "remedy" to cure confusion to the jury misses the point. Defendants do not seek to "misappropriate" any earlier ruling. The point is, however, that Judge Espinosa issued an order prohibiting Plaintiff from asserting a continuing retaliation claim against Pacira. Whether the decision was on timeliness grounds or not does not change the decision issued by the Court. It naturally follows that if a claim is not before the Court, then Plaintiff should not be permitted to introduce evidence for any alleged "facts" supporting such claim (such as any allegations involving Flexion's acquisition, severance offer issues, etc.), or any damages stemming from such claim. It

is Plaintiff who seeks to circumvent this decision by recasting the barred "retaliation" claim against Pacira as "interference" by Pacira, or as a damages issue.

While Defendants also maintain that the damages issue is a moot point because Plaintiff obtaining employment with Flexion [See ECF No. 134], a comparable role to the one she held at Pacira, cuts off her claim for front pay or back pay, if the Court is to rule otherwise on this issue, then Plaintiff should be barred from introducing any evidence about Pacira's acquisition of Flexion and any alleged damages stemming from same because this claim was never asserted in this litigation, there is a Court order prohibiting Plaintiff from asserting this claim, and Plaintiff should be precluded from offering evidence in support of a non-existent claim. There can be no relevance to information being used to support a non-existent claim, and any introduction of same would unnecessarily lengthen the trial or mislead or confuse the jury. Even if a verdict sheet could "cure" any possible confusion, the evidence is not admissible from the onset.

### C. Plaintiff Should Be Barred from Introducing Evidence that the Kama Sutra Is Not Offensive to Her Because it is a Religious Text

Plaintiff argues that she seeks to introduce evidence that the Kama Sutra is "a religious and spiritual text" to explain why it was not "offensive" to her. (See Pl. Opp. Br., p. 6 [ECF No. 148]). While Plaintiff argues Defendants' motion to preclude this testimony is part of a tactic to "defame and tarnish" Plaintiff, it is not so, and such dramaticized claim yet again misses the point. (Id.). The point is and has been that Plaintiff attempts to minimize her conduct of displaying sexual graphics from the Kama Sutra at a work event by arguing that the Kama Sutra was not offensive to her and/or has religious or cultural significance to her. Plaintiff's opinion about the appropriateness of the images, or any personal religious or cultural significance of the images to her does not render the images as appropriate for the workplace, especially when employees reported being offended by her conduct. Even if Plaintiff could argue that it is tangentially relevant

because she claims to have advised Kahr of the cultural significance of the Kama Sutra, Kahr likewise testified that the cultural component did not play a role in his decision because it would not have excused her conduct in the face of employee reports of being offended by it. Therefore, the cultural/religious component was not a part of the decision-making process. Moreover, and as stated previously, Plaintiff has never asserted a race, national origin, or religious discrimination claim for such arguments to be relevant. Any introduction of such evidence would only serve to mislead or confuse the jury and waste time, without adding any probative value to the remaining claim at trial.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court preclude Plaintiff from making reference to testimony or documents relating to Plaintiff's dismissed or unasserted claims, including but not limited to her dismissed sex/gender discrimination, sexual harassment claims, and the unasserted claims relating to the "continuing retaliation" theory, references to Pacira acquiring her subsequent employer which relates to the "continuing retaliation theory," and any allegations supporting any religious, national origin, and/or race claims.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ James J. Panzini*
James J. Panzini

C: All Counsel of Record (*via ECF*)

4872-7054-3210, v. 2