JacksonLewis

**Jackson Lewis P.C.**
766 Shrewsbury Avenue
Tinton Falls NJ 07724
(732) 532-6148 Main
(732) 842-0301 Fax
jacksonlewis.com
James J. Panzini – Resident Managing Principal

**JAMES J. PANZINI**
Direct Dial: 732-945-6025
Email: James.Panzini@jacksonlewis.com

June 16, 2023

**VIA ECF**
The Honorable Madeline Cox Arleo, U.S.D.J.
Martin Luther King, Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: *Reshma Abell v. Pacira Pharmaceuticals, Inc., et al.*
Docket No.: 18-cv-16509 (MCA)(AME)

Dear Judge Arleo:

Please accept this letter brief as the remaining Defendants Pacira Pharmaceuticals, Inc. and Rich Kahr (collectively as, "Defendants") reply brief in further support of their motion in limine to preclude or limit Plaintiff Reshma Abell ("Plaintiff") from introducing evidence regarding alleged discrimination and/or retaliation against other Pacira employees, such as Ms. Hyman and Ms. Schaffer, pursuant to Rules 401-404 and 801 of the Federal Rules of Evidence.

## PRELIMINARY STATEMENT

Plaintiff's opposition highlights precisely why the introduction of Ms. Hyman and Ms. Schaffer should be precluded. Indeed, Plaintiff explained she seeks to introduce Ms. Hyman and Ms. Schaffer to testify about Pacira's alleged "prior bad acts" as they have "personal knowledge of occurrences of discrimination" and could testify as to "Defendants' propensity to a) discriminate and b) develop pretextual reasons for terminations." (See, Plaintiff's opposition brief, p. 3 ("Pl. Opp. Br.") [ECF No. 149]). These are the exact reasons the Federal Rules of Evidence prohibits,

as "evidence of a person's character or character trait" or "evidence of any other crime, wrong, or act" is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Federal Rules of Evidence, 404(a)(1); 404(b)(1).

Moreover, neither Ms. Hyman nor Ms. Schaffer have similar circumstances as to the reasons for Plaintiff's separation (and these reasons were never produced in discovery because although Plaintiff may have identified Ms. Hyman and Ms. Schaffer generally in the litigation, they were never the subject of any discovery or identification as "comparators").

Further, to the extent Ms. Hyman and Ms. Schaffer are permitted to testify about their experiences of "discrimination," it is hearsay, and Plaintiff did not address that either witness claimed to be subjected to "retaliation." To that end, Plaintiff testified she did not know if Ms. Schaffer ever made a complaint to Human Resources, and Ms. Hyman voluntarily resigned.

Plaintiff's claims of discrimination have been dismissed summarily. The introduction of one or both of these witnesses will create a "trial within a trial," and Defendants will require additional witnesses to rebut any such introduced claims which will serve to unnecessary lengthen the trial and create confusion to the jury.

While Plaintiff claims there would be prejudice to Plaintiff in being barred from introducing evidence regarding alleged discrimination and/or retaliation against other Pacira employees, such as Ms. Hyman and Ms. Schaffer, it is because Plaintiff lacks any evidence to support her sole-remaining retaliation claim and requires "me too" testimony by former employees who have no relationship to her claim in an effort to bolster her case. Such attempts should be barred as the evidence sought by Plaintiff is improper character evidence which has no relationship to Plaintiff's sole-remaining retaliation claim, is considered hearsay, is irrelevant, unfairly prejudicial to Defendants, not probative, and would mislead or confuse the jury and waste time.

For the reasons set forth herein, Defendants respectfully request that their motion in limine be granted.

## LEGAL ARGUMENT

### A. The Testimony Sought from Ms. Hyman and Ms. Schaffer Constitutes Improper Character Evidence

As noted above, Plaintiff seeks to introduce other evidence concerning other instances of discrimination as personally experienced and/or witnessed by Ms. Hyman and Ms. Schaffer in order to prove "Defendants' propensity to a) discriminate and b) develop pretextual reasons for terminations." (See, Pl. Opp. Br., p. 3 [ECF No. 145]).

The Federal Rules of evidence exclude evidence of other acts for the purpose of proving a person (or entity) acted similarly on other occasions. See Fed. R. Evid. 404(a)(1); 404(b)(1). Moreover, as addressed in Defendants' moving papers, courts have properly excluded evidence where allegations of discrimination by individuals other than the plaintiff have been offered at trial to prove the plaintiff's claims. See Defendants' moving brief [ECF 136-1] citing, Stair v. Lehigh Valley Carpenters Local Union No. 600, 813 F. Supp. 1116, 1119 (E.D. Pa. 1993); Heno v. Sprint/United Mgmt. Co., 208 F.3d 847, 856 (10th Cir. 2000); Coletti v. Cudd Pressure Control, 165 F.3d 767, 776 (10th Cir. 1999); Garraghty v. Jordan, 630 F.2d 1295, 1298 (4th Cir. 1987); Curtis v. Oklahoma City Pub. Schs. Bd. Of Educ., 147 F. 3d 1200, 1217-18 (10th Cir. 1998).

The only case cited by Plaintiff in support of her claim that the testimony of Ms. Hyman and Ms. Schaffer is admissible is Rendine v. Pantzer which involved an entirely different issue altogether. 141 N.J. 292, 309 (1995). Specifically, Rendine addresses whether *two plaintiffs' claims in the same suit should be severed and tried separately,* not whether a plaintiff is permitted to introduce witnesses that have no personal knowledge of the reasons for her separation in a

retaliation case to testify about *their* experiences with alleged discrimination at Pacira. Therefore, this case is completely inapposite to the present matter.

Indeed, the sole reasons Plaintiff seeks to introduce Ms. Hyman and Ms. Schaffer are barred by Federal Rules of Evidence 404. The Court should preclude their introduction for this reason alone.

**B. Plaintiff Has Not Justified What Relevancy or Probative Value Ms. Hyman and Ms. Schaffer Have to Plaintiff's Sole-Remaining Retaliation Claim**

Notwithstanding the above argument, Plaintiff also failed to adequately describe what relationship, if any, Ms. Hyman or Ms. Schaffer may have to the sole-remaining retaliation claim.

As a threshold matter, evidence must be relevant to be admissible. See Fed. R. Evid. 401, 402. Rule 401 of the Federal Rules of Evidence provides that relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 403 provides that even otherwise relevant evidence may be excluded if:

> its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
>
> Fed. R. Evid. 403.

Moreover, it is well-settled that testimony from coworkers or non-decisionmakers regarding Plaintiff's separation are irrelevant as it does not have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401; see, e.g., Hamza v. Saks Fifth Ave., Inc., 2011 LEXIS 139132, at *9 (S.D.N.Y. Dec. 5, 2011) (excluding as irrelevant testimony by coworker not employed at time of alleged discrimination); Patterson v. McCarron, 130 F. App'x 490, 491 (2d

Cir. 2004) (affirming district court's holding "declining to permit [plaintiff]'s co-worker from testifying about the circumstances surrounding her discharge because such testimony was not relevant to the circumstances surrounding [plaintiff]'s discharge"); Schaffner v. Glencoe Park Dist., 256 F.3d 616, 622 (7th Cir. 2001) ("It is the perception of the decision maker which is relevant.") (quoting Dale v. Chicago Tribune Co., 797 F.2d 458, 464-65 (7th Cir. 1986)); Hollimon v. Potter, 2009 U.S. Dist. LEXIS 57430, at *23-*24 (S.D. Miss. July 7, 2009) (disregarding plaintiff's former co-worker's opinion that plaintiff was terminated in retaliation for his prior EEO activity, as former co-worker was not involved in decision to terminate plaintiff); Lind v. UNC, Inc., 36 F. Supp. 2d 350, 358-59 (N.D. Tex. 1999); Bowman v. American Drug Stores, 2001 U.S. Dist. LEXIS 14046, at *7 (N.D. Ill. Sept. 7, 2001) ("[S]tatements by a non-decision maker that amount to mere speculation as to the thoughts of the decision-maker are irrelevant"); disregarding opinion testimony from plaintiff's co-workers, who were not involved in termination decision and did not have any personal knowledge of reasons underlying termination decision); Butler v. Ill. DOT, 667 F. Supp. 2d 825, 832-33 (N.D. Ill. 2009) (granting summary judgment in favor of employer because non-decision maker's statements regarding alleged reason for plaintiff's termination were based on speculation, intuition, or rumor)[1].

As to Ms. Hyman, Plaintiff explained Ms. Hyman worked in Human Resources under Kahr and could speak to Mr. Kahr's practices and competency as an HR professional. Significantly, Plaintiff states Ms. Hyman could testify as to Mr. Kahr's "past dealings within the HR department," not any allegations relating to Plaintiff's separation. (See, Pl. Opp. Br., p. 4 [ECF No. 145]). Nor would Ms. Hyman have any such knowledge about Plaintiff's separation because

[1] True and correct copies of the unpublished cases cited herein are attached as Exhibits 1-3, respectively, to the accompanying Declaration of James J. Panzini.

she resigned before Plaintiff's separation. What information, opinions, or personal views Kahr's former direct report may have about prior Human Resources issues or Kahr generally has nothing to do with Plaintiff's retaliation claim and is therefore irrelevant and would undoubtedly confuse a jury.

As to Ms. Schaffer, Plaintiff generally stated Ms. Schaffer was the subject of "the same discriminatory and retaliatory treatment endured by Plaintiff" but provides no detail whatsoever as to how so or what involvement Kahr had in her separation, if any. (See, Pl. Opp. Br., p. 3 [ECF No. 145]). At the time of Plaintiff's deposition, Plaintiff testified she did not know if Ms. Schaffer ever made a complaint. Moreover, during an earlier discovery dispute in this matter regarding "comparator" evidence, Plaintiff did not seek information concerning Ms. Schaffer. The introduction of Ms. Schaffer as a witness is speculative, at best.

The exclusion of irrelevant evidence prior to trial comports with the purpose and construction of the Federal Rules of Evidence, which is "to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." Fed. R. Evid. 102; see also Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1988).

Here, there could be no tendency to prove any consequential fact in this case with the introduction of Ms. Hyman or Ms. Schaffer, and such speculative, general testimony should not be permitted. Any such introduction does not have any nexus to the separation decision made by Kahr, would create a trial within a trial, create confusion or mislead the jury, and waste time as Defendants would also require rebuttal witnesses if Ms. Hyman and Ms. Schaffer are permitted which would unnecessarily lengthen the trial. While Plaintiff may be disappointed that her discrimination claims were summarily dismissed in this matter, seeking the testimony of irrelevant,

"me-too" witnesses with no relationship to her termination in an effort to bolster her remaining claim by misleading or confusing the jury would cause significant prejudice to Defendants and should not be permitted. Plaintiff has simply failed to explain why such evidence should be admissible, or what relevance Ms. Hyman or Ms. Schaffer have to Plaintiff's sole-remaining retaliation claim. Therefore, Defendants respectfully request that Plaintiff's motion in limine be granted.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court should preclude testimony regarding alleged discrimination and/or retaliation against other Pacira employees and/or testimony regarding any personal opinions as to Mr. Kahr's competencies as a Human Resources professional, including but not limited to the testimony of Ms. Schaffer and Ms. Hyman.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ James J. Panzini*
James J. Panzini

C: All Counsel of Record (*via ECF*)

4883-7630-5514, v. 3